# Exhibit 407



2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Main: 816.292.2000

Lathrop GPM LLP
lathropgpm.com

**Bernard J. Rhodes**
Partner
bernie.rhodes@lathropgpm.com
816.460.5508

May 23, 2021

**Via E-mail: SShackelford@susmangodfrey.com**

Stephen Shackelford, Jr.
Susman Godfrey L.L.P.
1301 Avenue of the Americas - 32nd Floor
New York, NY  10019-6023

RE:   Dominion's role in the 2020 Presidential Election

Dear Mr. Shackelford:

I am responding to your May 12, 2021 letter to Eric Early; in the future, please direct all communications concerning OAN's news coverage of Dominion's role in the 2020 Presidential Election to me, and not Mr. Early.

### The ball is still in your court

I will begin with where you left off in your letter to Mr. Early: "The ball is in your court." I respectfully disagree, for I do not believe you have yet to get the ball over the net.

The central thesis of your letter is that OAN engaged in reporting which you describe as "shameful, utterly self-serving, and unethical." While I disagree with your characterization of OAN's reporting, that disagreement is irrelevant in the face of one simple point of law: The First Amendment protects offensive and "shameful" journalism.

As Chief Justice Rehnquist explained in the *Hustler* case, the more offensive speech is, the more it should be protected.

> "[T]he fact that society may find speech offensive is not a sufficient reason for suppressing it. Indeed, if it is the speaker's opinion that gives offense, that consequence is a reason for according it constitutional protection. For it is a central tenet of the First Amendment that the government must remain neutral in the marketplace of ideas."

*Hustler Mag., Inc. v. Falwell*, 485 U.S. 46, 55–56 (1988) (quoting *FCC v. Pacifica Foundation*, 438 U.S. 726, 745-46 (1978)).

Your "shameful reporting" argument, therefore, does not get the ball over the First Amendment's net.

### The marketplace of ideas

Chief Justice Rehnquist's reference in the *Hustler* case to the "marketplace of ideas" is particularly apt regarding a discussion of the 2020 Presidential election. Just as capitalism flourishes in

Stephen Shackelford, Jr.
May 23, 2021
Page 2

a competitive marketplace in which the best products and services can thrive, truth flourishes in a similar marketplace of ideas. "It is the purpose of the First Amendment to preserve an uninhibited marketplace of ideas in which truth will ultimately prevail …." *Red Lion Broad. Co. v. F.C.C.*, 395 U.S. 367, 390 (1969).

In accord with that bedrock principle of First Amendment law, OAN previously invited Dominion to participate in a nationally-televised forum to present its side of all issues relating to its involvement in the 2020 Presidential election. OAN even offered Dominion certain editorial control before the forum aired. It is my understanding that Dominion rejected that offer.

As a long-time First Amendment lawyer, I am a firm believer in the marketplace of ideas. Accordingly, I do not want to give up on the forum and am prepared to sweeten OAN's offer: OAN will agree to co-host the forum with another media platform of Dominion's choosing, whether it be CNN, MSNBC, etc.

## Mike Lindell

You spend most of your letter discussing OAN's airing of Mike Lindell's paid programming. What you don't include, however, is the prominent disclaimer at the beginning of these specials:

> **DISCLAIMER**
> Michael James Lindell has purchased the airtime for the broadcast of this program on One America News ("OAN") network.
> Mr. Lindell is the sole author and executive producer of this program and is solely and exclusively responsible for its content.
> The topic of this broadcast is the 2020 election. OAN has undertaken its own reporting on this topic.
> This program is not the product of OAN's reporting.
> The views, opinions and claims expressed in this program by Mr. Lindell and other guests. presenters. producers or advertisers are theirs, and theirs alone and are not adopted or endorsed by OAN or its owners.
> In particular, OAN does not adopt or endorse any statements or opinions in this program regarding the following entities or people:
> US Dominion Inc. (and any related entities); Smartmatic USA Corp.; Brian Kemp; Brad Raffensperger; or Gabriel Sterling.
> Further, the statements and claims expressed in this program are presented at this time as opinions only and are not intended to be taken or interpreted by the viewer as established facts.
> The results in the 2020 Presidential election remain disputed and questioned by millions of Americans who are entitled to hear from all sides in order to help determine what may have happened.

When read in this context, OAN's decision to air Mr. Lindell's paid programming is a legitimate aspect of OAN's commitment to nourishing the marketplace of ideas. And it can never be more important to allow that marketplace to proceed uninhibited than when discussions center on the 2020 Presidential election.

As the Supreme Court has repeatedly held, "speech concerning public affairs is more than self-expression; it is the essence of self-government." *Garrison v. State of La.*, 379 U.S. 64, 74–75 (1964). Speech concerning political affairs "occupies the 'highest rung of the hierarchy of First Amendment values,' and is entitled to special protection." *Connick v. Myers*, 461 U.S. 138, 145 (1983) (quoting *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 913 (1982)).

