IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*, <br><br>   Plaintiffs <br><br> v. <br><br>HERRING NETWORKS, INC., *et al.*, <br><br>   Defendants | No. 1:21-cv-02130-CJN <br><br><br> Judge Carl J. Nichols |

**SUPPLEMENTAL BRIEF ADDRESSING IMPACT
OF *COOMER* ANTI-SLAPP DECISION ON PENDING MOTION
TO DISMISS, STAY, OR TRANSFER**

The Colorado court's anti-SLAPP decision strongly supports dismissal, stay, or transfer. The Colorado court held that Dominion and former Dominion Director of Product Development and Security Eric Coomer are essentially the same for purposes of defamation, reasoning that "Coomer is the face of the Dominion conspiracy theory" (Order, ¶ 24) and that there is "*prima facie* evidence that OAN-Rion inextricably linked Coomer to Dominion such that no discernable distinction between references to Coomer and Dominion existed in their statements." (*Id.*, ¶ 190). Under this logic (with which Defendants disagree), Dr. Coomer and Dominion are in privity with each other for purposes of *res judicata* and collateral estoppel, and decisions on issues of law and fact would be preclusive. And even if the decisions ultimately are not preclusive, they will be chaotically conflicting if the *Coomer* case and this case are allowed to proceed simultaneously in Colorado and the District of Columbia. The Colorado order therefore supports abstention as well as transfer under Section 1404(a), and this Court should dismiss, stay, or transfer to allow the *Coomer* case to proceed through anti-SLAPP appeal and perhaps beyond without the risk of conflicting decisions of law and fact by this Court. A copy of the notice of appeal filed Monday in the Colorado case is attached as **Exhibit A**.

I. **Under the Colorado court's reasoning, Dr. Coomer and Dominion are in privity with each other for purposes of *res judicata* and collateral estoppel.**

During the hearing on April 20, 2022, this Court asked for Defendants' best argument that Dominion might be bound by decisions in the *Coomer* case. *See* Tr. 68:17-19. The Colorado order provides the answer: Dr. Coomer and Dominion have been construed as one and the same, and under that reasoning (if accepted), they are in privity for *res judicata* and collateral estoppel purposes. "A privy is one so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case." *Smith v. Jenkins*, 562 A.2d 610, 615 (D.C. Ct. App. 1989); *see also Hartsel Springs Ranch of Colo., Inc. v.*

*Bluegreen*, 296 F.3d 982, 987 (10th Cir. 2002) ("'Privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.").[1] The Colorado court's finding that Dr. Coomer and Dominion are "inextricably linked" indicates that Dr. Coomer represents Dominion's interests — indeed, when the *Coomer* case was filed, Dr. Coomer was still employed by Dominion as its director of product development and security.

Given the privity between Dr. Coomer and Dominion (as reflected in the Colorado order (with which Defendants disagree)), *res judicata* and/or collateral estoppel would apply if the Colorado anti-SLAPP order (or any subsequent decisions by the Colorado court) withstood appeal. *See Lindsey v. D.C.,* 609 F. Supp. 2d 71, 77 (D.D.C. 2009) ("Under *res judicata*, a final judgment on the merits of an action precludes the parties **or their privies** from relitigating issues that were or could have been raised in that action.") (emphasis added); *Modiri v. 1342 Restaurant Group, Inc.*, 904 A.2d 391, 399 (D.C. Ct. App. 2006) (applying collateral estoppel where privity was found); *see also Cruz v. Benine*, 984 P.2d 1173, 1178 (Colo. 1999) (barring claims pursuant to claim preclusion where privity was found); *Nat. Energy Res. Co. v. Upper Gunnison River Water Conservancy Dist.*, 142 P.3d 1265, 1282 (Colo. 2006) (barring issues under collateral estoppel where privity was found). Accordingly, the Court should dismiss, stay, or transfer to allow the *Coomer* case to proceed without the risk of conflicting findings of fact and law in this case.

