IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., *et al.*,<br><br>Defendants. | No. 1:21-cv-02130-CJN<br><br>Judge Carl J. Nichols |

### MOTION TO ENLARGE TIME TO ANSWER

Pursuant to Fed. R. Civ. P. 6(b), D.C. District Court Local Rule 7, and Paragraph 9 of the Court's Standing Order (ECF 5), defendants Herring Networks, Inc., Charles Herring, Robert Herring, Chanel Rion, and Christina Bobb (collectively, "Defendants") move to extend the deadline for Defendants to file their answers to the Complaint to January 20, 2023.  In support of this Motion, Defendants state as follows:

1. Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively "Plaintiffs") filed the Complaint on August 10, 2021. (ECF 1).

2. Defendants filed their Motion to Dismiss, Stay, or Transfer on November 18, 2021 (ECF 31), and that Motion was fully briefed as of January 13, 2022.  (ECF 47).

3. On November 7, 2022, the Court issued its Memorandum Opinion and Order denying Defendants Motion to Dismiss, Stay or Transfer.  (ECF 55-56).

4. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants' answers were originally due November 21, 2022.  On November 16, 2022, Defendants filed an unopposed motion for extension of time to file their answers by December 21, 2022 (ECF 57), which the

Case 1:21-cv-02130-CJN   Document 58   Filed 12/16/22   Page 2 of 5

Court granted via Minute Order on November 17, 2022. Pursuant to that Order, the current due date for Defendants' answers is December 21, 2022.

5. Pursuant to Paragraph 9(b)(ii) of the Court's Standing Order, this is the second request for an extension of time Defendants have filed relating to their Answers after the denial of Defendants' Motion to Dismiss, Stay, or Transfer.

6. Pursuant to Paragraph 9(b)(iii) of the Court's Standing Order, the requested extension is supported by the following good cause: First, the answers remain a significant undertaking because of the size and scope of the Complaint, which spans 213 pages and includes exhibits spanning 734 pages. Second, the intervening and upcoming holidays (Thanksgiving and Christmas) have made defense counsel and their staff unavailable for several days. Third, the mother of defense counsel Jeanah Park passed away over Thanksgiving weekend, making Ms. Park unavailable to assist in preparing Defendants' answers during the majority of the time between mid- November and December 21, 2022.

7. Pursuant to Paragraph 9(b)(iv)-(v) of the Court's Standing Order, the requested relief would not affect any other deadlines in this matter because no other deadlines are currently set and no scheduling order has been entered

8. In accordance with Local Rule 7(m) and Paragraph 9(b)(vi) of this Court's Standing Order, the parties have conferred. Plaintiffs' counsel said they would consent to this motion only if Defendants would agree to schedule a Rule 26 discovery conference in January 2023. Specifically, Plaintiffs suggested that the Court grant the requested extension while also ordering Defendants to participate in a Rule 26(f) conference with Plaintiffs in January 2023.

9. This Motion is opposed because Defendants declined to accept Plaintiffs *quid pro quo*, noting that Defendants are under no obligation to meet and confer at this stage and the Court's

-2-

Standing Order specifically contemplates the discovery meet and confer process occurring after the parties are at issue on the pleadings.  *See* Standing Order, ECF No. 21, ¶ 6 (***"After Defendant files an Answer***, the Court will order the Parties to meet and confer to discuss each of the matters set forth in Local Civil Rule 16.3(c) and to file a Joint Meet and Confer Report addressing all topics listed in Local Civil Rule 16.3(c).")  (Emphasis added).  Defendants also pointed out that for the same reasons they needed more time to answer the voluminous and complex complaint (most notably the death of Ms. Park's mother), they were not prepared to accelerate discovery beyond what is required by the Court's rules.

10. For reference, Defendants note that the Court in the similar case of *Smartmatic USA Corp., et al. v. Herring Networks, Inc.*, Case No. 21-cv-02130-CJN (D.D.C.) (Nichols, J.), approved three extensions of the answer deadline, totaling 52 days.  The complaint in that case is less complex than the Complaint in this case — and none of the extensions in that case related to a death in the family of a key member of the legal team.

11. Additionally, Plaintiffs' complaints about further "delay" should be disregarded, given that Plaintiffs waited seven months to file this case after they began filing similar cases against other Defendants before this Court.

12. The extended briefing schedule is not sought for the purpose of improper delay or any other vexatious purpose.

WHEREFORE, the parties respectfully request that the Court enter an Order extending the deadline for Defendants to answer the Complaint to **January 20, 2023**.

Dated: December 16, 2022                    Respectfully submitted,

/s/ Blaine Kimrey
Blaine Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of December 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

                                                /s/ Blaine Kimrey
                                                Blaine Kimrey