IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., *et al.*,<br><br>Defendants. | No. 1:21-cv-02130-CJN<br><br>Judge Carl J. Nichols |

### DEFENDANTS HERRING NETWORKS, INC., CHARLES HERRING, ROBERT HERRING, CHANEL RION AND CHRISTINA BOBB'S MOTION TO JOIN ADDITIONAL PARTY

Pursuant to Federal Rules of Civil Procedure 13(h) and 20(a), defendants and counterclaim plaintiffs Herring Networks, Inc., d/b/a One America News Network ("Herring"), Charles Herring, Robert Herring, Chanel Rion and Christina Bobb (collectively, "Counterclaim Plaintiffs"), by and through the undersigned attorneys, move to join current non-party Staple Street Capital LLC ("Staple Street") to the Counterclaims filed contemporaneously with this Motion. After answering the Complaint on January 23, 2023 [D.E. 59], Counterclaim Plaintiffs filed their Counterclaims/Third-Party Complaint against counterclaim defendants U.S. Dominion, Inc.; Dominion Voting System, Inc.; Dominion Voting Systems Corporation (collectively, "Counterclaim Defendants").[1] [D.E. 60.]

Counterclaim Plaintiffs file this Motion because the permissive counterclaims they seek to bring against Staple Street arise out of the same subject matter as the Dominion entities' claims against Counterclaim Plaintiffs in the underlying action, and various questions of law and fact

---

[1] The filing also included third-party claims against AT&T Services, Inc. ("AT&T") and William Kennard ("Kennard") as of right pursuant to Federal Rule of Civil Procedure 14.

1

common to all parties, including Staple Street, will arise in this third-party action.[2] As set forth below, this Court should grant the Motion because doing so achieves the precise goal of Rule 13: to most efficiently litigate complicated claims that span jurisdictions and that involve parties with interlocking relationships and interests that are critical to the resolution of those claims.

## STATEMENT OF POINTS AND AUTHORITIES

**A.     Applicable Standard**

Federal Rule of Civil Procedure 13(h) provides that Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim. *See* Fed. R. Civ. P. 13(h). Courts in this Circuit routinely hold that the joinder rules in Federal Rule of Civil Procedure 13 should be applied liberally to avoid the multiplicity of litigation, minimize the "circuity" of actions, and ultimately, foster judicial economy and efficiency. *See Headfirst Baseball LLC v. Elwood*, No. 13-536 (RBW), 2014 WL 12784203, at *3 (D.D.C. Mar. 27, 2014); *Am. Directory Serv. Agency, Inc. v. Beam*, No. 87-1653, 1988 WL 33502, at *2 (D.D.C. Mar. 28, 1988).

Under Federal Rule of Civil Procedure 20(a)(2), parties such as Counterclaim Plaintiffs may join additional defendants to counterclaims if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

---

[2]  Counterclaim Plaintiffs note that the Federal Rules of Civil Procedure do not expressly require a motion for joinder under these circumstances. *See, e.g.*, *Aleynikov v. Goldman Sachs Grp., Inc.*, Civ. No. 12-5994, 2013 WL 581694, at *11 (D.N.J. Oct. 29, 2013) (finding that a motion is not required); *but compare A.L. Williams & Assocs., Inc. v. D.R. Richardson & Assocs., Inc.*, 98 F.R.D. 748, 754 (N.D. Ga. 1983) (finding that a motion is required); *Trudell Med. Int'l v. D R Burton Healthcare LLC*, No. 4:18-CV-9-H-KS, 2020 WL 4372135, at *2 (E.D.N.C. Mar. 30, 2020) (acknowledging the split in authority on the matter and ruling on the motion "to the extent leave may be necessary"); *Abernathy v. Dickhaut*, No. 10-11504-MLW, 2014 WL 1338283, at *3 (D. Mass. Mar. 31, 2014) (ruling on the motion without any discussion on its necessity). Because they found no relevant precedent from the U.S. Circuit Court of Appeals for the District of Columbia and no relevant decisions from the U.S. District Court for the District of Columbia, Counterclaim Plaintiffs file this Motion out of an abundance of caution.

occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

This Court has broad discretion as to whether a given set of circumstances warrants joinder. *See Headfirst Baseball*, 2014 WL 12784203, at *3. Courts have also noted that permissive joinder under Rule 20 is appropriate to promote trial convenience, prevent multiple lawsuits, and facilitate the efficient use of time and resources by the parties. *Id.* at *4; *see also Am. Directory*, 1988 WL 33502, at *2 (noting that separating related contract disputes into two distinct lawsuits would "be to exalt form over substance" and that "such a result would also promote multiplicative litigation and hence waste judicial resources, since each of these matters, resting on identical or related facts, must ultimately be taken up in some judicial forum"). Courts construe the requirements of permissive joinder liberally in furtherance of securing the "just, speedy, and inexpensive determination of the action." *Headfirst Baseball*, 2014 WL 12784203, at *4.

