IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*, | |
| Plaintiffs/Counterclaim Defendants, | No. 1:21-cv-02130-CJN |
| v. | |
| HERRING NETWORKS, INC., *et al.*, | Judge Carl J. Nichols |
| Defendants/ Counterclaim Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| AT&T Services, Inc., *et al.* | |
| Third-Party Defendants. | |

**MOTION FOR EXTENSION OF TIME
TO FILE JOINT MEET AND CONFER REPORT**

Pursuant to Fed. R. Civ. P. 6(b), D.C. District Court Local Rule 7, and Paragraph 9 of this Court's Standing Order (ECF 21), defendants/counterclaim-plaintiffs Herring Networks, Inc., Charles Herring, Robert Herring, Chanel Rion, and Christina Bobb (collectively, "Defendants/Counterclaim Plaintiffs") move to extend the deadline for the parties to submit their Joint Meet and Confer Report pursuant to Local Rule 16.3 until after all Counterclaim/Third-Party Defendants have filed an answer.  In support of this Motion, Defendants state as follows:

1.      Plaintiffs/counterclaim defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively "Plaintiffs/Counterclaim Defendants") filed the Complaint on August 10, 2021.  (ECF 1).

2.      Defendants/Counterclaim Plaintiffs filed their Answer on January 20, 2023.  (ECF 59).

3.      On January 31, 2023, the Court entered a Minute Order requiring the parties to "submit a Joint Meet and Confer Report addressing all topics listed in Local Civil Rule 16.3(c) on or before February 28, 2023."

4.      On February 3, 2023, Defendants/Counterclaim Plaintiffs filed their Counterclaims/Third-Party Complaint, asserting claims against Plaintiffs/Counterclaim Defendants, as well as counterclaim defendant Staple Street Capital LLC ("Staple Street"), third-party defendant AT&T Services, Inc. ("AT&T Services"), and third-party defendant William Kennard.

5.      Pursuant to Federal Rule of Civil Procedure 12(a)(1)(B), Plaintiffs/Counterclaim Defendants' responsive pleading is currently due February 24, 2023.

6.      Staple Street, AT&T Services, and Kennard have all executed service waivers, meaning their responsive pleadings are due April 4, 2023.  (ECF 62, 63, 66).

7.      Defendants/Counterclaim Plaintiffs therefore request that the deadline for submitting the Joint Meet and Confer Report be extended until 28 days after all Counterclaim/Third-Party Defendants have answered.

8.      Pursuant to Paragraph 9(b)(ii) of this Court's Standing Order, Defendants/Counterclaim Plaintiffs have not previously requested an extension of time for the parties to submit a Joint Meet and Confer Report.

9.      Pursuant to Paragraph 9(b)(iii) of the Court's Standing Order, the requested extension is supported by the following good cause.  The requirements of L.R. 16.3 do not apply in cases "in which a significant number of named defendants have not answered."  To that end, federal courts often decline to schedule case management conferences where one or more parties has not answered the complaint, as is appropriate in order to promote efficiency for the Court and

all parties. *See, e.g., Reinoehl v. Centers for Disease Control & Prevention*, 2021 WL 8650455, *2 (N.D. Ind. Nov. 4, 2021) ("Until the scope of claims and defenses are established through the pleadings, the scope of discovery under Fed. R. Civ. P. 26(b)(1) cannot be determined. As a result, a Rule 16(b) scheduling order and its counterpart, a Rule 26(f) parties' planning meeting, are premature."); *Faraday & Future, Inc. v. Evelozcity, Inc.*, 2018 WL 11346536, *3 (C.D. Cal. Aug. 9, 2018) ("The Court further DENIES as premature Plaintiff's 'Motion for Rule 16 Scheduling Conference' because Defendant has not yet answered the FAC. It is this Court's practice to schedule a Rule 16 Scheduling Conference once the pleadings are settled and the case is at issue."); *Carter v. Companion Life Ins. Co.*, *1 (N.D. Ala. June 5, 2018) (denying motion to compel all defendants, three of whom had not yet filed an answer, to participate in a Rule 26(f) conference). Additionally, this Court has previously exercised its discretion and granted a motion to extend the time to comply with the requirements of Local Rule 16.3 when the circumstances of the case warranted. *See, e.g., Bennett Ohia v. Aqua Finance Inc.*, Case No. 1:20-cv-03788-CJN, Dkt. 21 (Apr. 14, 2022) (joint motion for extension for time to file Rule 16.3(c) report pending resolution of settlement discussions, which was granted in a Minute Order on April 14, 2022).

10.    Pursuant to Paragraph 9(b)(iv)-(v) of the Court's Standing Order, the requested relief would not affect any other deadlines in this matter because no other deadlines are currently set and no scheduling order has been entered

11.    In accordance with Local Rule 7(m) and Paragraph 9(b)(vi) of this Court's Standing Order, the parties conferred and Defendants/Counterclaim Plaintiffs indicated that they oppose this motion.

12.    The extension is not sought for the purpose of improper delay or any other vexatious purpose, but rather is sought to maximize efficiency.

WHEREFORE, Defendants/Counterclaim Plaintiffs respectfully request that the Court enter an Order extending the deadline for the parties to submit a Joint Meet and Confer Statement until 28 days after all Counterclaim/Third-Party Defendants have filed their answers.

Dated: February 10, 2023                                      Respectfully submitted,

/s/ Blaine Kimrey
Blaine Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

*Counsel for Defendants/Counterclaim
Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 10th day of February 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ Blaine Kimrey
Blaine Kimrey