IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HERRING NETWORK, INC., *et al.* <br><br> Defendants | Case No. 1:21-cv-02130-CJN <br><br> Judge Carl J. Nichols |

**RESPONSE TO MOTION FOR EXTENSION OF TIME
TO FILE JOINT MEET AND CONFER REPORT**

Pursuant to paragraph 9(c) of the Court's Standing Order for Civil Cases, Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, "Dominion") hereby files its Response to Defendants' Motion for Extension of Time to File Joint Meet and Confer Report.

1. Dominion objects to Defendant's Motion. Strenuously. Dominion filed its complaint 18 monts ago, on August 10, 2021. ECF 1. Between then and now, Defendants have requested and been given four extension on filings: one is connection with filing their motion to dismiss and three in connection with filing their answer after the Court denied their motion to dismiss. *See* ECF 21, "Defendants' Upopposed Motion to Enlarge Time to Answer or Move in Response to the Complaint" and Minute Order Granting Same (moving Defendants' response dates from September 11, 2021 and September 13, 2021 to October 19, 2021); ECF 40, "Uopposed Motion to Enlarge Time to Answer or Move to Respond to the Complaint" and Minute Order Granting Same (moving Defendants' response date from October 19, 2021 to November 18, 2021); ECF

1

(57) "Unopposed Motion to Enlarge Time to Answer" (moving response date from November 21, 2022 to December 21, 2022); ECF 58, "Motion for Extension of Time" and Minute Order Granting Same (moving response date from December 21, 2022 to January 20, 2023). Defendants finally filed their answer three weeks ago, on January 20, 2023.

2. Given the significant passage of time since Dominion filed its Complaint, Dominion is more than ready to proceed with discovery. Dominoin has been asking Defendants to hold a Rule 16 meet and confer for months. They declined every time. Before they filed their answer, Defendants claimed the meet and confer was inappropriate until their answer was filed. Once Defendants filed their answer, Dominion requested a meet and confer again, and again Defendants declined, this time arguing that the parties should wait until the Court set a schedule. On January 31, 2023, the Court set a schedule of February 28, 2023 for submitting the Rule 16 report, and once again Dominion requested a Rule 16 meet and confer. This time, Defendants refused to meet and confer, arguing the pleadings were not closed given that the deadline under the Federal Rules for adding non-compulsory counterclaims and third party demands had not passed. Each time Defendants refused to meet, Dominion expressed its disagreement with Defendants' position.

3. On February 8, 2023, Defendants filed a non-compulsory counterclaim against Dominion and a third-party complaint on unrelated facts against three new parties: AT&T Services, Inc., William Kennard, and Staple Street Capital LLC. Defendants then sent Dominion an email refusing again to engage in a Rule 16 meet and confer on Dominion's claims until after the pleadings close with respect to Defendants' new non-compulsory counterclaims an unrelated third-party claims. They then filed the instant motion asking the Court to set a new deadline for submitting a Joint Meet and Confer Report until 28 days after Dominion and the new parties

have filed answers. Given the likelihood that motions to dismiss will be filed against Defendants for these newly added claims (Dominion believes the claims are frivolous), if the Court grants Defendants' motion to extend the time to file a meet and confer report, it could easily be six to eight months or more before the first Rule 16 meet and confer would occur in this case—which means Dominion's claims will have been on file for over two years before a discovery plan is even in place.

4. Defendants' proposal is neither fair nor warranted. By Defednants' own admission, the new counterclaims and third-party claims Defendants filed are, by definition, not factually related to the claims at issue in this case—otherwise Defendants' would have been required to file them with their answer as compulsory counterclaims or waive them. No reason exists to delay proceedings as to Dominion's claims against Defendants, including discovery on those claims. If Defendants' newly added counterclaims and third-party claims survive motions to dismiss (which Dominion strongly doubts), and this Court determines that those claims are properly included in this case, whatever parties remain can hold a separate Rule 16 meet and confer at that time.

5. One final point. Dominion understands that at least one Defendant, OAN, has been litigating related claims against AT&T in federal court in San Diego for well over a year. Given that lawsuit, it is difficult to see Defendants' filing as anything other than another way to delay discovery related to Dominion's claims.

WHEREFORE, Dominion respectfully requests that the Court deny Defendants' Motion for Extension of Time to File Joint Meet and Confer Report and maintain the current deadline of February 28, 2023.

Dated: February 13, 2023

Respectfully submitted,

Of Counsel:

Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
SUSMAN GODFREY LLP
1301 6th Avenue
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

*/s/ Justin A. Nelson*
Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on this 13th day of February 2023, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Laranda Walker*
Laranda Walker