**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., *et al.*, | |
| Plaintiffs/Counterclaim Defendants | No. 1:21-cv-02130-CJN |
| v. | |
| HERRING NETWORKS, INC., *et al.*, | Judge Carl J. Nichols |
| Defendants/ Counterclaim, Third-Party Claim Defendants | |
| v. | |
| AT&T Services, Inc., *et al.* | |
| Counterclaim/Third-Party Claim Defendants. | |

## JOINT MEET AND CONFER REPORT
## UNDER LOCAL CIVIL RULE 16.3

This Meet and Confer Report ("Rule 16 Report") is submitted pursuant to Federal Rules of Civil Procedure ("FRCP") 16(b) and 26(f), Local Rule 16.3(c), and the Court's minute entry orders dated January 31, 2023 (the "January 31 Order") and February 22, 2023 ("the February 22 Order") (hereinafter the "Court's Orders").

This Rule 16 Report is submitted on behalf of plaintiffs/counterclaim defendants U.S. Dominion Inc., Dominion Voting Systems Inc., and Dominion Voting Systems Corporation (collectively, "Dominion") as to Dominion's claims against defendants and defendants/counterclaim plaintiffs/third-party plaintiffs Herring Networks, Inc., Charles Herring, Robert Herring, Chanel Rion, and Christina Bobb (hereinafter the "Herring Parties") as to not only the claims asserted against the Herring Parties but also as to the counterclaims and third-party claims asserted by the Herring Parties. Dominion and the Herring Parties are collectively referred to as "the Submitting Parties." Counterclaim defendant Staple Street Capital LLC ("Staple Street")

and third-party defendants AT&T Services, Inc. ("AT&T") and William Kennard ("Kennard") are referred to herein as the "Third-Party Defendants."   The Third-Party Defendants declined to participate in the Rule 16 meet and confer conversations and also declined to participate in preparation of this report.

The Submitting Parties' positions on the issues identified in Local Civil Rule 16.3(c) are outlined below.  At the end of this Rule 16 Report, the Submitting Parties provide their respective views on a proposed scheduling order under Local Civil Rule 16.3(d).  Despite good-faith efforts to do so, the Submitting Parties were unable to agree to a scheduling order.

**Dominion's Position Regarding the Joint Meet and Confer Report:**

First off, Dominion's understanding of the scope of this Rule 16 Report is materially different from that of the Herring Parties.  On January 31, 2023, the Court ordered Dominion and the Herring Parties to meet and confer under Rule 16(c) and file a joint report by February 28, 2023.  At the time of the order, the Herring Parties had answered Dominion's complaint but had not asserted any counterclaim against Dominion or named or asserted claims against the Third-Party Defendants.  Then, three days *after* the Court's order, the Herring Parties added a non-compulsory counterclaim againt Dominion and third-party claims against the Third-Party Defendants.  The non-compulsory counterclaim and third-party claims are unrelated to the claims Dominion asserted against the Herring Parties. They had to be: if not, the Herring Parties would have waived any compulsory counterclaim by not including it in their answer.[1]

---

[1] The Herring Parties say they did not waive their counterclaims because they "constitute an amendment to" Defendants'Answer to the Complaint (ECF No. 59) ) ("the Answer") and were filed within 14 days of answering. The question is not whether the counterclaim was timely filed; the question is whether the claim is compulsory or permissive. The counterclaim is factually unrelated to Dominion's claims.

Upon filing these new claims, including against new parties, the Herring Parties refused to meet and confer.  Instead, they moved to extend the time to file the Court-ordered Rule 16 Report until after Dominion and the Third-Party Defendants, who had just been served and had not answered or otherwise pled.  Dominion opposed the motion to extend, explaining that (1) Dominion filed its complaint in *August 2021*, eighteen months before and is entitled to proceed with discovery as to its claims without waiting another six to eight months, and (2) the counterclaim and third-party claims are not factually related to Dominion's claims.  On the second point, Dominion argued that if the Herring Parties' newly added claims and parties survived the motions to dismiss that each would surely file, a separate Rule 16 meet and confer could and should be held on the surviving unrelated claims.

On February 22, 2023, the Court denied the Herring Parties' motion to extend the time to file a joint meet and confer report and ordered the parties to adhere to the January 31 Order. Because the Herring Parties had refused to meet and confer until after the Court ruled upon their motion, only 7 days remained to file the Rule 16 report.

