**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., et al., | |
|       Plaintiffs/Counterclaim Defendants, | |
|     v. | Case No. 1:21-cv-02130-CJN |
| HERRING NETWORKS, INC., et al., | |
|       Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs, | Judge Carl J. Nichols |
|     v. | |
| AT&T SERVICES, INC., et al., | |
|       Third-Party Defendants. | |

**UNOPPOSED JOINT MOTION FOR LEAVE TO FILE AMENDED**
**COUNTERCLAIMS/THIRD-PARTY COMPLAINT UNDER SEAL**

Pursuant to D.C. District Court Local Civil Rule 5.1(h), defendants/counterclaim plaintiffs/third-party plaintiffs Herring Networks, Inc., Charles Herring, Robert Herring, Sr., and Chanel Rion (collectively, "Herring Defendants") and third-party defendants AT&T Services, Inc. and William Kennard (collectively, "Third-Party Defendants"), hereby jointly request leave for the Herring Defendants: (1) to file under seal an unredacted version of their Amended Counterclaims/Third-Party Complaint together with documents attached in support that have been designated as confidential in litigation pending in San Diego Superior Court, and (2) to file on this Court's public docket a version of their Amended Counterclaims/Third-Party Complaint that redacts all references to and information derived from the aforementioned documents. The Herring Defendants and Third-Party Defendants have conferred with counsel for

plaintiffs/counterclaim-defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively "Dominion"), and third-party defendant Staple Street Capital LLC ("Staple Street"), who have indicated that Dominion and Staple Street consent to this motion.

## **BACKGROUND**

On April 5, 2023, the Court granted leave for the Herring Defendants to file their Amended Counterclaims/Third-Party Complaint within 30 days and for Third-Party Defendants and Counterclaim Defendants to file their motions to dismiss or other responsive pleadings within 45 days of the filing of the Amended Counterclaims/Third-Party Complaint.  *See* Minute Order (Apr. 5, 2023).   The Herring Defendants intend to rely upon and attach certain documents (the "Designated Documents") to their Amended Counterclaims/Third-Party Complaint.

The Designated Documents were produced by AT&T Inc. in the *Herring Networks, Inc. v. AT&T, Inc, et al.* (Case No. 37-2022-00008623-CU-BC-CTL) litigation pending in San Diego Superior Court (the "San Diego Litigation"), and they are governed by a protective order (the "Protective Order") issued in that case (Dkt. No. 188).  A copy of the Protective Order is attached as Exhibit A to the joint stipulation attached to this motion.  AT&T Inc. has designated the Designated Documents as Confidential in the San Diego Litigation under the Protective Order.

The Protective Order provides, "Confidential Materials and Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding (defined as [San Diego Superior Court] Case No. 37-2022-00008623-CU-BC-CTL), and not for any business or other purpose whatsoever." (Protective Order, Ex. A to Stipulation, ¶ 10.)   In the San Diego Litigation, Herring Networks, Inc. disputes AT&T Inc.'s confidentiality designations

of the Designated Documents (among others) and has challenged AT&T Inc.'s confidentiality designations as to certain documents produced in the case, including the Designated Documents. AT&T Inc. filed a motion to uphold confidentiality designations that is currently pending in the San Diego Litigation.

Following a meet-and-confer process regarding the Herring Defendants' intended use of the Designated Documents in their Amended Counterclaim/Third-Party Complaint, and in an effort to avoid further motion practice in the San Diego Litigation and unnecessary delay in this action, Third-Party Defendants, AT&T Inc., and the Herring Defendants stipulate that the Herring Defendants may rely on the Designated Documents in support of their Amended Counterclaims/Third-Party Complaint and can attach the Designated Documents to an under-seal copy of their Amended Counterclaims/Third-Party Complaint as a limited exception to Paragraph 10 of the Protective Order in the San Diego Litigation, subject to the grant of this concurrently filed joint motion to seal and other terms contained in the stipulation attached to this joint motion. The parties have stipulated to terms relating to this limited, permitted use, as set forth in the stipulation.[1]

## **ARGUMENT**

This Court has the power and discretion to determine whether records should be sealed. *TIG Ins. Co. v. Fireman's Ins. Co. of Washington, D.C.*, 718 F.Supp.2d 90, 94 (D.D.C. 2010).  In evaluating a motion to seal, courts balance the moving parties' interest in keeping the information

---

[1] The Herring Defendants note that while they have agreed to these terms, they are simultaneously reserving their right to contest the confidentiality of the Designated Documents in the San Diego Litigation, as expressly provided in the attached stipulation.  However, given the Protective Order in the San Diego Litigation and in the interest of compromise and to avoid further motion practice, the Herring Defendants have agreed to stipulate to the filing of the Designated Documents under seal and to seek an Order from this Court pursuant to Local Rule 5.1(h), pending any ruling by the San Diego court on the propriety of the confidentiality designations of the Designated Documents.

confidential against the public interest in accessing court documents.  *Id.*  Specifically, "when a court is presented with a motion to seal or unseal, it should weigh: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."  *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (cleaned up).  Third-Party Defendants maintain that each of these factors weighs in favor of sealing the Designated Documents and redacting the corresponding paragraphs of the Amended Counterclaims/Third-Party Complaint.

### i.      The need for public access to the documents at issue

Under this Court's precedents, Third-Party Defendants maintain that there is no compelling interest in public access to the Designated Documents or the limited redactions to a handful of paragraphs in the Amended Counterclaims/Third-Party Complaint.   The presumption of public access is stronger in criminal cases and cases where the government is a party, and the fact that this is not such a case "weighs in favor" of sealing.  *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 58 (D.D.C. 2009) (citing *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)).  Moreover, the fact that Herring Defendants and Third-Party Defendants have agreed to make a limited sealing request, as opposed to seeking to seal the pleading in its entirety, further weighs in favor of granting

this motion.  *Cf. id.* (explaining that asking for a "blanket seal" rather than making a targeted request "weighs against" sealing).

