**<u>Exhibit A to Stipulation</u>**

**VEDDER PRICE (CA), LLP**
ERIC R. MCDONOUGH (SB# 193956)
emcdonough@vedderprice.com
MARIE E. CHRISTIANSEN (SB# 325352)
mchristiansen@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424-204-7700
F: +1 424-204-7702

**VEDDER PRICE P.C.**
BLAINE C. KIMREY (seeking admission *pro hac vice*)
bkimrey@vedderprice.com
JEANAH PARK (seeking admission *pro hac vice*)
jpark@vedderprice.com
BRYAN K. CLARK (seeking admission *pro hac vice*)
bclark@vedderprice.com
222 N. LaSalle Street
Chicago, Illinois 60601
T: +1 312-609-7500
F: +1 312-609-5005

*Attorneys for plaintiff*
*HERRING NETWORKS, INC.*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**05/18/2022** at 07:30:00 PM
Clerk of the Superior Court
By Richard Day,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO

| | |
|---|---|
| HERRING NETWORKS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AT&T, INC., a Delaware corporation, AT&T SERVICES, INC., a Delaware corporation, DIRECTV, LLC, a California limited liability company, and WILLIAM KENNARD, an individual,<br><br>Defendants. | Case No. 37-2022-00008623-CU-BC-CTL<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Judge: Hon. John S. Meyer<br>Complaint filed: March 7, 2022<br>Trial date: Not yet set |

**IT IS HEREBY STIPULATED** by and between plaintiff Herring Networks, Inc., d/b/a One America News Network, and defendants AT&T, Inc. (Specially Appearing), AT&T Services, Inc., DIRECTV, LLC, and William Kennard (Specially Appearing) (collectively, "Parties"), by and through their respective counsel of record, that to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and/or privacy rights, the Parties stipulate as follows:

1.     In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.     "Proceeding" means Case No. 37-2022-00008623-CU-BC-CTL.

b.     "Court" means the Hon. John S. Meyer, or any other judge to whom this Proceeding may be assigned, including Court staff participating in such proceedings.

c.     "Confidential" means any Documents, Testimony, or Information  in the possession of a Designating Party that the Designating Party believes in good faith contains information involving trade secrets, or confidential business, financial or personal information, including but not limited to information protected by California's constitutional and common law right to privacy, subject to Rules 2.550, 2.551, 2.580, 2.585, 8.45, 8.46, and 8.47 of the California Rules of Court, or under other provisions of California law or other  applicable law.

d.     "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e.     "Highly Confidential" means any Information that belongs to or is in the possession of a Designating Party and contains any trade secret or any confidential research, design, development, commercial, or personal information, including but not limited to technical and competitively-sensitive information protected by law, which the Designating Party in good faith believes is entitled to a higher level of protection due to its commercial sensitivity or personal nature and because the Disclosure of such Information to some or all Parties or non-Parties would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

f.      "Highly Confidential Materials" means any Documents, Testimony, or Information, as defined below, designated as "Highly Confidential" pursuant to the provisions of this Stipulation and Protective Order.

g.      "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential."

h.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part thereof, or any Information contained therein.

i.      "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, including discovery responses and objections, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

j.      "Information" means the content of Documents or Testimony.

k.      "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2.      By entering into this Stipulation and Protective Order, Specially Appearing Defendants AT&T Inc. and William Kennard do not submit to or concede the Court's jurisdiction, and instead expressly reserve and maintain their objections that the Court lacks personal jurisdiction over them.  Specially Appearing Defendants AT&T Inc. and William Kennard enter this Stipulation and Protective Order for the purpose of ensuring protection over documents produced in any discovery ordered by the Court.

3.      By entering into this Stipulation and Protective Order, Defendants AT&T Services, Inc. and DIRECTV, LLC and Specially Appearing Defendants AT&T Inc. and William Kennard do not waive the stay of discovery provided for in California Civil Procedure Code Section 425.16(g), and instead expressly reserve and maintain all objections to discovery based thereon, except to the extent otherwise ordered by the Court.

