# Exhibit O



**Joseph Tocco**
Senior Vice President &
Assistant General Counsel

**AT&T Services, Inc.**
208 S. Akard Street
Dallas, TX  75202

**T** 214.757.3422
Joseph.Tocco@att.com

January 21, 2022

Mr. Robert Herring
Mr. Dan Ball
Herring Networks, Inc.
4757 Morena Blvd.
San Diego, CA 92117

**Re: False Statements in On-Air Addresses on One America News Network ("OANN") by Dan Ball on *Real America* on January 17, 2022 and Robert Herring on January 20, 2022**

Messrs. Herring and Ball:

I write regarding the false statements you made on multiple OANN broadcasts this week regarding AT&T and its Chairman of the Board, William E. Kennard—including Mr. Ball's appalling threat to launch a smear campaign and his plea to his viewers for "any dirt" on Mr. Kennard. AT&T demands that you immediately stop making these intentionally false and threatening statements and issue an on-air retraction and apology to AT&T and Mr. Kennard for your misrepresentations.

On Monday, January 17, 2022, Mr. Ball stated on-air during the *Real America* program that Mr. Kennard directed DIRECTV to drop OANN at the end of their carriage agreement. Mr. Ball accused Mr. Kennard of "doing nothing but a political maneuver by pressuring DIRECTV" to drop OANN. Mr. Ball further pleaded for the OANN audience to send him "any dirt" about Mr. Kennard, stating:

> **"If you have any dirt on Mr. Kennard, I'd love to see it and put it on this program";**
>
> **"You bring me concrete evidence of whatever it may be: cheating on his taxes, cheating on his wife, saying racial slurs against white people";**
>
> **"Whatever it may be. Find it for me. Bring it, and we will air it"; and**





> **"Everybody's got dirty little sins and secrets they're hiding" and Mr. Kennard "deserves to have his exposed" for what he is "doing" to OANN.**

A video of Mr. Ball's broadcast is accessible on the Real America OAN Facebook page.[1]

The same day, DIRECTV wrote to Herring Networks regarding its material breach of the Affiliation Agreement with DIRECTV, including the airing of disparaging content on OANN.

Not to be deterred, on January 20, OANN's CEO, Robert Herring, provided an on-air address concerning DIRECTV's announced decision not to renew its affiliation agreement with OANN. During that address, with the aid of photographs, Mr. Herring stated:

> **In the past, we have worked with a man named John Stankey at AT&T and we always appreciate the great working relationship we had with him. But just recently, the new head of the board of AT&T by the name of William Kennard let us know that he and the rest of the board simply do not want to carry us anymore.**

Mr. Herring's address ran several more times on OANN since its original broadcast at around 4:00 p.m. ET on January 20.

It is one thing to entertain conspiracy theories in a forum for expressing opinion. It is entirely another to actively promote falsehoods and misinformation for commercial gain, as Mr. Ball, Mr. Herring, and OANN have done here.

**The following intentionally false statements about Mr. Kennard and AT&T must be immediately retracted and corrected:**

*First,* putting aside his repulsive "call to action" for his viewership, Mr. Ball falsely stated that Mr. Kennard pressured DIRECTV to drop OANN from its channel lineup at the end of their carriage agreement. No such thing ever occurred. Moreover, Mr. Ball's reckless incendiary call for "dirt" on Mr. Kennard is independently actionable as defamation because his statements convey, directly and implicitly, that there is "dirt" on Mr. Kennard to be had (reinforced by Mr. Ball's assurance that "everybody's got dirty

---

[1] *See* https://www.facebook.com/RealAmericaOAN/; https://rumble.com/vstoxu-real-america-call-at-and-t-now-demand-they-carry-oan-and-awe.html?fbclid=IwAR3c_hMbrXe2SjAkDh7rr4dvgYKaoFYwdbCB196hV9K8qE67L_QtGqHHB5Q.





little sins and secrets they're hiding"). This includes the factually false insinuation that Mr. Kennard is a tax cheat or an adulterer or uttered "racial slurs against white people." Mr. Ball knew at the time of his statements that he had no facts to support that Mr. Kennard is any of these things. Instead, he recklessly implied just that by confirming a pre-existing false narrative to OANN's viewers that there is "concrete evidence" of such conduct by Mr. Kennard that need only be discovered. Whether couched directly, rhetorically, or as a plea for confirmation, statements that imply Mr. Ball has knowledge of facts such as these are actionable as defamation. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19 (1990) (noting that actionable defamation exists when the speaker "implies a knowledge of facts which lead to the conclusion" expressed).

