**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., *et al.* )<br><br>   Plaintiffs/Counterclaim )<br>   Defendants )<br>v. )<br><br>HERRING NETWORKS, INC., *et al.,* )<br><br>   Defendants/Counterclaim, )<br>   Third-Party Claim Defendants )<br>v. )<br><br>AT&T Services, Inc., *et al.* )<br><br>   Counterclaim/Third-Party )<br>   Claim Defendants )<br> )| Case No. 1:21-cv-02130-CJN<br><br><br>Judge Carl J. Nichols<br><br><br>**JURY TRIAL DEMANDED** |

## <u>DOMINION'S MOTION FOR ENTRY OF A</u>
## <u>SCHEDULING ORDER & CONSOLIDATION</u>

Introduction

Plaintiffs and Defendants (hereinafter "the Parties", explicitly excluding the Third-Party Defendants) offered competing scheduling orders in their February 28, 2023, Joint Meet and Confer Report.  In essence the Parties were eight months apart in their proposed schedules. Dominion's proposed schedule tracked the scheduling orders in the other Dominion cases pending before the Court (the "Consolidated Cases") and argued for consolidation of this case with those cases for discovery purposes.  The defendants opposed consolidation.  The Court has yet to enter a scheduling order.

This week the Court entered a new stipulated scheduling order in the Consolidated Cases which brings those dates within four to five months of the proposal that the defendants have made in this case.  Dominion files this motion to (1) amend its proposed schedule to comport with the schedule the Court just entered in the Consolidated Cases, (2) re-urge consolidation of this case

for discovery purposes, and (3) in any event ask the Court to enter a scheduling order so the Parties can plan the litigation accordingly.  The defendants continue to oppose consolidation and assert their preference for their proposed schedule, and the recently added third-party defendants – who have not answered the third-party complaint - do not take a position on the motion because their upcoming motions to dismiss have not yet been decided.  Per the defendants' request, an email exchange of those meet and confer communications is attached as Exhibit A.

**Scheduling Order**

The Parties did not see eye-to-eye in their proposed scheduling orders when they filed their proposals a couple of months ago.  Dominion has worked with the defendants in the Consolidated Cases to revise the scheduling order to achieve a schedule that will work for all, including the defendants in this case.  The new schedule meets the defendants in this case just about half-way: cutting the difference between the parties' positions to four-five months depending on the deadline from eight.  Both Dominion and the defendants have now served discovery requests on each other. Dominion asserts that its schedule, which gives the Parties 9 months for fact discovery, a year from now for expert discovery, and sets the dispositive motion deadline 14 months from now, is ample time for the Parties to do what needs to be done to get this case ready for trial.  OAN's proposal, by contrast, would continue fact discovery for more than a year, before moving on to the rest of the pre-trial tasks, resulting in dispositive motions not even being fully briefed until 2025. There is no need for such an excessively extended schedule.

Dominion's amended proposed scheduling order under Local Civil Rule 16.3(d) is as follows:

1.  Deadline to Exchange Initial Disclosures under Fed.R.Civ.P.26(a)(1): **March 30, 2023**

2.  Deadline to Join Additional Parties or Amend Pleadings: **N/A**

3.  Deadline to Serve Document Requests under Fed.R.Civ.P.34: **September 5, 2023**

4.  Deadline for Completion of Fact Discovery: **January 22, 2024**

5.  Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **February 12, 2024**

6.  Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **March 11, 2024**

7.  Deadline for Proponents to Produce Responsive Expert Reports: **April 8, 2024**

8.  Deadline for Expert Depositions: **May 17, 2024**

9.  Status Conference: In-person on June 5, 2024, at 11:00 a.m.

10. Deadline to File Dispositive Motions: **July 1, 2024**

11. Deadline to File Oppositions to Dispositive Motions: **July 29, 2024**

12. Deadline to File Replies in Support of Dispositive Motions: **August 16, 2024**

The defendants' proposed scheduling order as set forth in the February 28, 2023, Joint Meet and Confer Report was as follows (subject to the defendants' proposal to stay discovery):

1.  Deadline to Exchange Initial Disclosures under Fed R. Civ. P. 26(a)(1): **March 30, 2023**

2.  Deadline to Join Additional Parties or Amend Pleadings: **May 31, 2023**[14]

3.  Deadline to Serve Document Requests under Fed. R. Civ. P. 34: **October 26, 2023**

4.  Deadline for Completion of Fact Discovery: **May 30, 2024**

5.  Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **June 27, 2024**

6.  Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **July 31, 2024**

7.  Deadline for Proponents to Produce Responsive Expert Reports: **August 29, 2024**

8. Deadline for Expert Depositions: **October 3, 2024**

9. Status Conference: **In-person on _____, 2024 at _____**

10. Deadline to File Dispositive Motions: **November 14, 2024**

11. Deadline to File Oppositions to Dispositive Motions: **December 19, 2024**

12. Deadline to File Replies in Support of Dispositive Motions: **January 30, 2025**

**Consolidation**

The defendants in this case are the only set of defendants in the Dominion cases that have opposed consolidation for discovery purposes.  Consolidating this case with the other cases for purposes of discovery makes good sense given the substantial overlap in defamatory statements and evidence across the cases. The accused OAN statements, for instance, include numerous statements OAN broadcast made by defendants Sidney Powell, Patrick Byrne, and Rudy Giuliani, as well as entire "docu-movies" produced by defendant Mike Lindell and aired by OAN. See Compl., Doc. 1, ¶¶305(f), (g), (h), (i), (j), (k), (l), (m), (n), (p), (q), (r), (s), (t), (u), (w), (x), & (y).

As Dominion set forth in the Joint Meet and Confer Report, coordination of discovery with the Consolidated Cases will result in efficiencies that make Dominion's now-expanded proposed schedule more than sufficient.  It will also prevent witnesses, including Dominion's, other defendants', and third parties, from having to be presented multiple times for largely (and often entirely) overlapping deposition testimony.  In fact, Dominion plans to offer to the defendants in this case and the Consolidated Cases the discovery produced by Dominion in the recently settled Fox News and Fox Corporation cases, including use of the deposition testimony of the dozens of Dominion witnesses who gave testimony in those related cases, provided the Parties can agree to other reasonable discovery parameters, such as for depositions taken in these cases and for text message production protocols.

**Need For the Court to Enter a Scheduling Order**

Dominion respectfully submits that with discovery commencing it is time to have a scheduling order set by the Court.  For the reasons noted above, Dominion suggests its proposed schedule, but in any event asks the Court to enter an order allowing the parties to know what their deadlines will be.

**Conclusion**

For the reasons noted above, Dominion requests the Court to order consolidation of this case with the Consolidated Cases for discovery purposes and enter Dominion's proposed scheduling order.

Dated: May 18, 2023

Respectfully submitted,

/s/ _Dustin A. Pusch_____

Laranda Walker (D.C. Bar No. TX0028)
Mary K. Sammons (D.C. Bar No. TX0030)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
sshackelford@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Katherine Peaslee (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 516-3880
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiffs-Counter Defendants*

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
**CLARE LOCKE LLP**
10 Prince Street
Alexandria, VA 22314
(202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
164 Chelsea Street
South Royalton, VT 05068
(864) 373-3882
rodsmolla@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 18th day of May 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Dustin A. Pusch*
Dustin A. Pusch