IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HERRING NETWORK, INC., *et al.*<br><br>Defendants | Case No. 1:21-cv-02130-CJN |

**STAPLE STREET'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS OAN'S AMENDED COUNTERCLAIMS**

In pursuit of claims premised on the false conspiracy theory that William Kennard acted as a secret agent for Dominion and its parent company, OAN mistakenly sued Staple Street Capital LLC, an entity that was voluntarily canceled and has been defunct since 2017, as evidenced online in Delaware's publicly-available corporate records database.

| Department of State: Division of Corporations | |
|---|---|
| HOME | View Search Results |
| | **Entity Details** |
| File Number: | 4696493 |
| Incorporation Date / Formation Date: | 6/9/2009 (mm/dd/yyyy) |
| Entity Name: | STAPLE STREET CAPITAL LLC |
| Entity Kind: | Limited Liability Company |
| Entity Type: | General |
| Residency: | Domestic |
| State: | State: |
| Status: | Voluntarily Cancelled |
| Status Date: | 10/3/2017 |
| **REGISTERED AGENT INFORMATION** | |
| Name: | CORPORATION SERVICE COMPANY |
| Address: | 251 LITTLE FALLS DRIVE |
| City: | WILMINGTON |
| County: | New Castle |
| State: | DE |
| Postal Code: | 19808 |
| Phone: | 302-636-5401 |

1

After OAN's counsel was informed that the entity was defunct and that the entities with an ownership interest in Dominion are Staple Street Capital II LP and Staple Street Capital II-A LP (collectively, "Staple Street"), OAN demanded premature document discovery into Dominion's ownership (a request which was refused), and OAN filed Amended Counterclaims again naming the defunct entity as a counter-defendant.  To avoid needlessly protracting the dismissal of OAN's meritless claims, Staple Street states that it does not object to its substitution for the defunct entity, and it responds to OAN's Amended Counterclaims by incorporating the entirety of Dominion's Memorandum in Support of its Motion to Dismiss and further stating as follows:

OAN's Amended Counterclaims against Staple Street (Counts 3 and 4) are for "tortious interference," but the sum total of OAN's factual allegations—as opposed to legal conclusions—against Staple Street are that it owns Dominion (Amended Counterclaims ¶ 85-86), that it was upset by OAN's coverage of the 2020 election (*id.* ¶ 8), that it updated its website to remove references to Dominion and Kennard (*id.* ¶ 81), and that it made money off Dominion's settlement with Fox News (*id.* ¶¶ 2-5).  None of that is even remotely tortious, so OAN's claims against Staple Street are premised solely on OAN's legal conclusion that Kennard was Staple Street's agent.  As set forth in Dominion's Motion to Dismiss and incorporated by reference, OAN's allegations about Kennard's relationship with Staple Street would be legally insufficient even if they were true (which they are not).

Every other mention of Staple Street in the Amended Counterclaims is part of a formulaic recitation of the elements in OAN's "Counts" section.  As the U.S. Supreme Court laid out in describing the standard for a defective complaint: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The Court may as well have been describing OAN's Amended Counterclaims.  Beyond the woefully insufficient factual allegations mentioned above, OAN simply recites the elements of causes of action in Counts 3 (tortious interference with contract) and Counts 4 (tortious interference with business expectancy) by listing rote elements such as "Staple Street acted with malice, intent, and willful disregard for Herring's rights through a wrongful act (Kennard's fiduciary breach) in attempting to undermine Herring's business relationships and destroy the company."  Amended Counterclaims ¶ 174; ¶¶ 167-183.  This is exactly what a complaint cannot do if it is to survive a motion to dismiss.  The natural conclusion from OAN's insufficient pleading—which has already been amended once—is that Staple Street is an entirely uninvolved third party that has been sued in a misguided attempt to manufacture settlement leverage against Dominion.  OAN hopes the prospect of wasting Staple Street's time and money in discovery will lower the amount OAN must pay Dominion to resolve its defamation claims.

Staple Street respectfully requests that OAN's Amended Counterclaims be dismissed with prejudice and that the Court give appropriate guidance as to whether Staple Street should seek its fees and costs.

Date:   June 16, 2023

Respectfully Submitted,

/s/ Megan L. Meier
Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com

Of Counsel:

Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002

(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
SUSMAN GODFREY LLP
1301 6th Avenue, 32nd Fl.
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
164 Chelsea Street
South Royalton, VT 05068
rodsmolla@gmail.com
(864) 373-3882

Attorneys for Plaintiffs-Counter Defendants