**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., et al., | |
|         Plaintiffs/Counterclaim Defendants, | |
|     v. | Case No. 1:21-cv-02130-CJN |
| HERRING NETWORKS, INC., et al., | |
|         Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs, | Judge Carl J. Nichols |
|     v. | |
| AT&T SERVICES, INC., et al., | |
|     Third-Party Defendants. | |

**HERRING PARTIES' RESPONSE IN OPPOSITION TO**
**DOMINION PARTIES' MOTION FOR CONSOLIDATION AND**
**FOR ENTRY OF THEIR PROPOSED SCHEDULING ORDER**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................... III

I.     INTRODUCTION ................................................................... 1

II.    ARGUMENT ........................................................................ 3

     A.    The Court should adopt the Herring Parties' proposed scheduling order submitted on February 28, 2023. ........................................... 3

     B.    The Court should deny the Dominion Parties' Motion to Consolidate this case with the Other Cases for discovery. ................................. 6

          1.    The Court should not consolidate this case with the Other Cases because consolidation would unfairly prejudice the Herring Parties......... 6

          2.    The Court should not consolidate this case with the Early Cases because the Early Cases are in a different procedural posture.................. 8

          3.    Consolidation is inappropriate because this case involves different factual and legal issues not present in the Other Cases. ........................ 11

III.    CONCLUSION.................................................................... 12

INDEX OF EXHIBITS............................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrios v. Elmore*,
2018 WL 3636576 (W.D. Ky. July 31, 2018) ........................................................................7

*De La Fuente v. DNC Servs. Corp.*,
2019 WL 1778948 (D.D.C. Apr. 23, 2019) .........................................................................11

*J4 Promotions, Inc. v. Splash Dogs, LLC*,
2010 WL 3063217 (S.D. Ohio Aug. 3, 2010).......................................................................9

*Klayman v. Judicial Watch, Inc.*,
255 F. Supp. 3d 161 (D.D.C. 2017) ......................................................................................6

*Olaplex LLC v. Groupon, Inc.*,
2019 WL 9042542 (C.D. Cal. Apr. 19, 2019) .....................................................................11

*Sancom, Inc. v. Qwest Communications Corp.*,
2009 WL 10722421 (D.S.D. Mar. 9, 2009) ......................................................................8, 9

*Shipkovitz v. The Washington Post Co.*,
571 F. Supp. 2d 178 (D.D.C. 2008) ....................................................................................11

*\*Stewart v. O'Neill*,
225 F. Supp. 2d 16 (D.D.C. 2002) ................................................................................6, 8, 9

*Stewart v. Whitcap Investment Corp.*,
2012 WL 4891726 (D.V.I. Oct. 16, 2012) ...........................................................................9

*Synovus Bank v. Coleman*,
2012 WL 178361 (W.D.N.C. Jan. 23, 2012) ......................................................................11

*United States v. Retsel Corp.*,
2023 WL 2019311 (D.S.D. Feb. 15, 2023)......................................................................6, 11

*Waiters v. Sci. Applications Int'l*,
2020 WL 12765188 (D.S.C. July 17, 2020) ........................................................................10

**Rules**

Fed. R. Civ. P. 30(d)(1)...........................................................................................................2

**Other Authorities**

*First Amendment Salon: Dominion vs. Fox lawyers reflect on historic case*,
     YouTube (May 15, 2023) .........................................................................................10

Herring Networks, Inc., d/b/a One America News Network ("OAN"), Charles Herring, Robert Herring, Sr., and Chanel Rion (collectively, the "Herring Parties")[1] hereby submit their Response in Opposition to the Motion for Entry of [Plaintiffs'] Scheduling Order & Consolidation (the "Motion") (Dkt. No. 86) filed by U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, the "Dominion Parties").[2]

## I.     INTRODUCTION

The Dominion Parties filed this lawsuit on August 10, 2021, six to seven months after they filed three of the cases ("Early Cases") they seek to consolidate with this one for purposes of discovery.[3]  Each of the Early Cases and Byrne have had a case management order in place for well over a year, but this case does not yet have any such order.  The Herring Parties submitted a proposed schedule on February 28, 2023 (Dkt. 72) ("Feb. 28 Proposal") one month after they answered the Complaint on January 20, 2023 (Dkt. 59). For the Court's convenience, we attach the Feb. 28 Proposal as **Exhibit 1**.  The Herring Parties' Amended Counterclaim / Third Party Complaint (Dkt. 85) was filed on May 4, 2023. Responsive pleadings to the Amended Counterclaim / Third Party Complaint are due on June 20, 2023, and we anticipate motions to dismiss under Rule 12(b) will be filed (two such motions have already been filed by Dominion and Staple Street, *see* Dkt. 99, 100 (memorandums in support of the motions).

