IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> HERRING NETWORKS, INC., *et al.*, <br><br> Defendants/ Counterclaim Plaintiffs/ Third-Party Plaintiffs, <br><br> v. <br><br> AT&T SERVICES, INC., *et al.*, <br><br> Third-Party Defendants. | No. 1:21-cv-02130-CJN <br><br> Judge Carl J. Nichols |

**DEFENDANT CHRISTINA BOBB'S RESPONSE IN OPPOSITION
TO DOMINION PARTIES' MOTION FOR
<u>ENTRY OF A SCHEDULING ORDER & CONSOLIDATION</u>**

Defendant Christina Bobb ("Bobb") respectfully submits this Response in Opposition to U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation's (collectively, "Plaintiffs") Motion for Entry of a Scheduling Order & Consolidation (Doc. 86, the "Motion").

Bobb adopts and incorporates herein the arguments in opposition, Doc. 102, submitted by Herring Networks, Inc., d/b/a One America News Network ("OAN"), Charles Herring, Robert Herring, Sr. and Chanel Rion (the "Herring Parties"). Bobb writes separately to emphasize the additional burdens that consolidation would impose on her as an individual defendant. The Court should deny the Motion and enter the proposed scheduling order submitted by Defendants on February 28, 2023. Doc. 102-1 (the "Feb. 28 Proposal").

1

## ARGUMENT

Following the 2020 presidential election, Plaintiffs' activities became the subject of significant public scrutiny. Unhappy with this attention, Plaintiffs developed a plan to sue various media outlets and individuals for defamation. For self-described strategic reasons, Plaintiffs segregated their claims into separate lawsuits, filing and advancing each case individually. Having reaped enormous benefits from this approach, Plaintiffs now reverse course and ask that the Court consolidate discovery in this case with four earlier-filed actions (collectively, the "Other Cases").[1] The Other Cases, however, are on a much different track than this matter. Each feature scheduling orders initially entered over a year ago without Bobb's input. This matter, by contrast, has only just begun discovery, with scheduling and protective orders not yet entered.

While Plaintiffs claim consolidation will result in unspecified "efficiencies," Motion at 4, in truth, it will confuse the issues and overwhelm Bobb—an individual defendant—with mountains of irrelevant discovery. The operative complaints in the Other Cases are each over 100 pages long and include innumerable factual allegations that have no connection to Bobb or this matter. Indeed, three of the complaints do not even mention Bobb, and the last contains only a single tangential reference to her in a footnote. Consolidation would thus place Bobb in the extraordinarily difficult position of sifting through not just the extensive discovery expected in this case, but four other similarly complex cases as well—all to find the very small fraction of materials that may pertain to the allegations against her. Moreover, consolidation would require Bobb or her counsel to prepare for and attend every deposition in all five cases, as a unified deposition notice would not

---

[1] *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-000040 (CJN) ("*Powell*"); *US Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN) ("*Giuliani*"); *US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (CJN) ("*My Pillow*"); *US Dominion, Inc. et al. v. Byrne*, No. 1:21-cv-2131 (CJN) ("*Byrne*").

indicate whether Plaintiffs intend to elicit testimony relevant to Bobb or an unrelated defendant in another matter.

Although Plaintiffs have assembled an "army of lawyers" to work through discovery at a rapid pace,[2] and have been doing so for months or years already, Bobb has no such luxury. She is an individual with limited time to review large volumes of documents or address extraneous depositions. Thus, rather than "creat[ing] equally informed parties and, in that sense, a level playing field," *Chiperas v. Rubin*, No. CIV.A.96-130TPJ/JMF, 1998 WL 765126, at *4 (D.D.C. Nov. 3, 1998), consolidation would only serve to obscure important information behind of a sea of irrelevant documents and testimony.

Worse still, for clearly relevant discovery, such as the depositions of key dominion personnel, consolidation could greatly hinder Bobb's ability to prepare her defense. Specifically, Plaintiffs seek to prevent their employees and others "from having to be presented multiple times" for depositions. Motion at 4. But if this were the case, the default 7-hour limit on depositions would allow Bobb just minutes to question some of the most important witnesses in this case (assuming an even split of time between the numerous defendants in all five matters). This is untenable. Plaintiffs seek over $1.6 billion in joint and several damages against Bobb. Given the enormity of these claims, whatever inconvenience Plaintiffs' witnesses might face from having to sit for non-consolidated depositions in this matter is immaterial next to Bobb's need to defend herself fully and thoroughly.[3]

---

[2] *See* Foundation for Individual Rights and Expression, *First Amendment Salon: Dominion vs. Fox lawyers reflect on historic case*, YOUTUBE (May 15, 2023), at 5:10-5:20, https://www.youtube.com/watch?v=6035sEv0c0o.

[3] To be sure, consolidation of the cases would not prevent Bobb from seeking expanded deposition time. Fed. R. Civ. P. 30(d)(1) (allowing additional time by stipulation or court order). However, it makes little sense to restrict deposition time via consolidation, only to expand it later via additional motion practice or party stipulation. The better course is to simply reject consolidation.

In short, discovery in this case should be focused on this case and this case alone. Likewise, discovery should proceed on a reasonable timeline accounting for the parties' current asymmetric access to documents and witnesses. Accordingly, the court should deny the Motion and enter a scheduling order consistent with the Feb. 28 Proposal.

Respectfully submitted,

Dated: June 19, 2023     By:    /s/ John F. Lauro
John F. Lauro (Bar ID: 392830)
jlauro@laurosinger.com
Gregory M. Singer*
gsinger@laurosinger.com
Lauro & Singer
400 N. Tampa Street, 15th Floor
Tampa, FL 33602
T: 813-222-8990
* *Request to Appear* Pro Hac Vice *Forthcoming*
*Counsel for Christina Bobb*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a notice of electronic filing on all counsel of record.

/s/ Gregory M. Singer
Gregory M. Singer