IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>HERRING NETWORKS, INC., *et al.*,<br><br>    Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs,<br><br>v.<br><br>AT&T SERVICES, INC., *et al.*,<br><br>    Third-Party Defendants. | Case No. 1:21-cv-02130-CJN<br><br>Judge Carl J. Nichols |

**THIRD-PARTY DEFENDANT AT&T SERVICES, INC.'S REQUEST FOR JUDICIAL NOTICE AND INDEX OF EXHIBITS IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rule 201 of the Federal Rules of Evidence, Third-Party Defendant AT&T Services, Inc. ("AT&T Services") respectfully requests that this Court take judicial notice of the four (4) documents listed below in ruling on AT&T Services' motion to dismiss.

### Index of Exhibits

- **Hall Exhibit 1**: Attached to the contemporaneously filed Declaration of Natalie L. Hall ("Hall Declaration") as Exhibit 1 is a true and correct redacted copy of the Assignment Agreement between AT&T Services, Inc. and DIRECTV, LLC, dated July 31, 2021.

- **Hall Exhibit 2**: Attached to the Hall Declaration as Exhibit 2 is a true and correct copy of the July 28, 2021 letter from AT&T Services, Inc. and DIRECTV, LLC notifying Herring Networks, Inc. that AT&T Services would assign its "rights and obligations under the [Affiliation] Agreement" to DIRECTV following the closing of a transaction among AT&T Services, AT&T MVPD Holdings LLC, DIRECTV Entertainment Holdings LLC, and TPG VIII Merlin Investment Holdings, L.P.

- **McRae Exhibit 1**: Attached to the contemporaneously filed Declaration of Marcellus McRae ("McRae Declaration") as Exhibit 1 is a true and correct copy of the March 7, 2022 Complaint filed in *Herring Networks, Inc. v. AT&T Inc., et al.*, No. 37-2022-00008623-CU-BC-CTL (San Diego Superior Ct.) (the "San Diego Litigation").

- **McRae Exhibit 2**: Attached to the McRae Declaration as Exhibit 2 is a true and correct copy of the San Diego court's January 13, 2023 Minute Order dismissing all but one of Herring Networks, Inc.'s claims against DIRECTV, LLC in the San Diego Litigation.

## LEGAL STANDARD

Under Rule 201 of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced . . . by the defendant." *Conant v. Wells Fargo Bank, N.A.*, 24 F. Supp. 3d 1, 11 (D.D.C. 2014) (cleaned up). In addition, a court may consider "matters about which the Court may take judicial notice." *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 47 (D.D.C. 2009) (citation omitted). These matters include "official court records," "prior lawsuits," and other "public records, including SEC filings." *Veg-Mix, Inc. v. U.S. Dep't of Agric.*, 832 F.2d 601, 607 (D.D.C. 1987); *Brookens v. Solis*, 635 F. Supp. 2d 1, 6 (D.D.C. 2009); *SEC v. RPM Int'l, Inc.*, 282 F. Supp. 3d 1, 10 n.4 (D.D.C. 2017). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

## ARGUMENT

In ruling on AT&T Services' motion to dismiss, the Court may consider Hall Exhibits 1

and 2—the Assignment Agreement and the letter to Third-Party Plaintiff Herring Networks, Inc. ("Herring") notifying Herring of AT&T Services' intent to assign the Affiliation Agreement to DIRECTV, LLC ("DIRECTV")—because the assignment is referenced in Herring's Amended Third-Party Complaint (ECF No. 85 ("Am. Third-Party Compl.") ¶¶ 41, 42) and is central to AT&T Services' motion to dismiss. Documents that are "referred to in the complaint and integral to the plaintiff's claim," as well as documents "that a complaint specifically references," are considered to be incorporated by reference into the complaint and may be considered by the Court. *In re Domestic Airline Travel Antitrust Litig.*, 221 F. Supp. 3d 46, 70–71 (D.D.C. 2016) (cleaned up); Fed. R. Civ. P. 10(c); *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) ("A pleading's reference to even a part of a fully integrated and authentic contract thus incorporates the contract as a whole into the complaint."). The Assignment Agreement and the notice of assignment are relevant to AT&T Services' motion to dismiss because the assignment is referenced in the Amended Third-Party Complaint and demonstrates that no claim for indemnification exists against AT&T Services.

The Court should take judicial notice of McRae Exhibits 1 and 2, which are the complaint and a court order from a lawsuit that Herring filed against the Third-Party Defendants in March 2022 in San Diego Superior Court. "Courts may take judicial notice of official court records" and "of other cases including the same subject matter or questions of a related nature between the same parties." *Veg-Mix*, 832 F.2d at 607. The San Diego Litigation between the parties is relevant to AT&T Services' motion to dismiss because it is referenced in Herring's Amended Third-Party Complaint in this case and underlies Herring's allegations and claims. (Am. Third-Party Compl. ¶¶ 5, 88, 91–92.) The existence of these court records are "not subject to dispute" because they can be "accurately and readily determined from sources whose accuracy cannot reasonably be

questioned." Fed. R. Evid. 201(b).

For the foregoing reasons, the Court should grant AT&T Services' request for judicial notice.

Dated: June 20, 2023

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Howard S. Hogan
    Howard S. Hogan (DC Bar No. 492002)

1050 Connecticut Avenue, N.W.
Washington, DC 20036
HHogan@gibsondunn.com

Marcellus McRae (admitted pro hac vice)
M. Theodore Takougang (admitted pro hac vice) 333 South Grand Avenue
Los Angeles, CA 90071
MMcRae@gibsondunn.com
TTakougang@gibsondunn.com

Ashley E. Johnson (admitted pro hac vice)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
AJohnson@gibsondunn.com

*Attorneys for Third-Party Defendant AT&T Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of June 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

    */s/* Howard S. Hogan
Howard S. Hogan (DC Bar No. 492002)

1050 Connecticut Avenue, N.W.
Washington, DC 20036
HHogan@gibsondunn.com

Marcellus McRae (admitted *pro hac vice*)
M. Theodore Takougang (admitted *pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071
MMcRae@gibsondunn.com
TTakougang@gibsondunn.com

Ashley E. Johnson (admitted *pro hac vice*)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
AJohnson@gibsondunn.com

*Attorneys for Third-Party Defendant AT&T Services, Inc.*