IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| US DOMINION, INC., *et al.*, ) ) ) Plaintiffs, ) ) v. ) ) HERRING NETWORK, INC., *et al.* ) ) Defendants ) ) | Case No. 1:21-cv-02130-CJN |

**DOMINION'S AND STAPLE STREET'S REPLY IN SUPPORT OF THEIR
MOTIONS TO DISMISS OAN'S AMENDED COUNTERCLAIMS**

OAN's Response to Dominion's and Staple Street's Motions to Dismiss their Amended Counterclaims ("Response" or "Resp.")[1] attempts the impossible task of saving claims that are fatally flawed for several independent reasons.[2] As OAN cannot win on the law, it confuses and obscures the issues by misconstruing Dominion's arguments, raising irrelevant points, and misstating and misquoting black-letter law. But on close examination, the issues are relatively simple and OAN's arguments fall apart.

The Response tacitly admits that it makes no allegations of wrongdoing against Dominion or Staple Street themselves, and therefore must succeed in showing that William Kennard was their agent. But OAN fails to colorably defend its agency theory, which it now construes as showing Kennard has "apparent agency" to act for Staple Street, and therefore also Dominion. But

---

[1] For ease of reference for the Court and because OAN chose to file an omnibus response to all Counterclaim Defendants' separate Motions to Dismiss, Dominion and Staple Street have chosen to file a single Reply to OAN's omnibus Response.
[2] Defined terms have the same meaning as in the Motions to Dismiss unless otherwise stated.

1

the law is the opposite of what OAN represents, and OAN misquotes the single case it cites for support.  At bottom, OAN's failure to plead ***any facts*** to support an agency relationship is enough for the Court to dismiss the Amended Counterclaims.

In their Motions, Dominion and Staple Street explained a series of additional independent reasons why OAN's Counterclaims fail to state a claim, such as that a commercially reasonable interpretation of the Affiliation Agreement contradicts OAN's nonsensical interpretation.  *See* Dominion's Mem. in Supp. of its Mot. to Dismiss ("Motion" or "Mot.") at 8-15; Staple Street's Mem. in Supp. of its Mot. to Dismiss at 2-3.  Dominion and Staple Street raised these issues as a matter of completeness and to show just how flawed the Amended Counterclaims are, not because they need them for the Court to dismiss the action.  OAN focuses on these more complicated issues to try to distract from the fact that without the agency theory, its Amended Counterclaims can proceed no further.  Even then, OAN's straw-man arguments do nothing to revive its already-dead Counterclaims.

As noted in the Motion, the Counterclaims are an attempt to retaliate against Dominion and Staple Street for Dominion's defamation suit and to recast failing claims in the San Diego Lawsuit against AT&T, Kennard, and DIRECTV.  Mot. at 3-5.  Indeed, on July 7, 2023, the San Diego court issued a ruling granting attorneys' fees to DIRECTV because it was "undisputed that DirecTV successfully eliminated most of plaintiff's claims" in the San Diego Lawsuit.  Ex. A at 3.  The Court should not allow OAN to pursue flawed Amended Counterclaims here in what is effectively a parallel action to the San Diego litigation, and should grant the Motions to Dismiss with prejudice.

**ARGUMENTS AND AUTHORITIES**

**I.     OAN's Counterclaims Entirely Depend on An Agency Theory For Which OAN Has Pleaded No Facts.**

As shown in the Motion, OAN failed to allege a ***single fact*** supporting their central theory that William Kennard was either Staple Street's or Dominion's agent when allegedly interfering with the OAN-DIRECTV relationship, instead relying on bare legal conclusions.  Mot. at 2-3, 5-8.  Each of OAN's responses to this central argument are meritless.

The Response first asserts that "Herring's allegations are not limited solely to Kennard but encompass other agents such as Hootan Yaghoobzadeh, Staple Street's managing director[.]" Resp. at 3.  This is entirely irrelevant because the Counterclaims do not depend on the actions of ***Mr. Yaghoobzadeh nor do they tie Mr. Yaghoobzadeh to the actions of AT&T in any way***.  Instead, the Counterclaims depend on the alleged "pressure imposed by Counterclaim Defendants [Dominion], ***through their agent Kennard***."  Am. Countercls. ¶ 155; *see id.* ¶ 96 ("Kennard is an agent of both Staple Street and Counterclaim Defendants"); ¶ 110 (***Kennard – acting as an agent*** in the financial interests of Staple Street and Counterclaim Defendants[.]"; ¶ 127 ("Herring is confident that discovery will further demonstrate that ***Kennard, as an agent for both Staple Street and Counterclaim Defendants,*** was directly involved in DIRECTV's decision to non-review OAN[.]") (emphasis added).  OAN's belated attempt to involve Mr. Yaghoobzadeh does not reflect its pleadings, which allege no wrongful acts by Mr. Yaghoobzadeh.  OAN cannot recast their defective Counterclaims in its response brief.  *Budik v. Ashley*, 36 F.Supp.3d 132, 144 (D.D.C. 2014) ("It is a well-established principle of law in this Circuit that a plaintiff may not amend her complaint by making new allegations in her opposition brief.").  Nor is this recasting at all availing—there are no facts that OAN could plead to tie Mr. Yaghoobzadeh to AT&T, which is likely why OAN has not actually done so.