Stephen Shackelford, Jr.
May 23, 2021
Page 3

And the Supreme Court has reminded us that while debate on such topics can be "vehement, caustic, and sometimes [include] unpleasantly sharp attacks," what you call "shameful" speech is nevertheless protected because of our "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)).

As such, OAN is fully protected under the First Amendment to broadcast Mr. Lindell's opinions, just as OAN (and the media outlet of your choice) will be protected under the First Amendment to broadcast Dominion's rebuttal of Mr. Lindell's opinions in the upcoming forum.

On the few occasions in which you do discuss Mr. Lindell's appearances on OAN's own programming, the context of many of Mr. Lindell's statements appears to have been disregarded. For example, while Mr. Lindell did express his opinion that the 2020 Presidential election was a "crime against humanity," he does not mention Dominion in that statement.

And while on that topic, it should not be forgotten that such rhetorical hyperbole—in which Mr. Lindell is wont to engage—is constitutionally protected. My favorite case in that regard is a Colorado case in which the court held that the defendant was constitutionally entitled to refer to the plaintiff as having "slimed up from the bayou." *Henderson v. Times Mirror Co.*, 669 F. Supp. 356, 358 (D. Colo. 1987), *aff'd*, 876 F.2d 108 (10th Cir. 1989).

I like that case so much not because of the figurative language, but because of the depth of analysis the court engaged in before finding in favor of the defendant, going so far as to quote Thomas Jefferson:

> "The basis of our government being the opinion of the people, the very first object should be to keep that right; and were it left to me to decide whether we should have a government without newspapers, or newspapers without a government, I should not hesitate a moment to prefer the latter." Letter to Colonel Edward Carrington (January 16, 1787).

*Id.*

### Lack of actual malice

Opinions, of course, cannot be false—because they are one's opinions. Thus, there is no "right" answer to the question of whether Michael Jordan or Lebron James is the GOAT. If, however, someone was to say that Michael B. Jordan (the actor) is the GOAT over James, that is false.

But even false speech is protected by the First Amendment. As the Supreme Court held in the seminal case of *New York Times v. Sullivan*, "erroneous statement is inevitable in free debate, and … it must be protected if the freedoms of expression are to have the 'breathing space' that they 'need … to survive.'" 376 U.S. at 271–72 (quoting *NAACP v. Button*, 371 U.S. 415, 433 (1963). Thus, the Court held in *Sullivan* that even false statements on matters of public interest are protected by the First Amendment unless the speaker acted with actual malice, *i.e.*, either knew the information was false or acted with reckless disregard for whether it was true or false.

The Supreme Court has repeatedly held that actual malice is a subjective standard that requires a plaintiff to prove—by clear and convincing evidence—that the speaker in fact had serious doubts about the truth of the statements he or she made.

Stephen Shackelford, Jr.
May 23, 2021
Page 4

> These cases are clear that reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.

*St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

In your letter, you fail to identify any facts that OAN was aware of which would have put OAN on notice of the falsity of these underlying facts. Instead, you merely insist to Mr. Early that "OAN, its on-air talent, its executives, its ownership, and even you (their lawyer) know that these are lies."

The only basis you assert for this claim is "Dominion's multiple letters" to OAN. But a news organization's continued reporting in the face of such chest-thumping denials does not constitute actual malice.

> Of course, the press need not accept "denials, however vehement; such denials are so commonplace in the world of polemical charge and countercharge that, in themselves, they hardly alert the conscientious reporter to the likelihood of error."

*Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 n.37 (1989) (quoting *Edwards v. Nat'l Audubon Soc., Inc.*, 556 F.2d 113, 121 (2d Cir. 1977)).

## Your misplaced comment

Finally, I would be remiss if I did not address your statement that "lives have even been lost[] as a result of these lies that OAN continues to endorse and propagate *to this day*." You never explain what lives you are referring to, but I assume you are referring to the lives lost as a result of the activities at the U.S. Capitol on January 6.

But you say elsewhere in your letter that "OAN has willingly and knowingly provided Lindell with its platform to falsely defame Dominion almost a dozen times **since the end of January**."

It is, of course, impossible for statements made "since the end of January" to have caused anyone to die as result of what occurred at the Capitol on January 6.

## Conclusion

As I said earlier, I do not want to give up on the forum. I think I have been creative in my new proposal, and I encourage you to do the same.

As you say, the ball is now in your court.

Stephen Shackelford, Jr.
May 23, 2021
Page 5

Best regards,

Lathrop GPM LLP

Bernard J. Rhodes
Partner

46923258v.1