**II.     The Colorado order strongly supports abstention.**

The Colorado order further demonstrates that this case is substantially similar to the

---

[1] There is some debate as to whether collateral estoppel and *res judicata* are substantive or procedural, thus which jurisdiction's law should apply is unclear. *See King v. Barbour*, 2019 WL 3945281, n. 4 (D.D.C. Aug. 21, 2019); *Bryson v. Gere*, 268 F. Supp. 2d 46, n. 5 (D.D.C. 2003). Regardless of whether the Court applies Colorado or D.C. law, the outcome should be the same and Defendants cite both in this brief.

*Coomer* case for purposes of abstention. The Colorado court has now held that Dr. Coomer and Dominion are not "different parties" (as Dominion contended in response to Defendants' motion), and the Colorado court is requiring OAN and Rion to defend claims related to the statements at issue in this case. Any argument that the claims brought by Dominion and Dr. Coomer are materially distinguishable is belied by the fact that Dominion has filed notices of the Colorado order in other cases. *See US Dominion, Inc., et al. v. Newsmax Media, Inc.*, Case No. N21C-08-063 EMD (Delaware Superior Court) (Transaction ID 67632549) (arguing that the court should consider the Colorado court's rulings); *US Dominion, Inc., et al. v. Fox Corporation*, Case No. N21C-11-082 EMD (Delaware Superior Court) (Transaction ID 67632528) (same). It's ironic that Dominion argues that Dr. Coomer and Dominion are "different parties" while also encouraging courts to apply the same reasoning to Dominion as the Colorado court applied to Dr. Coomer. Dominion knows Dr. Coomer and Dominion are substantially similar parties bringing substantially similar (if not identical) claims. Accordingly, the claims should be heard in the same jurisdiction.

In fact, they should be heard in the same case, and if this Court transfers under Section 1404(a) rather than dismissing or staying based on abstention, Defendants likely will seek a stay in the Colorado federal court action pending resolution of the Colorado state court anti-SLAPP appeal. And if the *Coomer* case survives the anti-SLAPP appellate process, OAN and Rion likely will move to add Dominion in the state court action as a third-party defendant and seek an ongoing stay of the Colorado federal case pending resolution of the Colorado state court action.

Additionally, the Colorado order highlights the material legal distinctions between this jurisdiction and Colorado state court warranting abstention. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814 (1976) (holding that abstention is appropriate when the case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"). For

example, the Colorado court found Dr. Coomer is not a public figure (Order, ¶ 143), meaning that if Dr. Coomer and Dominion are the "same," Dominion might not be a public figure either. But the Colorado court found that the reporting at issue did address a matter of public concern. (Order, ¶ 142). In Colorado, that means the actual malice standard applies. *See* Order, ¶ 145; *Diversified Management, Inc. v. Denver Post, Inc.*, 653 P.2d 1103, 1105-08 (Colo. 1982) ("In order to honor the commitment to robust debate embodied in the first amendment and to ensure sufficient scope for first amendment values, we chose to extend constitutional protection to any discussion involving matters of public concern, irrespective of the notoriety or anonymity of those involved."). But it's possible actual malice would be found not to apply in this District. *See Tavoulareas v. Piro*, 817 F.2d 762, 771 (D.C. Cir. 1987) (noting that in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, (1974), the Supreme Court "declined to extend the actual malice rule to speech about private individuals"). Thus, if the cases proceeded separately, Defendants could be forced to litigate the same statements under two separate legal standards, leading to potentially "inconsistent resolutions of the same issue." *Wolken v. Lufkin*, 1995 WL 704773, *2 (N.D. Ill. Nov. 28, 1995). Other examples of inconsistency arising from the Colorado order include (1) whether Colorado law applies, (2) whether the Colorado anti-SLAPP statute applies, and (3) whether OAN and Rion acted with actual malice. *See generally* Colorado order. Notably, there is no Colorado appellate court precedent interpreting the state's anti-SLAPP statute, thus the parties need an opportunity to litigate these issues through both levels of appeal in Colorado to determine how Colorado courts ultimately interpret the law.[2]