Under Rule 20, joinder is appropriate where the claims asserted against the joined parties are "logically related." *Call of the Wild Movie, LLC v. Does 1-1, 062*, 770 F. Supp. 2d 332, 343 (D.D.C. 2011). This is a "flexible test and courts seek the 'broadest possible scope of the action.'" *Id.* (internal citations omitted); *see also Montgomery v. STG Intern., Inc.*, 532 F. Supp. 2d 29, 36 (D.D.C. 2008). Even if the putative defendant may be able to later rebut claims made against them, this is no reason to deny a party's right for permissive joinder under Rule 20 where the party sufficiently alleges that the claims against the putative defendant arises form the same transaction or occurrence and is logically related. *Id.* at 343-44 ("The Court recognizes that each putative defendant may later present different factual and substantive legal defenses but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)."); *Hoffman v. Wisner Classic Mfg. Co., Inc.*, 927 F. Supp. 67, 74

(E.D.N.Y. 1996) (noting that the standard for a motion to add a counterclaim defendant does not speak to the merits of the cause of action alleged, but rather addresses whether there are sufficient common issues of law and fact between the claims and the counterclaims and between the existing counterclaim defendants and those sought to be added). Finally, while joinder requires that there be a common legal or factual issue among the parties, "the presence of some material differences between the plaintiffs' allegations 'does not automatically bring such claims outside the same transaction or occurrence language.'" *Montgomery*, 532 F. Supp. 2d at 35-36.

**B.     Permissive joinder under Rule 20(a)(2) is appropriate because the counterclaims against Staple Street arise out of the same series of occurrences and because common questions of law and fact will arise here.**

In their 331-paragraph Complaint, the Dominion entities allege that Counterclaim Plaintiffs defamed the Dominion entities in One America News Network ("OAN") broadcasts. (*See generally* Complaint.) Dominion seeks ***$1.6 billion*** in damages — an amount that would indisputably destroy Herring and OAN if a judgment in that amount were entered in the Dominion entities' favor. The Dominion entities filed the defamation lawsuit against Counterclaim Plaintiffs on August 10, 2021. At the time the Dominion entities filed suit, OAN and another Herring cable channel called A Wealth of Entertainment ("AWE") were being carried on cable and streaming platforms offered through DIRECTV, which was a wholly-owned subsidiary of AT&T, Inc., pursuant to an Affiliation Agreement. (Counterclaim ¶¶ 35-37.) Third-Party defendant William Kennard was and is the Board Chairman of AT&T Inc. (*Id.* ¶ 50.) Kennard also sits on the Executive Board of Counterclaim Defendant Staple Street. (*Id.*) Staple Street is the majority owner of U.S. Dominion, Inc. and therefore influences its decisions, including the decision to file this litigation against Counterclaim Plaintiffs (*Id.*)

4

Staple Street is appropriately joined as a Counterclaim Defendant because it is part of a collective effort to destroy Herring through various actions against the Herrings and other Counterclaim Plaintiffs. As alleged by Counterclaim Plaintiffs, shortly after the Dominion entities filed this lawsuit, third-party defendants AT&T Services and Kennard engaged in a scheme with Staple Street and Counterclaim Defendants to use their positions and control over DIRECTV to induce it to reverse course and drop OAN from DIRECTV's cable lineup, to maximize harm to Counterclaim Plaintiffs, silence OAN, and put Herring out of the cable business. (*See generally* Counterclaims.) In particular, Staple Street acted through AT&T Board Chairman Kennard to use Kennard's influence to induce DIRECTV not to renew its Affiliation Agreement with Herring with the intention of destroying Herring to strengthen Dominion's position in this litigation and, therefore, its profitability to Staple Street. AT&T and Kennard also publicly disparaged Herring (in breach of a non-disparagement provision in the Affiliation Agreement between Herring and AT&T).

Based on this conduct, Counterclaim Plaintiffs have asserted claims for tortious interference with relationship and business expectancy against Staple Street and Counterclaim Defendants.[3] Accordingly, Staple Street's involvement in the Counterclaims arises out of the same set of facts and circumstances giving rise to the claims against Counterclaim Defendants as well as Kennard and AT&T Services. The issue of whether or not Counterclaim Defendants, Kennard, AT&T Services, and Staple Street acted in furtherance of the collective goal of harming Herring is common to all defendants to the Counterclaims/Third-Party Complaint, which makes joinder

---

[3] Counterclaim Plaintiffs additionally bring claims for contractual indemnity against AT&T Services and Kennard based upon an indemnification provision in the Affiliation Agreement that was triggered by the Dominion entities' lawsuit and the conduct of AT&T Services and Kennard.

appropriate in the interests of streamlining discovery and the resolution of various legal issues involved in the litigation, and otherwise promoting the interests of judicial economy.

Finally, joinder will not prejudice Staple Street. As discussed above, Staple Street is connected to various other defendants to the Counterclaims in a significant way and is aware of the filing of the Complaint and the facts and circumstances underlying this lawsuit, making Staple Street appropriate for joinder. *See Am. Directory*, 1988 WL 33502 at *2 ("At the very least, it can safely be concluded that the newly named defendants are well aware of this action's pendency. All are connected in some significant manner to this action, and the presidents of the two newly named entities have even filed affidavits in support of plaintiff's motion for summary judgment."). Staple Street will not be prejudiced by litigating these claims in conjunction with the similar claims raised in the case given the commonality of the facts underlying the claims.

## CONCLUSION

For the reasons set forth herein, Counterclaim Plaintiffs respectfully request that the Court grant their Motion and permit Staple Street to be named as a defendant to the Counterclaims, and that it grant any further and additional relief it deems to be proper and just.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, counsel for the Counterclaim Plaintiffs, on February 3, 2023, called and emailed all counsel of record for the Dominion entities to inquire whether or not this Motion is opposed, but counsel for the Dominion entities did not respond via phone or email.

Dated: February 3, 2023

Respectfully submitted,

/s/ Blaine Kimrey
Blaine Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T: +1 202 312 3320
F: +1 202 312 3322

*Counsel for Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 3rd day of February 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the current parties of record.

/s/ Blaine C. Kimrey
Blaine C. Kimrey