The Herring Parties sent Dominion an email that finally agreed to meet and confer. They did not include counsel for the Third-Party Defendants on the email nor suggest that the Rule 16 conference should include their counterclaim or third-party claims. Dominion offered to circulate an invitation to the meet and confer which, consistent with the Herring Parties' email, included only Dominion and the Herring Parties. Two days later, on February 24, 2023, the Submitting Parties met and conferred for the first time. During the call, the Herring Parties informed Dominion for the first time of their view that the Court's order, and the Rule 16 conference, applied to the Herring Parties' counterclaims and third-party claims. Dominion disagreed, for the reasons given below. The call ended after the Submitting Parties generally discussed scheduling deadlines and

set a second meet and confer call to flesh out the Report's language.  The Submitting Parties held a second call on February 27, 2023—the day before the Rule 16 Report was due. This time the Herring Parties gave the Third-Party Defendants notice of the call—on Friday afternoon before the Monday call.  The Third-Party Defendants chose not to attend.

The answer date for Dominion and the Third-Party Defendants to respond is April 4, more than a month away. Given that the counterclaim and third-party claims are factually unrelated to Dominion's claims (and the claims in the Related Cases[2]), Dominion's position is and has been that this Rule 16 conference does not apply to the Herring Parties' claims. Nor did Dominion ever give the Herring Parties any different understanding (it did not "amicably" agree to hold another meet and confer call so as to include discussion of the non-compulsory counterclaim or the claims against the Third-Party Defendants in the meet and confer). Dominon's position is that if any of the Herring Parties' claims survive a motion to dismiss, and the Court determines them to be properly in this case, the parties should hold a separate Rule 16 meet and confer at that time.[3]

---

[2] Four other related cases are pending before this Court: *US Dominion, Inc., et al. v. MyPillow, Inc., et al.*, No. 1:21-cv-00445 (CJN); *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-00040 (CJN); *US Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN); and *US Dominion, Inc., et al. v. Byrne*, No. 1:21-cv-02131-CJN (D.D.C.)

[3]      The language of Local Civil Rule 16.3(a) says nothing about whether, in this circumstance, Dominion and the Third-Party Defendants were required to attend a Rule 16 conference before they even filed a responsive pleading.

The Herring Parties likewise ignore the text they quote from Fed. R. Civ. P. 16(b)(2). The Scheduling Order for the Herring Parties' claims is not due. As to them, the Court has 90 after service or 60 days after appearance, whichever is earlier. April 4, not February 28, is 60 days from the date the earliest appearance in connection with the Herring Paries' claims.

Finally, the Herring Parties are wrong to suggest that complying with the 21 day deadline under Fed. R. Civ. P. 16(b)(2) was impossible, given that the Court denied the Herring Parties' Motion on February 22, 2022. But nothing prohibited the Herring Parties from meeting and conferring as soon as the Court entered the January 31 Order, which set the deadline for submitting the Report.

Dominion understands that the Third-Party Defendants also take the position that because they have not yet appeared in the case or been required to file responsive pleadings, and because they were not even named as parties until after the Court entered the January 31 Order, the Court's order does not apply to them.

**<u>Position of the Herring Parties:</u>**

As required by the Court's Orders, the Herring Parties met and conferred by Zoom with the Dominion Parties[4] on February 24, 2023.  Though the Dominion Parties circulated the calendar invitation for the February 24 meeting, they failed to invite the Third-Party Defendants to the meeting, and the Herring Parties didn't realize the Third-Party Defendants would not join until that meeting began and it became apparent the Third-Party Defendants were not present.  Once it became apparent that the Herring Parties and the Dominion Parties disagreed as to the scope of the Rule 16 conference and whether it would apply to the Herring Parties' counterclaims and third-party claims, and whether the Third-Party Defendants should participate in the Rule 16 conference, the Herring Parties and the Dominion Parties agreed to continue the Rule 16 conference to February 27, 2023, and the Herring Parties made clear they believed the Third-Party Defendants should attend.  The Herring Parties also notified counsel for the Third-Party Defendants — each of whom already, and unilaterally, filed waivers of service on behalf of the Third-Party Defendants and one of whom (Staple Street) is represented by the same counsel as the Dominion Parties — of the Rule 16 conference continued to February 27.

---

[4]     As they did in their Complaint, plaintiffs U.S. Dominion Inc., Dominion Voting Systems Inc., and Dominion Voting Systems Corporation refer to themselves collectively as "Dominion." But "Dominion" is not a monolith, and that point will be important throughout this litigation. Accordingly, the Herring Parties more accurately refer to the three plaintiffs as the "Dominion Parties."

On February 27, 2023, the Third-Party Defendants advised that they would not participate in the Rule 16 conference later that day.  Additionally, the Dominion Parties advised that they continued to refuse to meet and confer in connection with the Herring Parties' counterclaims against the Dominion Parties.