### ii.        Prior public access to the documents

The public has not had, and does not have, access to the Designated Documents.  Hall Decl. ¶ 8.  The Designated Documents have not been in the public domain, nor have they been distributed beyond—at most—the parties and their counsel in the San Diego Litigation.[2]  Hall Decl. ¶ 8.  This factor "is neutral where there has been no previous [public] access."  *Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016).

### iii.       The fact that someone has objected to disclosure, and the identity of that person

Third-Party Defendants and AT&T Inc. have objected to disclosure of the Designated Documents and the related paragraphs in the Amended Counterclaims/Third-Party Complaint.  Moreover, Dominion and Staple Street consent to sealing of these materials, some of which involve their confidential communications.  Accordingly, this factor weighs in favor of sealing.  *See Vanda Pharm., Inc. v. Food & Drug Admin.*, 539 F. Supp. 3d 44, 55 (D.D.C. 2021) (explaining that objection to disclosure weighs in favor of sealing).

### iv.        The strength of any property and privacy interest asserted

This factor "corresponds to the exception to public access that protect[s] trade secrets and business information that might harm a litigant's competitive standing."  *Id.* (cleaned up).  Third-Party Defendants maintain that sealing is justified under this factor if disclosure would "'result in an unwanted invasion of privacy' or business confidentiality."  *Id.* (quoting *United States v. Hubbard*, 650 F.2d 293, 324 (D.C. Cir. 1980)).  Here, the Designated Documents are subject to a

---

[2] Any documents designated as Highly Confidential are not even distributed to the opposing parties in the San Diego Litigation.

court-ordered Protective Order in the San Diego Litigation, and they have been designated as Confidential pursuant to that Protective Order because, among other reasons, AT&T Inc. contends that they reflect commercially-sensitive deliberations and contain personally identifiable information. Hall Decl. ¶¶ 4-7. Moreover, the Protective Order entered in the San Diego Litigation precludes use of the Designated Documents in this or any other action unless and until the San Diego court determines otherwise, heightening AT&T Inc.'s interest in ensuring that confidential materials being used in this case only pursuant to AT&T Inc.'s express consent are at least kept confidential. Because the Designated Documents have been designated Confidential, and those designations remain operative and are not being challenged here, Third-Party Defendants maintain that this factor weighs strongly in favor of sealing.

   v.  **The possibility of prejudice to those opposing disclosure**

   This factor "considers whether disclosure of the documents will lead to prejudice in future litigation to the party seeking [to] seal." *Friedman*, 672 F. Supp. 2d at 60. If the Designated Documents were disclosed in this action, Third-Party Defendants and AT&T Inc. believe they would be prejudiced in future proceedings in the San Diego Litigation. As just one example, if the Designated Documents and related paragraphs of the Amended Counterclaims/Third-Party Complaint are filed publicly on the docket in this case, that would impact AT&T Inc.'s motion to uphold confidentiality designations currently under consideration by the court in the San Diego Litigation. Moreover, public filing of documents that were produced under an agreement and order of confidentiality would vitiate the protections that AT&T Inc. agreed to and was granted in San Diego. Accordingly, Third-Party Defendants maintain this factor weighs in favor of sealing.

### vi.    The purposes for which the documents were introduced during the judicial proceedings

The sixth consideration "concerns the purposes for which the documents were introduced." *Friedman*, 672 F.Supp.2d at 61.  Where "the documents were obtained through discovery, for example, they are afforded a stronger presumption of privacy," and should be sealed because "those materials typically are not publicly accessible." *Id.*  Moreover, there is no interest in disclosure where the documents are not "central to the claims of the litigation" and no judicial decision turns on the documents themselves. *Vanda Pharm.*, 539 F. Supp. 3d at 57.  Here, the Designated Documents were produced in the San Diego Litigation in response to discovery requests and pursuant to the Protective Order.  Hall Decl. ¶ 4.  The Herring Defendants attach the documents to the Amended Counterclaims/Third-Party Complaint as factual support for their allegations.  Although the Court may consider these documents in ruling on any motions to dismiss directed at the Amended Counterclaims/Third-Party Complaint, the focus of the inquiry is on the sufficiency of the allegations themselves, not the documents.   Accordingly, Third-Party Defendants maintain that this factor weighs in favor of sealing.

## CONCLUSION

The Herring Defendants and Third-Party Defendants respectfully request that the Court grant this motion to seal.  The other parties to this action, Dominion and Staple Street, do not oppose this motion.

Dated:  May 5, 2023

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Howard S. Hogan
    Howard S. Hogan

1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
HHogan@gibsondunn.com

*Attorney for Third-Party Defendant AT&T, Services, Inc.*

SULLIVAN & CROMWELL LLP

By: /s/ Amanda F. Davidoff
    Amanda F. Davidoff

1700 New York Avenue, N.W. Suite 700
Washington, DC 20006
davidoffa@sullcrom.com

William B. Monahan (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
monahanw@sullcrom.com

*Attorneys for Third-Party Defendant William Kennard*

VEDDER PRICE P.C.

By: /s/ Blaine C. Kimrey
    Blaine C. Kimrey

222 North LaSalle Street
Chicago, IL 60601
bkimrey@vedderprice.com

*Attorney for Counterclaim/Third-Party
Plaintiffs Herring Networks, Inc., Charles
Herring, Robert Herring, Sr., and Chanel Rion*