4.      The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the

discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5.     Any Documents, Testimony, or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced.  The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a.     For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated material.

b.     For Testimony given in depositions the Designating Party may either:

i.     identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

ii.     designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days after receipt of the deposition transcript.  In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential"  Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party.

c.     For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential."  If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

6.      The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production.  In the event that any Document, Testimony, or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the Document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" materials.  If the receiving Party chooses to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.  This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges.  In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

7.      In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such

objections (the "Designation Objections").   In response to any Designation Objection to a document designated "Highly Confidential," Counsel for the Designating Party shall have ten (10) days from receipt of the written Designation Objections to either (a) agree in writing to amend the designation on such documents to "Confidential" or to remove the designation of the Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion").   In response to any Designation Objection to a document designated "Confidential," Counsel for the Designating Party shall have forty-five (45) days from receipt of the written Designation Objections to either (a) agree in writing to remove the designation of the Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a Designation Motion.  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place.   The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation.   In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

8.    Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

a.    the Court and its staff;

b.    (1)  Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical, and other professional staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; and (2) in-house counsel to the undersigned Parties and the paralegal, clerical, and other professional staff employed by such counsel.  Each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c.     the Parties in the Proceeding, limited to those officers, directors, partners, members, employees, and agents of all non-Designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding, provided, however, that prior to the Disclosure of Confidential Materials to any such individual, they are advised of their obligations hereunder;

d.     court reporters and/or videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

e.     any deposition, trial, or hearing witness in the Proceeding who previously has had access to the same Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential Materials;

f.     any witness at a deposition or non-trial hearing in the Proceeding who previously did not have access to the Confidential Materials, provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

g.     mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

h.     outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing, provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this

Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

i.      employees of outside copying services and other vendors retained by Counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the litigation of this Proceeding and only after being informed of the provisions of this Stipulation and agreeing to abide by its terms;

j.      Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents, and contractors) to whom Disclosure is reasonably necessary to their involvement in the litigation of this Proceeding; and

k.      any other person or entity that the Designating Party agrees to in writing.

9.      Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

a.      Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel," for purposes of this Paragraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties or the paralegal, clerical and secretarial staff employed by such in-house counsel;

b.      outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing, provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and

shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Highly Confidential Materials.  It shall be the obligation of Trial Counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify Trial Counsel for the Designating Party of such breach or threatened breach;

c.      any deposition or non-trial hearing witness in the Proceeding who previously has had access to the same Highly Confidential Materials;

d.      court reporters and/or videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

e.      the Court and its staff;

f.      employees of outside copying services and other vendors retained by Counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the litigation of this Proceeding and only after being informed of the provisions of this Stipulation and agreeing to abide by its terms;

g.      Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents, and contractors) to whom Disclosure is reasonably necessary to their involvement in the litigation of this Proceeding and only after being informed of the provisions of this Stipulation and agreeing to abide by its terms; and

h.      any other person or entity that the Designating Party agrees to in writing.

10.     Confidential Materials and Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

11.     Should the need arise for any of the Parties to Disclose Confidential or Highly Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the Disclosing Party, shall deem necessary to preserve the confidentiality of such

Confidential or Highly Confidential Information.  Reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the Parties to arrange for appropriate safeguards.

12.     Any person receiving Confidential or Highly Confidential Materials shall not reveal such materials (including their contents, or any portion or summary thereof) or discuss such materials (including their contents, or any portion or summary thereof) with any person who is not entitled to receive such Information as applicable.  Any person receiving Confidential or Highly Confidential Materials must maintain that material in a reasonably secure manner so that it is not further Disclosed or used in any manner inconsistent with this Stipulation.

13.     Extracts and summaries of Confidential or Highly Confidential Materials likewise shall also be treated in accordance with the provisions of this Stipulation.