*Second*, Mr. Herring falsely stated that Mr. Kennard communicated with either OANN or Mr. Herring regarding OANN. As OANN's CEO, Mr. Herring knows that Mr. Kennard did not contact OANN, and certainly knows that Mr. Kennard did not contact him personally. Mr. Herring nevertheless intentionally misrepresented just that to OANN's viewership.

*Third*, Mr. Herring falsely stated that Mr. Kennard "let [OANN] know that he and the rest of the [AT&T] board simply do not want to carry [OANN] anymore." Again, as Mr. Herring knows, Mr. Kennard has not communicated with him or OANN about DIRECTV's decision, and he did not make the claimed statement to Mr. Herring or anyone at OANN. In fact, Mr. Kennard has not communicated the sentiment that "he and the rest of the board simply do not want to carry" OANN to *anyone*, and to his knowledge, he has never spoken to anyone at OANN on *any* topic.

*Last*, Mr. Herring falsely implied that Mr. Kennard and the AT&T Board of Directors actually made the decision for and/or directed DIRECTV to remove OANN from DIRECTV's channel lineup. Although AT&T is the majority shareholder of DIRECTV, DIRECTV is an independent company, and AT&T does not control the operations of DIRECTV, including DIRECTV's carriage decisions. Such decisions are made internally by DIRECTV, which has been a separate business entity since August 2021.

OANN has an obligation to correct the false statements that it broadcasts. Under most state laws, OANN has a limited amount of time to publish a retraction in a manner that is substantially as conspicuous as the manner in which it published the original error. *See e.g.*, Tex. Civ. Prac. & Rem. Code § 73.057; Cal. Civ. Code § 48a. Since Messrs. Ball and Herring delivered their original address on-air during prominent programming blocks, it is essential that OANN correct the above falsehoods in a manner no less prominent or conspicuous during its on-air programming.

AT&T demands that Mr. Herring deliver a public address explaining that he retracts his January 20, 2022 statements because (1) he falsely asserted that Mr. Kennard had





communicated with Mr. Herring or OANN, when in fact no such communication occurred; (2) he falsely claimed that Mr. Kennard stated that he and the rest of AT&T's Board of Directors simply did not want DIRECTV to carry OANN in its channel lineup anymore, when in fact Mr. Kennard never made such a statement; and (3) he falsely implied that Mr. Kennard and the AT&T Board of Directors play a role in and have authority over DIRECTV's decisions regarding its channel lineup and that the AT&T Board of Directors (including Mr. Kennard) control the business decisions by DIRECTV's management.

Further, Mr. Ball must also issue a retraction and correction of his recklessly false and derogatory statements about Mr. Kennard during the *Real America* program, specifically including Mr. Ball's false statement that Mr. Kennard pressured DIRECTV to drop OANN from its channel lineup at the end of their carriage agreement. Mr. Ball also must retract and apologize for the disgusting "call to action" of his viewership and attempt to smear Mr. Kennard by pleading for "dirt" regarding his taxes, his marriage, and any "racial slurs" he may have happened to utter about "white people."

While the First Amendment protects speech by the news media, it does not protect statements made with actual malice, i.e., statements made with knowledge of falsity or with reckless disregard of the facts. Intentional lies still matter—particularly when made for purely commercial gain. If OANN again publishes the statements identified above, or knowingly or recklessly publishes other false statements concerning Mr. Kennard, AT&T and/or other AT&T Board members, OANN will be exposed to significant monetary damages, including punitive damages. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974) (holding punitive and presumed damages are allowed upon "a showing of knowledge of falsity or reckless disregard for the truth")**.**

If you have any questions about this matter, please contact me.

Sincerely,

Joseph Tocco