---

[1] The Herring Parties are the Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs in this case.  Another Defendant, Christina Bobb, is separately represented.

[2] The Dominion Parties are the Plaintiffs and Counterclaim Defendants in this case.

[3] Those cases are: *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-000040 (CJN), filed on January 8, 2021 ("*Dominion v. Powell*"); *US Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN), filed on January 25, 2021 ("*Dominion v. Giuliani*"); and *US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (CJN), filed on February 22, 2021 ("*Dominion v. My Pillow*"). A fourth case, *US Dominion, Inc. et al. v. Byrne*, No. 1:21-cv-2131 (CJN) ("*Dominion v. Byrne*") was filed on the same day that the Herring Parties were sued.  Collectively, these four cases will be referred to as the "Other Cases."

By contrast, Answers were filed in the Early Cases more than a year prior to the Answers in this case: Powell answered on September 24, 2021; Giuliani answered on August 25, 2021; and My Pillow answered on December 2, 2021. Document production in those cases is well underway but has barely begun in this case, and there has been no discovery of any sort on the counterclaims and third-party claims at issue here.  We also understand that certain discovery agreements have been made among parties to the Early Cases although the Herring Parties obviously were not included in those negotiations or agreements.

The February 28 Proposal was made to accommodate the discovery needs of *this* case and did not account for the requirements or agreements of the parties in the Early Cases and Byrne. We frankly can see how the Early Cases might benefit from discovery consolidation to which, we understand, at least some have agreed.  But we see no benefits for this case and many practical problems that will likely result in the Court having to resolve even more discovery disputes down the road.  We submit just one example: Dominion's CEO is John Poulos.  The Federal Rules permit a deposition of him on one day for seven hours unless otherwise stipulated or ordered by the Court. Fed. R. Civ. P. 30(d)(1).  Given that the Dominion Parties demand damages from the Herring Parties and Ms. Bobb "jointly and severally" in the amount of $1,601,300,000 plus "general compensatory damages," punitive damages and interest, costs, expenses, and attorneys' fees, Defendants in this case should be permitted *at least* one seven-hour day to conduct a deposition of this key witness.

But do the defendants from the Early Cases each get a day or do we have to share the day? If they each get a day who goes first and what then has consolidation achieved in any event?  And this problem would not be limited to just Mr. Poulos. We predict the Court might be required to resolve these and other similar issues if consolidation were ordered, rendering that path less

2

efficient, not more.  Consolidation of this case should thus be denied and the February 28 Proposal should be entered so we can prepare this case for trial in an orderly way.

## II.     ARGUMENT

**A.     The Court should adopt the Herring Parties' proposed scheduling order submitted on February 28, 2023.**

The Herring Parties submitted the February 28 Proposal over three months ago and have been working diligently to meet their deadlines since then, even amidst a change of counsel.  But the Dominion Parties' request seeks to compress the Herring Parties' sensible deadlines for no *good* reason.   Having just settled their defamation claim against Fox News for nearly $800,000,000,[4] one can understand why the Dominion Parties are eager for more money (although not entitled and unlikely to get it from us).  And because the Dominion Parties completed much of their document collection and production in the Fox Case, they are better able to comply with an expedited discovery schedule than are the Herring Parties.  But that tactical advantage and eagerness to pursue more damages from this smaller conservative news channel (which has lost much of its channels of distribution because of the bad acts of the Dominion Parties and others) are not grounds for the aggressive schedule they suggest.

The Herring Parties' proposal is logical here since the parties have not engaged in any meaningful discovery.  Only recently have the parties exchanged requests for production of documents.  The parties have not engaged in the complex tasks of identifying custodians, proposing search terms for ESI discovery, agreeing to a protective order, or even discussing availability for witness depositions.  Indeed, the parties have not even exchanged Rule 26 initial disclosures.  The Dominion Parties, despite having their documents readily available, have yet to

---

[4] *US Dominion, Inc., et al. v. Fox News Network, LLC, et al.*, No. N21C-03-257 (EMD) ("Fox Case").

make a production of documents.  The Complaint in this matter is simply too massive to justify Dominion's request that fact discovery be conducted on an expedited schedule.