3

The Response next argues that its bare legal conclusions are sufficient under the doctrine of apparent agency. Resp. at 3-4. But OAN misquotes the only case it cites on the issue, *Sanchez v. Medicorp Health Systems*, as stating that apparent agency can apply "regardless of whether the principal and agent intended to establish an agency relationship." Resp. at 3; 618 S.E.2. 331, 333 (Va. 2005). But the case says no such thing, and in fact extensively explains that the law is exactly the opposite of allowing "unintentional" apparent agency as OAN proposes. *Sanchez* instead recites the black-letter law that "the term 'apparent or ostensible agency (sometimes also called 'agency by estoppel,') … means [a]n agency created by operation of law and **established by a principal's actions that would reasonably lead a third person to conclude that an agency exists**." *Id.* at 333 (quoting Black's Law Dictionary 67 (8th ed. 2004)) (emphasis added).[3] For apparent agency to apply: (1) Dominion and Staple Street would have had to hold Kennard out as their agent; and (2) a third party would have had to reasonably conclude that Kennard was a Dominion and Staple Street agent. *Id.* The Amended Counterclaims fail to plead that either Dominion or Staple Street ***did anything*** to hold out Kennard as their agent. Nor do the Amended Counterclaims plead that any third party reasonably concluded that Kennard was such an agent.[4]

---

[3] *Sanchez* continues: "*see also Title Ins. Co. of Richmond, Inc. v. Howell*, 158 Va. 713, 724 (1932) ("**[o]ne who permits another to hold himself out as agent** and appears to acquiesce in that assumption of authority is bound thereby"); *Hardin v. Alexandria Ins. Co.*, 90 Va. (15 Hans.) 413, 416–17, 90 Va. 413, 18 S.E. 911, 911–13 (1894) **(insurance company held individual out to the public at large as the company's agent** through whom all transactions with the company had to pass); *Gallagher v. Washington County Sav., Loan & Bldg. Co.*, 125 W.Va. 791, 25 S.E.2d 914, 919 (1943) (quoting Restatement (First) of Agency § 8, cmt. a: "'[a]n apparent agent is a person who, whether or not authorized, **reasonably appears to third persons, because of the manifestations of another**, to be authorized to act as agent for such other'")." (emphasis added).

[4] OAN states "AT&T's, Staple Street's, and Dominion's actions installing Kennard in positions of influence within the companies would reasonably lead third parties to conclude that agency relationships exist with Kennard." Resp. at 3-4. This assertion is not made in its pleading, and is further nonsensical as neither Dominion nor Staple Street "installed" Kennard as Chairman of AT&T or anything else (which is again not in the Amended Counterclaims).

Once again, the Amended Counterclaims fail to plead that either Dominion or Staple Street *did anything* to make Kennard their respective agent, and so OAN's pivot to apparent agency falls flat on its face.

Third, OAN argues with Dominion's contention that the Exhibits attached to the Amended Counterclaims disprove OAN's theory. Resp. at 3-4. This is irrelevant because Dominion's and Staple Street's Motions to Dismiss do not depend on their interpretation of the Exhibits being better than OAN's interpretation—they depend on OAN's failure to plead facts to support a finding of agency. Mot. at 2-3, 5-8. OAN's own exhibits further demonstrate this. *See id.* at 2 (pointing out that OAN's allegations about Kennard are contradicted by its own attachments). When the Court reviews these exhibits, it will see that they come nowhere close to establishing a plausible suggestion of agency.