Finally, Dominion is incorrect in its notice (ECF No. 49) that the Colorado order

---

[2] In another very similar defamation case brought by Dr. Coomer in federal court in Colorado against other defendants, an anti-SLAPP motion is fully briefed and could yield additional inconsistencies to be resolved by Colorado courts. *See Coomer v. Make Your Life Epic, LLC, et al.*, Case No. 21-cv-03440 (D. Colo.).

"highlights the inefficiency of transfer." It's hard to imagine a less efficient means of litigating these two cases than having essentially the same parties engage in discovery in two jurisdictions, having the same witnesses give testimony in two jurisdictions, and having the same factual and legal issues argued to the courts in two jurisdictions. Requiring Defendants to simultaneously litigate these same claims in two jurisdictions would result in "piecemeal litigation" that is "abnormally excessive or deleterious," *Edge Investment, LLC v. District of Columbia*, 927 F.3d 549, 556 (D.C. Cir. 2019). The interests of comity, consistent judgments, judicial economy, and efficiency all therefore weigh in favor of abstention.

### III. The Colorado order strongly supports 1404(a) transfer.

The order also supports transfer of this case to the U.S. District of Colorado under Section 1404(a). In ruling on the viability of the same claims at issue in this case, the Colorado court relied on testimony from at least four non-party Colorado residents (Heidi Beedle, Erik Maulbetsch, Tay Anderson, and Fred Brown, Jr., in addition to Colorado residents Dr. Coomer and Joe Oltmann). *See, e.g.,* Order, ¶¶ 26, 27, 29, 31 71. The ability to subpoena these third-party witnesses — whose testimony is relevant to this case — is the most important factor in the transfer analysis. *See Beall v. Edwards Lifesciences LLC*, 310 F. Supp. 3d 97, 105 (D.D.C. 2018). The Colorado order also shows the nuances of relevant Colorado law, and familiarity with the law (particularly nascent law such as the Colorado anti-SLAPP statute as it's addressed for the first time by the Colorado appellate courts) weighs heavily in favor of transfer. *See Federal Housing Finance Agency v. First Tennessee Bank Nat. Ass'n*, 856 F. Supp. 2d 186, 193 (D.D.C. 2012).

### IV. Conclusion

For the foregoing reasons, the Colorado order strongly supports Defendants' motion, and the Court should dismiss or stay the case based on *Colorado River* abstention or transfer it to the U.S. District Court for the District of Colorado under Section 1404(a).

Respectfully submitted,


By: /s/ Blaine C. Kimrey
    Counsel for all defendants

Blaine Kimrey
bkimrey@vedderprice.com
Jeanah Park
jpark@vedderprice.com
Bryan Clark
bclark@vedderprice.com
Brian Ledebuhr
bledebuhr@vedderprice.com
Julia Koechley
jkoechley@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 609 5005

Brian McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Ave NW, Suite 500
Washington, DC 20005
T: +1 202 312 3320
F: +1 202 312 3322

Dated: May 27, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served on the following counsel for the parties:

Thomas A. Clare, Esq.
tom@clarelocke.com
Megan Lambart Meier, Esq.
megan@clarelocke.com
Dustin Andrew Pusch, Esq.
dustin@clarelocke.com
Clare Locke LLP
10 Prince Street
Alexandria, VA 22314

Davida Brook, Esq.
dbrook@susmangodfrey.com
Stephen Shackelford, Jr., Esq.
sshackelford@susmangodfrey.com
Justin A. Nelson, Esq.
jnelson@susmangodfrey.com
Susman Godfrey L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019

/s/ Blaine C. Kimrey
Blaine C. Kimrey