Notably, the Dominion Parties are incorrect in arguing that the claims asserted in Herring Parties' third-party claims and counterclaims could have been waived because they were not filed with the answer.  Federal Rule of Civil Procedure 14(a)(1) is crystal clear: a defendant has "***14 days after serving its original answer***" to file third-party claims without leave of the Court.  The Herring Parties did just that, asserting third-party claims against AT&T and Kennard.  These claims are plainly related to this case because they seek indemnity from AT&T and Kennard in connection with the Dominion Parties' claims — that is the definition of a third-party claim under Federal Rule of Civil Procedure 14.[5]

As for the counterclaims asserted against the Dominion Parties and Staple Street, Federal Rule of Civil Procedure 15(a)(1) allows for amendment of a pleading within 21 days of filing as a matter of course.  The Herring Defendants' counterclaims constitute an amendment to their answer and were filed within 14 days of their answer, well within the applicable time period.  Notably, because the law on joinder is not crystal clear, Herring Parties erred on the side of caution by filing a motion for leave to join Staple Street along with their counterclaims on February 3, 2023.  *See* ECF No. 61 at 2 n. 2 (noting that while the law on joinder is not clear, Herring Parties were filing their motion "out of an abundance of caution").  That motion stands unopposed because no response was filed on or before the February 17, 2023 deadline to oppose it.  Rather, Staple Street

---

[5] The third-party claims are certainly much more related to this case than the four cases cited by the Dominion Parties in Footnote 1, which all relate to different allegedly defamatory statements by different defendants.

filed a waiver of service less than one week after the Herring Parties filed their joinder motion. *See* ECF No. 66.  Thus, there is no question about the procedural propriety of the counterclaims and the third-party claims,[6] and regardless, Dominion Parties' invocation of waiver is a red herring because they acknowledge that Herring Parties have ***not*** waived their claims.  All Third-Party Defendants have appeared[7] but have nevertheless refused to abide by the Court's orders regarding a Federal Rule of Civil Procedure 16 conference.

It is not prohibited under the federal or local civil rules — nor is it uncommon — for courts to allow discovery to proceed while motions to dismiss are pending as to certain claims.  Thus, the decision by the Dominion Parties and the Third-Party Defendants to completely ignore the pending counterclaims and third-party claims runs contrary to the purpose and intent of the federal and local rules, including the following:

- FRCP 16(b)(2) provides that the Court must issue a scheduling order "within the earlier of 90 days *after any defendant has been served* with the complaint or 60 days after any defendant has appeared."  (Emphasis added.)  Here, each of the Third-Party Defendants waived service and, contrary to the Dominion Parties' implication, FRCP 16(b)(2) does not require separate scheduling orders for claims and counterclaims.  [ECF Nos. 62-63, 66.][8]

---

[6] The Dominion Parties appear to conflate the notions of factual and legal relationship with notions of permissive and mandatory joinder.  Regardless, the counterclaims and third-party claims are appropriate and timely.

[7]  On February 28, 2023 – e.g. the date this Rule 16.3 Report was due to be filed – counsel for AT&T filed motions for leave to appear *pro hac vice* on behalf of AT&T.  *See* ECF Nos. 70 and 71.

[8]  The Dominion Parties' interpretation of Rule 16(b)(2) in Footnote 2 is flawed and reads additional words into the rule.  Nothing about Rule 16(b)(2) indicates that a scheduling order should be delayed in connection with third-party claims or counterclaims, and it is ironic that the Dominion Parties would take that position after opposing the Herring Parties' efforts to obtain an extension and have a uniform schedule in place.

- FRCP 16(c) requires that "*a represented party* must authorize at least one of its attorneys to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at a pretrial conference."  (Emphasis added.)  Here, the Third-Party Defendants identified their counsel via their waivers of service.  *Id.*

- FRCP 26(f) provides in part that "*the parties* must confer as soon as practicable."  (Emphasis added.)  Here, the Third-Party Defendants are parties to this action, and they were at the time of the Court's February 22, 2023 Minute Entry.

- Local Civil Rule 16.3 states that "*Counsel* (including any nonprisoner pro se party) must confer in accordance with this Rule and FED. R. CIV. P. 26(f) at least 21 days before a scheduling conference is held or a schedule order is due under Fed. R. Civ. P. 26(a)(1)."  (Emphasis added.)  Here, counsel for the Third-Party Defendants were notified of the meet and confer continued to February 27, 2023.[9]

The Herring Parties' positions on the issues identified in Local Civil Rule 16.3(c) are outlined below, including their position as to discovery.  At the end of this Rule 16 Report, the Herring Parties provide their views on a proposed scheduling order under Local Civil Rule 16.3(d), a separate copy of which accompanies this Report.