14.     The production or Disclosure of Confidential or Highly Confidential Materials shall in no way constitute a waiver of any Party's right to object to the production or Disclosure of other information in this Action or in any other action on the basis of privacy, confidentiality, or for any other reason.

15.     The inadvertent Disclosure of Discovery Material subject to the attorney-client privilege or work-product doctrine, or any other applicable privilege or immunity from Disclosure, without the express intent to waive such privilege, protection, or immunity shall not be deemed a waiver in whole or in part of the privilege, protection, or immunity, either as to the specific information Disclosed or as to the same or related subject matter, in this Action or any other litigation.  If the Producing Party notifies the Receiving Party in writing of the inadvertent Disclosure of documents or other information (the "Inadvertent Materials") which the Producing Party in good faith believes to be subject to a claim of privilege, including, but not limited to, the attorney-client privilege or attorney work product,  such Producing Party shall not be deemed to have waived such privilege or protection, but any such claim of privilege or protection shall continue to apply.  Upon receipt of such notice, each Receiving Party shall promptly take all reasonable steps to return or destroy the Inadvertent Materials (and copies thereof) and take all reasonable steps to destroy the portions of any work product that incorporates the Inadvertent

Materials.  If the Receiving Party disputes the privilege claim, it may keep one copy of the Inadvertent Material solely for the purposes of the dispute, and must notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Party's notification.  The Parties shall thereafter meet and confer regarding the disputed privilege claim.  Other than for an in camera review in connection with seeking a determination by the Court, the Receiving Party may not Disclose or use any Inadvertent Material for any purpose until the dispute is resolved.

16.     Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

17.     Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.     operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b.     prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.     to seek a determination by the Court of whether any particular Confidential Materials or Highly Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

ii.     to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

18.     Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the

same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

19.     Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto.  Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

20.     If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials or Highly Confidential Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Confidential Materials or Highly Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

21.     Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials or Highly Confidential Materials require additional protection.  The Parties shall meet and confer to attempt to agree upon the terms of such additional protection.

22.     If, after execution of this Stipulation and Protective Order, any Confidential Materials or Highly Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials or Highly Confidential Materials to the immediate attention of the Designating Party.

23.     This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials or Highly Confidential Materials designated by that Party.

24.     Where any Confidential Materials or Highly Confidential Materials, or Information derived therefrom, are included in any motion or other proceeding governed by California Rules of Court, Rules 2.550 and 2.551, the Parties and any involved non-party shall follow those rules. If Confidential or Highly Confidential Materials, or Information derived from Confidential or Highly Materials, are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked:  "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

25.     The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry of an appropriate order.

26.     Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials or Highly Confidential Materials.

27.     This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except

that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

28.     Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Highly Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials.  To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

29.     After this Stipulation and Protective Order has been signed by counsel, it shall be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials or Highly Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

30.     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different protective order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different order.  It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials or Highly Confidential Materials under the terms herein.

31.     This Stipulation and Protective Order may be executed in counterparts.

Dated:  May 18, 2022                           VEDDER PRICE (CA), LLP

By: _____
                                                ERIC R. MCDONOUGH

                                                *Attorneys for Herring Networks, Inc.*

Dated:  May __, 2022                           GIBSON DUNN & CRUTCHER LLP

By: _____
                                                [INSERT]

                                                *Attorneys for AT&T, Inc. (by Special
                                                Appearance), AT&T Services, Inc., and
                                                William Kennard (by Special Appearance)*

Dated:  May 18, 2022                           SIDLEY AUSTIN LLP

By: _____
                                                ROLLIN A. RANSOM

                                                *Attorneys for DIRECTV, LLC*

1      31.     This Stipulation and Protective Order may be executed in counterparts.