In addition, the Dominion Parties' schedule—with a September 5, 2023 deadline for serving document requests and a January 22, 2024 deadline for completing fact discovery—does not provide sufficient time for addressing motions to dismiss from the Dominion Parties and Third-Party Defendants.  The Dominion Parties and the Third-Party Defendants likely will file several motions, including Rule 12(b) motions, relating to the Herring Parties' Claims.[5]  Because these motions will require extensive briefing, it is inefficient to require such short discovery deadlines contemporaneous with that briefing.

The Dominion Parties also seek to effectively put this case on two different tracks: one dealing with the Dominion Parties' claims and one dealing with the Herring Parties' Claims.  Such a split would prejudice the Herring Parties and would *not* result in judicial efficiencies.  The Dominion Parties stated in the Rule 16.3 Report that they believe discovery on the Herring Parties' counterclaims should wait until after the Court decides their forthcoming motion to dismiss, which is likely to occur at least a few months down the road.  (Dkt. No. 72 at 18.)  The counterclaims involve the same subject matter as the Dominion Parties' claim—breaches of, and tortious interference with, a contract in direct response to OAN's coverage of the 2020 U.S. presidential election.  Given the significant overlap between the claims and counterclaims, the parties should take discovery on all claims and defenses at the same time.  The Dominion Parties' proposal is too truncated to allow for *simultaneous* discovery on the claims and counterclaims.  It is even less

---

[5] Indeed, on June 16, 2023, both Staple Street Capital (Dkt. No. 100) and Dominion (Dkt. No. 99) filed 12(b) motions to dismiss.

appropriate for the Court to adopt the Dominion Parties' proposed schedule if the discovery periods are to run at least somewhat *consecutively*.

In addition, while not apparent on the face of the Motion and, perhaps, unintended, the Dominion Parties' proposed schedule would have the effect of forcing the Herring Parties to litigate simultaneously all pre-trial matters in this case and *Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network*, No. 1:21-cv-002900 (the "*Smartmatic* Litigation"). The similarities are shown in the chart attached as **Exhibit 2**, which compares the scheduling order entered in the Smartmatic Litigation to the Dominion Parties' proposal. It shows significant overlap in deadlines regarding dispositive motions. Smartmatic wants even more billions in damages than Dominion. Setting this case on the same pre-trial track as the Smartmatic Litigation would force OAN and its counsel into litigating two very large and complex cases at the same time. Such a result would be prejudicial and unjustified.

The Herring Parties ask the Court to enter the scheduling order it previously submitted in the Joint Meet and Confer Report Under Local Rule 16.3, Docket No. 72. For the Court's convenience, we have reproduced the proposal as **Exhibit 1.** This proposal is specific to this action and reflects the complexities of this particular lawsuit, including the counterclaims and third-party claims. It allows briefing and a ruling on the Dominion Parties' and Third-Party Defendants' motions to dismiss well before the close of fact discovery so that the parties have sufficient time to conduct discovery on all claims and defenses.[6]

---

[6] In the alternative, the Court should stay discovery on all parties' claims until the Court rules upon the Dominion Parties' and the Third-Party Defendants' motions to dismiss to allow the parties to conduct discovery efficiently on all claims and defenses at the same time.

**B.** **The Court should deny the Dominion Parties' Motion to Consolidate this case with the Other Cases for discovery.**

Under Federal Rule of Civil Procedure 42(a), if multiple actions before a district court "involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."[7]  In addressing a motion to consolidate, a district court should consider factors including: (i) whether consolidation would result in confusion or prejudice; (ii) whether consolidation would promote judicial efficiency in light of the procedural posture of the actions; and (iii) whether the actions involve common questions of law or fact.[8]

**1.** **The Court should not consolidate this case with the Other Cases because consolidation would unfairly prejudice the Herring Parties.**

Consolidating this case and the Other Cases for discovery purposes would unnecessarily accelerate this case by forcing it onto the same discovery schedule as cases filed up to seven months earlier.  Moreover, in the Other Cases, discovery issues exist that are not present in this case: the parties already negotiated many discovery-related issues without the Herring Parties' involvement or considering their interests or obligations in arriving at their stipulated amended scheduling order (to which, we understand, Byrne did not agree), and the parties have been engaged in discovery for many months longer than the parties in this case.  Requiring the Herring Parties to complete fact discovery on a timeline established at the request of parties who had

---

[7] *United States v. Retsel Corp.*, 2023 WL 2019311, at *1-2 (D.S.D. Feb. 15, 2023) (applying Rule 42 to a motion to consolidate for discovery only). A district court has broad discretion in addressing a motion to consolidate.  *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002).