Finally, OAN entirely fails to respond to Dominion's showing that (1) Kennard's status as an investor in Dominion and/or Staple Street is irrelevant to a finding of agency, Mot. at 6-7, and that a position on another company's board of directors does not confer agency status. *Id.* Nothing that OAN cites in its Response—pointing to "Kennard's CV together with his various board positions"—is relevant to what it must plead to survive a 12(b)(6). Resp. at 3. That OAN fails to cite a single case on agency other than misquoting and misciting *Sanchez* speaks volumes about the weakness of its position. In sum, OAN pleads no factual allegations to support a plausible inference that Kennard was Dominion's or Staple Street's agent. Courts routinely dismiss claims such as these that resort to bare legal conclusions with respect to agency, and this Court should do the same. Mot. at 8; *see, e.g., Acosta Orellana v. CropLife Int'l,* 711 F. Supp. 2d 81, 112 (D.D.C.

2010) ("Because the plaintiffs have failed to adequately plead the essential element of control, their claim that the [] Defendants are liable under agency principles must be dismissed.").[5]

## II. OAN Misconstrues Dominion's And Staple Street's Positions Regarding Why Counts I And III Fail As A Matter of Law.

OAN further misapprehends the relevance of the fact that Kennard's communications with AT&T officers were "private" communications made within AT&T.  Contrary to OAN's Response, the critical relevance of these communications being "private" and wholly between AT&T officers and Kennard is that a party (here AT&T) cannot disparage a third party through communications within its organization, making the intra-AT&T emails irrelevant.  *See* Mot. at 11.  Further, Dominion's and Staple Street's argument is that AT&T's efforts at damage control with its business partners cannot implicate them, as neither Dominion nor Staple Street are bound by AT&T's non-disparagement provision.  *Id.*  The Response fails to squarely address either point.

OAN's Response also fails to confront that the alleged disparagement is primarily based on a different, public set of criticism by third-party media figures like John Oliver.  Am. Countercls. ¶¶ 56-66; Mot. at 8-9.  OAN's Response makes no effort to defend these claims, instead misconstruing Dominion's and Staple Street's position in order to ignore their real one.  If OAN intended to abrogate a large part of its Amended Counterclaims through its Response, it should have said so directly; the Court should interpret OAN's decision not to defend the media personality allegations as abandonment of them.  *See* Am. Countercls. ¶¶ 56-66.

---

[5] Similarly, OAN's renewed assertion that "[d]iscovery in this matter may shed light on [the agency] issue", Resp. at 6, again demonstrates that it has no facts to support its bare legal conclusions, and courts dismiss such speculative pleadings. Mot. at 14; *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1398 (E.D. Cal. 1994) (plaintiff's "hope that discovery will somehow turn up favorable [evidence] is not sufficient to deprive defendants of their opportunity to avoid the burdens of discovery through a motion to dismiss").

In addition, OAN's Response fails to rebut Dominion's and Staple Street's arguments that (1) OAN fails to tie Dominion, Staple Street, or Kennard to the alleged disparagement of OAN by media personalities such as John Oliver; and (2) OAN's proposed construction of the Affiliation Agreement is nonsensical. Mot. at 9-11. OAN points to only a single paragraph in the Counterclaims—Paragraph 101—to tie Dominion or Staple Street to the alleged disparagement. Resp. at 9 ("Shortly thereafter, Dominion and Staple Street began to put pressure on AT&T to ensure that DIRECTV ceased carrying OAN.") But Paragraph 101 again makes only the bare legal conclusion of Kennard's agency, which has no competent factual allegations to support it. ("The prime opportunity for Counterclaim Defendants, through Staple Street and Kennard, to put pressure on AT&T to ensure that DIRECTV ceased carrying OAN arose in the fall of 2021.").[6] And nowhere does OAN allege that Dominion or Staple Street had any connection with, or put any pressure on, AT&T, other than through Kennard based on its unsupported agency theory. Without factual allegations sufficient to establish an agency relationship between Kennard and Dominion or Staple Street, OAN's Amended Counterclaims must be dismissed.

### III.  OAN Fails to Defend Counts II and IV's Business Expectancy Breach.

OAN also fails to adequately defend Counts II and IV, which allege tortious interference by AT&T—again via Kennard as supposed agent—with the supposed business expectancy of renewal of the DIRECTV-OAN carriage agreement. The Response first fails to confront that its contractual relationship was with DIRECTV—not AT&T—and as the Motion points out, "OAN fails to allege any *facts* plausibly supporting an inference that Kennard actually had or exerted [] alleged influence over DIRECTV." Mot. at 13. The portions of the Counterclaims cited by the Response do not address this fatal flaw. Resp. at 12 (pointing to Am. Countercls. ¶¶ 100, 163-

---

[6] The Response also fails to address any of the many cases Dominion and Staple Street cited in the Motion showing that mere investment is insufficient for an agency theory. Mot. at 6-7.