## A.    Parties' Positions on Issues Raised by Local Civil Rule 16.3(c)

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the Parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Dominion's Position: The Court denied the Herring Parties' Motion to Dismiss, Stay, or Transfer on November 7, 2022, *see* ECF No. 56, and Dominion's claims are unlikely to be fully disposed of by dispositive motion. On February 3, 2023—after the Herring Parties answered Dominion's Complaint and after the Court ordered Dominion and the Herring Parties to hold a Rule 16 meet and confer—the Herring Parties filed a non-compulsory counterclaim against Dominion and third-party claims against the Third-Party Defendants. The Herring Parties'

---

[9] The purpose of the Herring Parties' extension motion was to facilitate a meet and confer among *all* counsel at least 21 days before the scheduling order was due.  But once the Court denied that motion, the parties had to proceed in the time remaining, meaning *none* of the parties were able to meet 21 days in advance.  Meeting and conferring before the Court's order would, of course, have defeated the purpose of the motion.

counterclaim and third-party claims are based on facts unrelated to Dominion's claims. Dominion intends to move to dismiss the Herring Parties' counterclaim and believes that, in the meantime, discovery as to Dominion's claims should proceed without delay.

The Herring Parties' Position:   On November 7, 2022, this Court denied the Herring Parties' Motions to Dismiss, Stay, or Transfer.  [ECF No. 56.]  The Herring Parties reserve their right to bring a *forum non conveniens* and/or 28 U.S.C. § 1404(a) motion, as indicated in their Answer to Plaintiffs' Complaint, as well as a motion for judgment on the pleadings.  The Herring Parties also reserve their right to bring motions for summary judgment at the appropriate time.

On February 3, 2023, the Herring Parties filed counterclaims against the Dominion Parties and Staple Street and a third-party complaint against AT&T and Kennard, which are factually related to the underlying case. [ECF No. 60.][10]   The Third-Party Defendants have each waived service.  [ECF Nos. 62-63, 66.]  The Dominion Parties and the Third-Party Defendants have advised the Herring Parties that they intend to file motions to dismiss by the April 4, 2023 deadline. To ensure efficiencies and a streamlined discovery schedule for the Court and the parties, the Herring Parties respectfully request *either*: (i) a stay of discovery entirely pending resolution on those forthcoming motions to dismiss; or (ii) a requirement that all parties — including the Third-Party Defendants — participate in discovery, including discovery in connection with the Herring Parties' counterclaims and third-party claims.

---

[10] Contemporaneously with their filing, the Herring Defendants also filed a motion to join Staple Street to the counterclaims.  [ECF No. 61.]  The deadline to oppose was February 17, 2023.  *See* LR 7(b).  No opposition was filed.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

<u>Dominion's Position</u>: Dominion does not currently foresee the need to amend the pleadings or add other parties. Dominion reserves all rights to seek to add parties or amend the pleadings as provided under the Federal Rules of Civil Procedure as Dominion's ongoing investigation into factual issues related to these cases unfolds.

<u>The Herring Parties' Position</u>:  The Herring Parties reserve all rights to seek to add parties or amend the pleadings as provided for under the Federal Rules of Civil Procedure as their investigation into factual issues relevant to this case progresses.  To the extent the Court wishes to set a date by which any other parties shall be joined or the pleadings amended, the Herring Parties suggest a deadline of May 31, 2023, subject to their reservation of rights.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Pursuant to Local Rule 16.3(d), "the parties' report shall not indicate their respective positions on assignment to a magistrate judge unless all parties agree to such assignment." Because all parties do not agree to such assignment, this report shall not indicate the Submitting Parties' respective positions.

**(4) Whether there is a realistic possibility of settling the case.**

<u>Dominion's Position</u>: Given the devastating harm to Dominion and the lack of remorse shown by the Herring Parties, Dominion does not believe that any realistic possibility of settlement exists.

<u>The Herring Parties' Position</u>: It is unclear at this time whether there is a realistic possibility of settlement, but the Herring Parties certainly deny that the Dominion Parties have suffered "devastating harm."

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Dominion's Position: These cases would not benefit from the Court's alternative dispute resolution procedures at this time; counsel have not discussed ADR.

The Herring Parties' Position: It is unclear at this time, and counsel have not discussed ADR.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Dominio's Position: This Court denied the Herring Parties' motion to dismiss. Dominion's claims are highly unlikely to be fully resolved at summary judgment. Dominion proposes the following briefing schedule for the Submitting Parties' motions for summary judgment on Dominion's claims:

- Deadline to File Dispositive Motions: March 1, 2024

- Deadline to File Oppositions to Dispositive Motions: March 29, 2024

- Deadline to File Replies in Support of Dispositive Motions: April 19, 2024

Dominion believes the Herring Parties' counterclaim can and should be resolved by motion to dismiss. Dominion must file its motion to dismiss the Herring Parties' counterclaim by April 4, 2023. Pursuant to the Local Rules, the Herring Parties' opposition will be due within 14 days of the date of service or at such other time as the Court may direct, and Dominion's reply memorandum will be due within seven days after service of the Herring Parties' opposition. Dominion submits that if the Herring Parties' counterclaim survives a motion to dismiss, the parties can hold a separate Rule 16 meet and confer to see if they can agree to a schedule, to include the briefing of motions for summary judgment.