2

3   Dated:  May 18, 2022                    VEDDER PRICE (CA), LLP

4

5                                           By: _____
                                                ERIC R. MCDONOUGH
6
                                                *Attorneys for Herring Networks, Inc.*
7   Dated:  May 18, 2022                    GIBSON DUNN & CRUTCHER LLP

8

9                                           By: _____
                                                JAMES L. ZELENAY JR.
10
                                                *Attorneys for AT&T, Inc. (by Special*
11                                              *Appearance), AT&T Services, Inc., and*
                                                *William Kennard (by Special Appearance)*
12
13  Dated:  May __, 2022                    SIDLEY AUSTIN LLP

14

15                                          By: _____
                                                [INSERT]
16
                                                *Attorneys for DIRECTV, LLC*
17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>ORDER</u>

2    **GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective

3 Order.

4    **IT IS SO ORDERED.**

5

6  Dated:    5/20/22

7    THE HONORABLE    JOHN S. MEYER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **EXHIBIT A**

2

3

### CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

4

5          I hereby acknowledge that I, _____[NAME],

6   _____ [POSITION AND EMPLOYER], am

7   about to receive Confidential Materials [and Highly Confidential Materials] supplied in

8   connection with the Proceeding, Case No. 37-2022-00008623-CU-BC-CTL. I certify that I

9   understand that the Confidential Materials [and Highly Confidential Materials] are provided to me

10  subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.

11  I have been given a copy of the Stipulation and Protective Order, I have read it, and I agree to be

12  bound by its terms.

13          I understand that the Confidential Materials [and Highly Confidential Materials], as

14  defined in the Stipulation and Protective Order, including any notes or other records that may be

15  made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted

16  by the Stipulation and Protective Order.  I will not copy or use, except solely for the purposes of

17  this Proceeding, any Confidential Materials [or Highly Confidential Materials] obtained pursuant

18  to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the

19  Court in the Proceeding.

20          I further understand that I am to retain all copies of all Confidential Materials [and Highly

21  Confidential Materials] provided to me in the Proceeding in a secure manner, and that all copies

22  of such materials are to remain in my personal custody until termination of my participation in this

23  Proceeding, whereupon the copies of such materials will be returned to counsel who provided me

24  with such materials.

25

26

27

28

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed this _____ day of _____, 20__, at _____.

DATED:_____   BY:   _____
                                                Signature

                                                _____
                                                Title

                                                _____
                                                Address

                                                _____
                                                City, State, Zip

                                                _____
                                                Telephone Number

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND PROTECTIVE ORDER

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 1925 Century Park East, Suite 1900, Los Angeles, CA 90067.

On May 18, 2022, I served true copies of the following document(s) described as **STIPULATION AND PROTECTIVE ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Marcellus McRae, Esq.<br>MMcRae@gibsondunn.com<br>Ashley E. Johnson, Esq.<br>AJohnson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | Attorneys for Defendants<br><br>AT&T, INC., a Delaware corporation,<br>AT&T SERVICES, INC., a Delaware corporation,<br>and<br>WILLIAM KENNARD, an individual, |
| Stephen C. Grebing, Esq.<br>sgrebing@wingertlaw.com<br>Alan K. Brubaker, Esq.<br>abrubaker@wingertlaw.com<br>WINGERT GREBING BRUBAKER & JUSKIE LLP<br>600 West Broadway, Suite 1200<br>San Diego, CA 92101 | |
| Rollin A. Ransom, Esq.<br>rransom@sidley.com<br>Joshua J. Fougere, Esq.<br>jfougere@sidley.com<br>Jillian Sheridan Stonecipher, Esq.<br>jstonecipher@sidley.com<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street, Suite 4000<br>Los Angeles, CA 90013 | Attorneys for Defendant<br><br>DIRECTV, LLC, a California limited liability company |

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address sgalan@vedderprice.com to the person(s) at the e-mail address(es) listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 18, 2022, in Los Angeles, California.

_____
Steven Galan

PROOF OF SERVICE