[8] *See id.*; *Klayman v. Judicial Watch, Inc.*, 255 F. Supp. 3d 161, 174-75 (D.D.C. 2017).

already engaged in many months of discovery would unfairly prejudice the Herring Parties and requires denial of the Motion.

First, any acceleration of deadlines would prejudice the Herring Parties given the sheer breadth of the Complaint in this case.  It seeks $1.6 billion in compensatory damages and pleads more than 330 paragraphs of allegations.  (Dkt. No. 1.)  This imposes a significant defensive and discovery burden on the Herring Parties and warrants the Court allowing significant time to conduct discovery on the Dominion Parties' allegations.  The Herring Parties' proposal does just that (establishing a May 30, 2024 deadline), while the Dominion Parties' request of a January 22, 2024 deadline does not.

Second, the Other Cases raise various discovery issues that are not present in this case.  For example, Mr. Giuliani asserted in the Rule 16.3 report in *Dominion v. Giuliani* that he lacked access to a significant amount of electronic files because those files were seized by the FBI.  (*Dominion v. Giuliani*, Dkt. No. 45 at 15.)  That Rule 16.3 report also indicated that My Pillow, Inc. has attempted to file interlocutory appeals of certain orders of the Court.  (*Id.* at 15-16.)  As these issues do not involve this action or the Herring Parties, consolidating this case with the Other Cases might prejudice the Herring Parties if their discovery is bogged down in disputes among other parties which would, of course, significantly increase the already burdensome costs of litigation suffered by the Herring Parties.[9]

Third, consolidating this case would unfairly prejudice the Herring Parties because the Dominion Parties seek to force upon the Herring Parties stipulations, agreements, and conditions from the Other Cases for which the Herring Parties had no involvement in negotiating.  As an

---

[9] *See Barrios v. Elmore*, 2018 WL 3636576, at *3 (W.D. Ky. July 31, 2018) (declining to consolidate where only one party was involved in both cases and the other parties would "suffer prejudice in the form of additional costs" due to additional discovery and hearings).

example, the Court entered a Protective Order in the Other Cases that bars the use of *any* discovery material produced in the litigation *outside* of the Other Cases. (*See Dominion v. Giuliani*, Dkt. No. 51, ¶ 1.) Further, the Protective Order includes certain exemptions to this prohibition that benefit the Dominion Parties by allowing them to produce discovery material in their lawsuit against Newsmax. But the Protective Order would needlessly (and inefficiently) prevent OAN from using non-confidential discovery in the *Smartmatic* Litigation. Of course, the Herring Parties could attempt to negotiate a modified protective order to address these concerns, but that would involve unnecessary expense to the parties and take up the time of the Court (in the absence of agreement).

Finally, discovery in the Other Cases is significantly more advanced than discovery in this case. Again, while this case lacks an initial scheduling order, the Other cases have been operating under scheduling orders and their accompanying deadlines for over a year. Orders have been in place since November 15, 2021 (*Giuliani*), March 1, 2022 (*Powell* and *My Pillow*), and June 6, 2022 (*Byrne*).[10] Forcing the Herring Parties to play "catch-up" with the Other Cases creates an unfair burden that the Dominion Parties cannot justify. They cannot do so because the Dominion Parties created this situation by filing these lawsuits on the dates they chose.

**2.      The Court should not consolidate this case with the Early Cases because the Early Cases are in a different procedural posture.**

Throughout their Motion, the Dominion Parties largely ignore the differences in the status of discovery between this case and the Other Cases. As federal courts have recognized, differences in the procedural posture of cases weigh against consolidation.[11]

---

[10] The scheduling orders set a September 5, 2023 deadline for issuing document requests and a deadline of January 22, 2024, for the completion of all discovery. *See* **Exhibits 3** and **4.**

[11] *See, e.g.*, *Stewart*, 225 F. Supp. 2d at 21. "[T]he district court may deny consolidation when one of the actions has proceeded further in the discovery process than the other." *Sancom, Inc. v. Qwest*