64.). The Response also fails to address Dominion's and Staple Street's Motions' argument that OAN failed to plead that DIRECTV's Board, "who OAN itself alleges made the decision to not renew—was improperly influenced by Kennard, and OAN pleads no veil piercing allegations or indicia of wrongful control." Mot. at 13-14. The Amended Counterclaims incorrectly assumes that Kennard, one board member of AT&T, has the authority to single-handedly ruin its contractual expectations with DIRECTV. *Id.*

The Response does take issue with California's requirement of an "independent wrongful act" to sustain a claim for "improper" interference. Resp. at 12-13. But it is OAN itself that relied on an alleged fiduciary breach by Kennard as the "wrongful act" required to sustain Counts II and IV, and so the Motions to Dismiss showed that no such breach is alleged. Am. Countercls. ¶ 154, ¶ 165 ("Counterclaim Defendants acted with intent, malice, and willful disregard for Herring's rights ***through wrongful acts (Kennard's fiduciary breaches)*** in attempting to undermine Herring's business relationships and destroy the company."). The Response similarly fails to explain why California law applying to the renewal of the Affiliation Agreement which was entered into with a California-based OAN is "unpersuasive." Resp. at 13, Mot. at 12-13. The Response also now claims that the alleged wrongful act is "Kennard/Dominion and Staple Street's actions include ***defaming Herring as a liar***"—yet defamation is pleaded nowhere in OAN's Counterclaims, nor could such a claim be plausibly pled. Resp. at 13. This is neither convincing nor sufficient to survive a motion to dismiss.

## CONCLUSION

OAN's Amended Counterclaims have been a waste of time and resources. In more than 200 Paragraphs, OAN fails to make a ***single allegation of wrongdoing against either Dominion or Staple Street*** and instead relies solely on agency allegations that are mere legal conclusions and

do not even approach a colorable claim for relief. The Court should see them for what they are: a desperate attempt to conjure up something offensive to burden Dominion and Staple Street in Dominion's defamation lawsuit, and/or to "trade" in a settlement negotiation.

Federal court should be reserved for serious claims of actual injury, and OAN's Amended Counterclaims do not come close to meeting this threshold. Dominion and Staple Street request that the Amended Counterclaims be dismissed with prejudice—as they have been amended once already without curing any of the obvious defects in them—and renews its invitation for the Court to provide guidance as to whether a motion for attorneys' fees would be well-received.

Date:   July 12, 2023                                               Respectfully Submitted,

/s/ Megan L. Meier

Stephen Shackelford, Jr. (D.C. Bar No. NY0443)    Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Mark Hatch-Miller (*pro hac vice* pending)         Megan L. Meier (D.C. Bar No. 985553)
Zachary Savage (D.C. Bar No. NY0465)              Dustin A. Pusch (D.C. Bar No. 1015069)
Eve Levin (D.C. Bar No. 1672808)                  **CLARE LOCKE LLP**
Christina Dieckmann (*pro hac vice* pending)      10 Prince Street
**SUSMAN GODFREY L.L.P.**                         Alexandria, VA 22314
1301 Avenue of the Americas, 32nd Fl.             Telephone: (202) 628-7400
New York, NY 10019                                tom@clarelocke.com
Tel: (212) 336-8330                               megan@clarelocke.com
sshackelford@susmangodfrey.com                    dustin@clarelocke.com
zsavage@susmangodfrey.com
elevin@susmangodfrey.com                          Rodney Smolla (Bar No. 6327)
cdieckmann@susmangodfrey.com                      164 Chelsea Street
                                                  South Royalton, VT 05068
Jonathan Ross (D.C. Bar No. TX0027)               rodsmolla@gmail.com
Mary K. Sammons (D.C. Bar No. TX0030)             (864) 373-3882
Laranda Walker (D.C. Bar No. TX0028)
Elizabeth Hadaway (*pro hac vice* pending)        *Attorneys for Plaintiffs-Counter Defendants*
**SUSMAN GODFREY LLP**
1000 Louisiana Street, #5100
Houston, Texas 77002
Tel: (713) 651-9366
jross@susmangodfrey.com
ksammons@susmangodfrey.com
lwalker@susmangodfrey.com
ehadaway@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

Edgar Sargent (*pro hac vice* pending)
Katherine Peaslee (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com
kpeaslee@susmangodfrey.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Megan L. Meier*
Megan L. Meier (D.C. Bar No. 985553)