The Herring Parties' Position: On November 7, 2022, the Court denied the Herring Parties' motion to dismiss, stay, or transfer.  [ECF No. 56.]  The Herring Parties reserve their right to bring motions for summary judgment in relation to their elemental challenges, defenses, counterclaims and third-party claims at the appropriate time.

Additionally, the Herring Parties note that the Dominion Parties have requested a schedule that requires the parties to complete fact discovery, expert discovery, and file for summary judgment within exactly one year after submitting this Rule 16 Report.  There is absolutely no reason to create such a prejudicial deadline, especially considering that this case presents complicated facts and legal issues, with the operative Complaint [ECF No. 1] eclipsing 210 pages and the Herring Parties' Answer [ECF No. 59] totaling more than 310 pages.  Additionally, the Herring Parties have asserted meritorious counterclaims and third-party claims.  Therefore, as stated in their proposed Scheduling Order, the Herring Defendants suggest deadlines that are similarly sequenced to the jointly proposed Scheduling Order in *Smartmatic USA Corp. v. Herring Networks, Inc.*, Case No. 1:21-2900-CJN, as entered by this Court on October 11, 2022.  [ECF No. 42.]

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by FED. R. CIV. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Submitting Parties agree to exchange initial disclosures by March 30, 2023.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Dominion's Position:

- **Anticipated extent of discovery and limits on discovery:** Dominion intends to seek discovery related to Dominion's claims and defendants' defenses, including discovery regarding

defendants' defamatory statements and the circumstances surrounding them and defendants'
knowledge of the falsity of their statements and reckless disregard of the truth. This will include
document and other written discovery, depositions of defendants, and discovery from many third
parties (some of whom are also defendants in cases before this Court and before the Delaware
Superior Court). Dominion does not propose any limits on discovery beyond those in the Rules of
Civil Procedure. To the extent the Herring Parties' counterclaim against Dominion survives a
motion to dismiss, Dominion intends to seek discovery related to the Herring Parties' claims and
Dominion's defenses. This will include document and other written discovery, depositions of
Lindell, and discovery from third parties. Dominion also does not propose any limits on discovery
beyond those in the Rules of Civil Procedure.

- **How long discovery should take:** This case has been pending for 18 months. As set forth
in Dominion's Response to Motion for Extension of Time to File Joint Meet and Confer Report
(ECF 68), progress in this case has been repeatedly delayed by the Herring Parties. In Dominion's
attached Proposed Scheduling Order, Dominion suggests a deadline of September 22, 2023 for
fact discovery and a deadline of January 19, 2024 for the completion of expert discovery.
Dominion submits that coordination of discovery in this case with ongoing discovery in the
Related Cases will result in efficiencies that make roughly seven months of fact discovery from
the date of submission of this report, followed by four and a half months of expert discovery, more
than sufficient, given the overlapping issues. If the current scheduling order in the Related Cases
were to be moved further out, Dominon's position is that the scheduling order in this case as to

Dominion's claims should likewise be moved to match the new deadlines in those cases. This is Dominion's position with respect to every deadline Dominion proposes in this Report.[11]

- **On whether a protective order is appropriate:** A protective order is appropriate in this case, and Dominion submits that the protective order entered by the Court in the Consolidated Cases should be expanded to apply to this case as well.

- **Date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions:** As set forth above**,** Dominion proposes a fact discovery cutoff of September 22, 2023. Dominion proposes a deadline for serving document requests of May 5, 2023 and proposes that other written discovery continue to the end of fact discovery. Dominion proposes an expert discovery cutoff of January 19, 2024.

The Herring Parties' Position:

- **Anticipated extent of discovery and limits on discovery:** The Herring Parties intend to seek discovery relevant to Plaintiffs' claims and the Herring Parties' elemental challenges, defenses, counterclaims, and third-party claims.  This will include document and other written discovery, depositions of the Dominion Parties' representatives, and discovery from many third parties. The Herring Parties do not propose any limits on discovery beyond those in the Rules of Civil Procedure.

- **How long discovery should take:** It is simply not true that the progress of this case has been delayed by the Herring Parties.  The Herring Parties filed a good faith motion to dismiss, upon which the Court took oral argument and took several months to carefully consider.  The

---

[11] The Herring Parties argue that the schedule proposed by the Dominion Parties completely ignores their counterclaims and third-party claims. It is true that Dominon's proposed schedule does not apply to thre Herring Parties' claims—which Dominion repeatedly explains in this filing. Nor should it. The Herring Parties' claims are completely distinct and will require completely different discovery.