Here, each of the Early Cases has progressed much further than this case, both in terms of the time the parties have had to take discovery, as well as the amount of discovery actually completed to date. Notably, *Dominion v. My Pillow*, *Dominion v. Powell*, and *Dominion v. Giuliani* were each filed in January or February 2021, approximately six to seven months before the Dominion Parties filed this case. The parties in the Early Cases filed their Rule 16.3 reports in January 2022 and June 2022, approximately 13 months and 8 months, respectively, before the parties filed the Rule 16.3 Report in this case. (*Dominion v. Giuliani*, Dkt. No. 45; *Dominion v. Byrne*, Dkt. No. 39.) As such, the parties in the Other Cases, including Dominion, have had substantially more time than the Herring Parties to conduct discovery.

In stark contrast to the Other Cases, the parties in this case have not engaged in meaningful discovery. Courts facing similar situations have denied requests to consolidate.[12]

The difference in the status of discovery between this case and the Other Cases is no accident. The Dominion Parties filed all but one of the Other Cases, as well as lawsuits against Fox News and Newsmax, many months before filing this lawsuit. One of the Dominion Parties' lead attorneys recently explained in a public interview that they put together an analysis of "who do we sue, where do we sue and in what order" before adopting the strategy of filing "multiple cases in multiple jurisdictions." *See* Foundation for Individual Rights and Expression, *First*

---

*Communications Corp.*, 2009 WL 10722421 at *1 (D.S.D. Mar. 9, 2009) (quoting 9A *Charles Alan Wright & Arthur R. Miller*, Federal Practice & Procedure § 2383 (2008)).

[12] *See, e.g.*, *Stewart*, 225 F. Supp. 2d at 21 (declining to consolidate where "substantial discovery" had taken in place in one case but not the other); *Stewart v. Whitcap Investment Corp.*, 2012 WL 4891726, at *2 (D.V.I. Oct. 16, 2012) (declining to consolidate because the movant failed to meet its burden to show judicial economy because discovery in one case had progressed further than in the other case); *J4 Promotions, Inc. v. Splash Dogs, LLC*, 2010 WL 3063217, at *2 (S.D. Ohio Aug. 3, 2010) (declining to consolidate where one case had a deadline to complete discovery and no such deadline existed in the other case); *Sancom, Inc.*, 2009 WL 10722421, at *1-2 (declining to consolidate where certain cases did not have a scheduling order but another case had discovery deadlines that were upcoming or had already passed).

*Amendment Salon: Dominion vs. Fox lawyers reflect on historic case*, YouTube (May 15, 2023), at 4:20–5:10, https://www.youtube.com/watch?v=6035sEv0c0o. Had the Dominion Parties wanted this case and the Other Cases to be treated as one, they could have filed one lawsuit.

As part of their "strategy," however, the Dominion Parties not only filed separate lawsuits but also separated the filings by more than six months and then waited more than two years after their first lawsuits were filed before seeking to consolidate this case and the Other Cases for discovery purposes and dispositive motions. The Court should hold the Dominion Parties to that choice rather than permitting the Dominion Parties to unfairly impede the Herring Parties' defensive efforts out of alleged convenience for the Dominion Parties.[13]

The Motion also states that Herring Parties are "the only set of defendants" to oppose consolidation for discovery purposes. (Mot. at 4.) That may be true as to the Early Cases but not as to Byrne (filed the same day as this case). In *Dominion v. Byrne*, Mr. Byrne opposed consolidation. (*Dominion v. Byrne*, Dkt. No. 39 at 7.) In addition, by asserting that the Herring Parties are the only parties objecting to consolidation, the Dominion Parties ignore that the Third-Party Defendants[14] take no position on the Motion "because their upcoming motions to dismiss have not yet been decided." (Mot. at 2.) The fact that the Third-Party Defendants believe it is premature to even take a position on consolidation of this case is further proof that this case differs procedurally from the Other Cases.

---

[13] *See Waiters v. Sci. Applications Int'l*, 2020 WL 12765188, at *2 (D.S.C. July 17, 2020) (denying a motion to consolidate for purposes of discovery, mediation, and motions where the plaintiff filed each of its cases as separate actions and waited more than two years before seeking consolidation).

[14] Staple Street Capital LLC and AT&T Services, Inc. are "Third-Party Defendants." On June 16, 2023, the Herring Parties filed a notice voluntarily dismissing without prejudice Third-Party Defendant William Kennard.