Herring Parties then set out in good faith to respond to the Dominion Parties' extremely lengthy Complaint, ultimately filing a 310-page answer.  Now that the Court has ordered the parties to proceed with scheduling pursuant to its standing order, the Herring Parties have done so without delay.  The Herring Parties respectfully refer the Court to their proposed scheduling order filed contemporaneously herewith, which provides that fact discovery be completed by May 30, 2024, and that expert discovery be completed by October 3, 2024.  As stated above and in their proposed scheduling order, these proposed deadlines provide for timeframes that are very similar to the jointly proposed scheduling order in *Smartmatic USA Corp. v. Herring Networks, Inc.*, Case No. 1:21-2900-CJN, as agreed to between the parties and entered by this Court on October 11, 2022. [ECF No. 42.]

The Herring Parties further note that the Dominion Parties' proposed deadlines — including May 5, 2023 for serving document requests and September 22, 2023 for the fact discovery cutoff (i.e., 78 days and 213 days, respectively, from today's filing) — are incredibly prejudicial to the Herring Parties.  While the Dominion Parties have been enmeshed in similar discovery disputes from its various other cases — including those pending against Newsmax in New York state court and Fox in Delaware state court (with a trial against Fox scheduled to begin in April of this year) — they essentially ask this Court to set a rocket docket for their case against the Herring Parties.  Similar to Fox and Newsmax, the Herring Parties include a distinct media entity with unique and complex legal defenses.  In contrast, none of the defendants in what the Dominion Parties refer to as "Related Cases" is a media entity, nor do any of them have pending counterclaims against the Dominion Parties and third-party claims against the Third-Party

Defendants.[12]  While the Dominion Parties claim there will be "efficiencies" from the other cases that justify such a short discovery schedule, those alleged efficiencies only cut one way — unlike the Dominion Parties, the Herring Parties and their counsel are not involved in any of the other cases brought by the Dominion Parties that are pending before this Court.  For these reasons, the Herring Parties strongly oppose consolidating this case with the so-called "Related Cases" and/or placing the cases on the same discovery track.

- **On whether a protective order is appropriate:**  The Herring Parties believe that a protective order governing discovery of certain discovery material is necessary.  However, the Herring Parties are not prepared to simply agree to the protective order entered by the Court in the so-called "Related Cases" — which, during the parties' meet and confer, the Dominion Parties advised was a heavily negotiated and litigated protective order.  Rather, the Herring Parties will work with counsel for the parties — including the Third-Party Defendants — to agree on appropriate terms for a separate protective order.  This is just one example of the "efficiencies" highlighted by the Dominion Parties only applying to them.

- **Date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions:**  Between their request for a hyper-aggressive scheduling order and their attempt to avoid any discovery whatsoever in connection with the Herring Parties' counterclaims and third-party claims, the Dominion Parties are already using discovery as a sword and a shield.  The Court should prevent the Dominion Parties from

---

[12] Indeed, the Dominion Parties' proposed scheduling order appears to completely ignore the fact that the Herring Parties have asserted counterclaims and third-party claims in this case. Thus, it is entirely possible that the Dominion Parties' proposed fact discovery deadline will pass while their motion to dismiss, and the motion to dismiss of the Third-Party Defendant remain pending.  This fact alone demonstrates how patently unfair and unreasonable the Dominion Parties' proposed scheduling order is to the Herring Parties (and to the Court).

doing so, and the Herrings Parties instead request that this Court enter a scheduling order with deadlines typical for a complex commercial litigation case.  Per their proposed scheduling order filed contemporaneously herewith, the Herring Parties propose completing fact discovery by May 30, 2024, and expert discovery by October 3, 2024.

**(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Submitting Parties are willing to meet and confer in connection with a reasonable ESI search and production protocol.

**(10) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Submitting Parties suggest the submission of a proposed Protective Order before the parties produce documents in discovery, unless otherwise agreed to by the Submitting Parties. The Submitting Parties further suggest a meet and confer between the parties as to the manner and timing for asserting a privilege claim, including in the case of inadvertent disclosure under Federal Rule of Evidence 502.  The Submitting Parties agree that any agreement reached between the parties will be included in the protective order to be submitted for the Court's consideration.

**(11) Whether the requirement of exchange of expert witness reports and information pursuant to FED. R. CIV. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Dominion's Position: Dominion does not believe the Court or Parties should modify the requirement of exchange of expert witness reports. Proponents should designate experts and produce expert reports on October 13, 2023. Opponents should designate experts and produce rebuttal expert reports on November 10, 2023. Proponents should produce rebuttal reports by December 8, 2023. Expert depositions should occur after the Parties exchange expert reports and before January 19, 2024.

The Herring Parties' Position: The Herring Parties do not believe the Court should modify the requirement of exchange of expert witness reports. The Herring Parties suggest that expert reports should be exchanged after the close of fact discovery. As reflected in the proposed scheduling order filed contemporaneously herewith, the Herring Parties recommend that proponents should designate experts and produce reports by June 27, 2024. Opponents should designate experts and produce rebuttal reports by July 31, 2024. Proponents should produce rebuttal reports by August 29, 2024.  While these proposed deadlines are consistent with those timeframes as jointly proposed by the parties and entered by this Court in *Smartmatic USA Corp. v. Herring Networks, Inc.*, Case No. 1:21-2900-CJN [ECF No. 42], the Dominion Parties' proposed schedule requires the parties to designate experts and produce expert reports 259 days *before* the reasonable date proposed by the Herring Parties.