3.    **Consolidation is inappropriate because this case involves different factual and legal issues not present in the Other Cases.**

The Court also should deny the Motion because this case involves several key factual and legal issues not present in the Other Cases.  Notably, the Motion points to only one paragraph (Complaint ¶ 305) of allegedly overlapping facts (Mot. at 4) in a Complaint that exceeds 300 paragraphs.  As an example of the disparate facts, in this case, the Herring Parties' filed claims against the Dominion Parties and the Third-Party Defendants for tortious interference and/or contractual indemnity involving a contract that is not at issue in the Other Cases.  (Dkt. No. 85.) As such, additional discovery regarding Herring Parties' Claims will need to take place, further warranting a discovery schedule that is not rushed.[15] The mere existence of the third-party claims justifies denying the request to consolidate.[16]

The Herring Parties also have defenses to and/or privileges implicated by the Dominion Parties' claims that will likely play a far less significant role in the Other Cases (if they play any role at all). For example, the Herring Parties have asserted the fair report privilege, which may create additional discovery issues unique to this case.[17] Accordingly, the Court should decline to consolidate this case for discovery purposes.[18]

---

[15] *See Retsel Corp.*, 2023 WL 2019311, at *2 (denying a motion to consolidate for discovery purposes because counterclaims pending in only one of the cases would require the parties "to engage in discovery that likely will differ in length of time needed [and] avenues of inquiry and witnesses").

[16] *See Synovus Bank v. Coleman*, 2012 WL 178361, at * 1 (W.D.N.C. Jan. 23, 2012) (declining to consolidate where multiple counterclaims and third-party claims were filed).

[17] *See, e.g.*, *Shipkovitz v. The Washington Post Co.*, 571 F. Supp. 2d 178, 185-86 (D.D.C. 2008) (recognizing the fair report privilege).

[18] *See Olaplex LLC v. Groupon, Inc.*, 2019 WL 9042542, at *1 (C.D. Cal. Apr. 19, 2019) ("Even where claims are identical, distinct underlying facts may give rise to different defenses and legal issues, which would weigh against consolidation."); *De La Fuente v. DNC Servs. Corp.*, 2019 WL 1778948, at *12 (D.D.C. Apr. 23, 2019) (declining to consolidate where the "causes of action turn[ed] on facts unique to each plaintiff").

### III.    CONCLUSION

The Herring Parties respectfully request that the Court enter an Order:

(1)    denying the Dominion Parties' Motion in its entirety;

(2)    declining the Dominion Parties' request to consolidate this case with the

Other Cases for discovery or any other purpose;

(3)    entering the Herring Parties' proposed updated scheduling order set forth in

**Exhibit 1** hereto; and

(4)    granting such other, further and additional relief in favor of the Herring

Parties and against the other parties in this case as the Court deems fair, just,

and equitable.

Dated: June 19, 2023               By:   */s/ Jonathan D. Neerman*
                                         Jonathan D. Neerman (*D.D.C. admission pending*)
                                         D.C. Bar No. 90003393
                                         Jackson Walker LLP
                                         jneerman@jw.com
                                         2323 Ross Avenue, Suite 600
                                         Dallas, TX 75201
                                         T: (214) 953-5664
                                         F: (214) 661-6899

                                         */s/ R. Trent McCotter*
                                         R. Trent McCotter (D.C. Bar No. 1011329)
                                         Boyden Gray & Associates
                                         801 17th St NW, #350
                                         Washington, DC 20006
                                         (202) 706-5488
                                         mccotter@boydengrayassociates.com

                                         **COUNSEL FOR DEFENDANTS HERRING
                                         NETWORKS, INC., D/B/A ONE AMERICA
                                         NEWS NETWORK, CHARLES HERRING,
                                         ROBERT HERRING, SR., AND CHANEL
                                         RION**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the current parties of record.

_/s/ R. Trent McCotter_
R. Trent McCotter

## <u>INDEX OF EXHIBITS</u>

1. Herring Parties' Proposed Scheduling Order filed February 28, 2023 (Dkt. No. 72-2).

2. Comparison Chart: Scheduling Order entered in the Smartmatic Litigation v. Dominion Parties' proposal.

3. *Byrne* Amended Scheduling Order.

4. *Giuliani*, *Powell*, and *My Pillow* Amended Scheduling Order.