**(12) In class actions, appropriate procedures for dealing with Rule 23, FED. R. CIV. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The Submitting Parties agree this is not applicable.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Dominion's Position: Dominion supports coordinated discovery with the Related Cases to avoid unnecessarily repetitious depositions and document discovery, at a minimum. Dominion also proposes that discovery as to the Herring Parties' noncompulsory counterclaim against Dominion (which is factually unrelated to Dominion's claims) commence only and to the extent the Court denies Dominion's motion to dismiss. Dominion proposes that fact discovery as to Dominion's claims should precede expert discovery. Fact discovery as to Dominion's claims should be completed by September 22, 2023 and expert discovery should be completed by January 19, 2024.

Dominion does not support bifurcation of issues for trial.

The Herring Parties' Position: The Herring Parties do not support bifurcation of issues for trial, nor do they support coordinated discovery with the so-called "Related Cases."  As set forth herein, the Herring Parties have unique defenses available only to media defendants, which are separate and apart from those available to the defendants in those cases.  Additionally, the Herring Parties have asserted counterclaims and third-party claims, none of which are available to the defendants in the "Related Cases."  Add the fact that the Dominion Parties have been engaged in discovery with the defendants in those cases for months (if not longer) and litigated substantive issues — including material terms regarding a protective order — and there is no reasonable basis to combine this case with the Related Cases for purposes of discovery.

Additionally, Herring Parties disagree that discovery should be delayed as to the counterclaims asserted against the Dominion Parties.  The counterclaims are factually related to the claims asserted by the Dominion Parties, and the Dominion Parties should not be given the advantage of pursuing discovery in connection with their claims against Herring Parties while not being subject to discovery as to the claims asserted against them.

As proposed in the Herring Parties' proposed scheduling order, fact discovery should be completed by May 30, 2024 and expert discovery should be completed by October 3, 2024.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Dominion's Position: Dominion proposes that the pretrial conference in this case be set at the same time as the pretrial conference in the Related Cases, which is currently set for February 7, 2024 at 10:00 a.m.

The Herring Parties' Position: The Herring Parties strongly disagree that the pretrial conference in this case be set at the same time as the pretrial conference in the allegedly "Related

Cases." The Herring Parties otherwise defer to this Court's discretion for the scheduling of the pretrial conference. To the extent the Court would like a suggested date, the Herring Parties propose a time of the Court's choosing between May 6, 2025 and June 13, 2025.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Submitting Parties agree that the Court should not set a firm trial date at the first scheduling conference but, instead, should provide that a trial date will be set at the pretrial conference.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

<u>Dominion's Position</u>: Four other related cases are pending before this Court: *US Dominion, Inc., et al. v. MyPillow, Inc., et al.*, No. 1:21-cv-00445 (CJN); *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-00040 (CJN); *US Dominion, Inc., et al. v. Giulinai*, No. 1:21-cv-00213 (CJN); and *US Dominion, Inc., et al. v. Byrne*, No. 1:21-cv-02131-CJN (D.D.C.). The Court has formally consolidated for discovery purposes Dominion's actions against the *MyPillow*, *Powell*, and *Giuliani* defendants; and Dominion and Byrne have agreed to coordinate discovery in that case with the *MyPillow*, *Powell*, and *Giuliani* cases. To that end, the Court has aligned the scheduling orders in the Related Cases. Dominion believes coordinating discovery in this case is also warranted, since much of the discovery in this case will overlap discovery in the already coordinated cases.

Discovery in the Related Cases is still in its infancy. Although the parties in some of those cases have exchanged written discovery, the meet and confer process as to responses continues. Dominion made its first production of documents on February 25, 2023, and the defendants in

those cases have made relatively small productions that are incomplete. No depositions have been taken.

The Herring Parties' Position: For the numerous reasons set forth throughout this Report, this case should not be consolidated or placed on the same schedule as the allegedly "Related Cases" because such a schedule would be prejudicial to the Herring Parties. The Dominion Parties' proposed approach only makes sense if the Court ignores the fundamental differences between the Herring Parties (which include a media company) and the defendants in the other cases, fails to recognize that the alleged efficiencies referenced by the Dominion Parties only cut one way, disregards the Herring Defendants' pending counterclaims and third-party claims, and allows the Dominion Parties and Third-Party Defendants to avoid discovery on the Herring Parties' counterclaims and third-party claims.

Moreover, the Herring Parties should not be required to adhere to a protective order that was heavily negotiated and litigated in the so-called "Related Cases." The Herring Parties respectfully request the opportunity to meet and confer with all parties to this action to discuss the entry of an appropriate protective order.

**B.**      **Parties' Positions as to a Proposed Scheduling Order under Local Civil Rule 16.3(d)**

<u>Dominion's Position</u>: Dominion is submitting a proposed scheduling order under Local Civil Rule 16.3(d). The proposed order contains the dates listed below. These dates align with the dates contained in the effective scheduling orders in the Consolidated Cases and *Byrne*, and to the extent the dates in those scheduling orders are extended in the future, Dominion proposes that the scheduling order entered in this case also be extended in order to maintain alignment between all the Related Cases.

1.      Deadline to Exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1): **March 30, 2023**

2.      Deadline to Join Additional Parties or Amend Pleadings: **N/A**

3.      Deadline to Serve Document Requests under Fed. R. Civ. P. 34: **May 5, 2023**

4.      Deadline for Completion of Fact Discovery: **September 22, 2023**

5.      Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **October 13, 2023**

6.      Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **November 10, 2023**

7.      Deadline for Proponents to Produce Responsive Expert Reports: **December 8, 2023**

8.      Deadline for Expert Depositions: **January 19, 2024**

9.      Status Conference: In-person on February 7, 2024 at 10:00 a.m.

10.     Deadline to File Dispositive Motions: **March 1, 2024**

11.     Deadline to File Oppositions to Dispositive Motions: **March 29, 2024**

12.     Deadline to File Replies in Support of Dispositive Motions: **April 19, 2024**

The Herring Parties' Position: Given the nature of the Dominion Parties' claims, as well as the counterclaims, third-party claims, and unique defenses of the Herring Parties — including those available to them as media defendants and which are separate and apart from those available to the defendants in the so-called "Related Cases" — the Herring Parties propose the following dates (if discovery proceeds and is not stayed pending the forthcoming motions to dismiss from the Dominion Parties and Third-Party Defendants) in their accompanying proposed scheduling order:[13]

1.   Deadline to Exchange Initial Disclosures under Fed R. Civ. P. 26(a)(1):  **March 30, 2023**

2.   Deadline to Join Additional Parties or Amend Pleadings:  **May 31, 2023**[14]

3.   Deadline to Serve Document Requests under FED. R. CIV. P. 34:  **October 26, 2023**

4.   Deadline for Completion of Fact Discovery:  **May 30, 2024**

5.   Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under FED. R. CIV. P. 26(a)(2):  **June 27, 2024**

6.   Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under FED. R. CIV. P. 26(a)(2):  **July 31, 2024**

7.   Deadline for Proponents to Produce Responsive Expert Reports:  **August 29, 2024**

8.   Deadline for Expert Depositions:  **October 3, 2024**

9.   Status Conference:  **In-person on _____, 2024 at _____**

10.  Deadline to File Dispositive Motions:  **November 14, 2024**

11.  Deadline to File Oppositions to Dispositive Motions:  **December 19, 2024**

12.  Deadline to File Replies in Support of Dispositive Motions:  **January 30, 2025**

---

[13] As set forth herein, these proposed deadlines are just slightly adjusted (though none more than a few weeks, and mostly to adjust for holidays) from the sequencing of deadlines agreed to between the parties in *Smartmatic USA Corp. v. Herring Networks, Inc.*, Case No. 1:21-2900-CJN, and entered by this Court on October 11, 2022.  [ECF No. 42.]

[14] This deadline is subject to the parties' reservation of rights to seek to add parties or amend the pleadings as provided for under the Federal Rules of Civil Procedure.

13.    Date for Final Pretrial Conference: **TO BE DETERMINED BY THE COURT**

14.    Date for Trial: **TO BE DETERMINED BY THE COURT**


Dated: February 28, 2023                         Respectfully submitted

***Counsel for US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation***

/s/ Laranda Walker
Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Mary Kathryn Sammons (D.C. Bar No. TX0030)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com
fchen@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443)
1301 Avenue of the Americas, 32nd Fl
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

Katherine Marie Peaslee (*admitted pro hac vice*)
401 Union Street Suite 3000
Suite 3000
Seattle, WA  98101
(206) 505-3828
kpeaslee@susmangodfrey.com

Thomas A. Clare, P.C. (D.C. Bar No. 461964)

Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

*Counsel for Defendants/Counterclaim & Third-Party Plaintiffs Herring Networks, Inc.,*
*Charles Herring, Robert Herring, Chanel Rion, and Christina Bobb:*

/s/ Bryan Clark
Blaine Kimrey (*admitted pro hac vice*)
bkimrey@vedderprice.com
Jeanah Park (*admitted pro hac vice*)
jpark@vedderprice.com
Bryan Clark (*admitted pro hac vice*)
bclark@vedderprice.com
Brian Ledebuhr (*admitted pro hac vice*)
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322