IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> HERRING NETWORKS, INC., d/b/a/ ONE AMERICA NEWS NETWORK, CHARLES HERRING, ROBERT HERRING, SR., CHANEL RION, and CHRISTINA BOBB, <br><br> Defendants/Counter and Third-Party Plaintiffs, <br><br> v. <br><br> AT&T SERVICES, INC., and STAPLE STREET CAPITAL, LLC., <br><br> Third-Party Defendants. | Case No. 1:21-cv-02130 (CJN) |

**DOMINION'S REPLY IN SUPPORT OF ITS MOTION
FOR ENTRY OF A SCHEDULING ORDER & CONSOLIDATION**

Nearly two years after Plaintiffs U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Plaintiffs") filed this action, Defendants Herring Networks, Inc., Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb ("Defendants") contend that another six months to complete fact discovery and more than a year to complete expert discovery is insufficient. They further argue that because some discovery has already been exchanged in the other Dominion cases pending before the Court (the "Consolidated

1

Cases"),¹ no possible efficiencies can be achieved by consolidating the cases for discovery now—even though no depositions have been taken, no significant motions practice has occurred, many of the very statements underlying this lawsuit underlie the Consolidated Cases, and all the Defendants in the Consolidated Cases consent to coordinating discovery with this case, as well.

Notably, Defendants have rejected Dominion's attempts to reach a compromise that would honor both parties' preferences. As explained in Dominion's opening brief, the proposed schedule before the Court reflects a significant compromise by Dominion—and no compromise at all by Defendants—as compared to the parties' initial positions. What's more, in just the past three weeks, Dominion offered yet another compromise—to *accept* Defendants' proposed schedule in exchange for consolidating the cases for discovery purposes only. And Dominion secured the consent of all the defendants in the Consolidated Cases to that alternative schedule. Unwavering in their effort to delay the progress of this case as much as possible, Defendants rejected Dominion's offer. Dominion repeats its offer now: if the Court believes that consolidation is only appropriate under OAN's proposed schedule, Dominion will accept that schedule (and the defendants to the Consolidated Cases have indicated they will as well).

Dominion, however, continues to believe that consolidation under the current schedule in the Consolidated Cases is the most appropriate resolution. Dominion respectfully submits that the Court should reject Defendants' arguments and enter Dominion's amended proposed scheduling order and consolidate this matter with the Consolidated Cases for discovery purposes.

---

¹ Three cases have been formally consolidated for discovery purposes: *U.S. Dominion, Inc. v. Powell*, No. 21-cv-0040 (D.D.C.); *U.S. Dominion, Inc. v. Giuliani*, No. 21-cv-213 (D.D.C.), and *U.S. Dominion, Inc. v. MyPillow, Inc.*, No. 21-cv-445 (D.D.C.). Although *U.S. Dominion, Inc. v. Byrne*, No. 21-cv-2131 (D.D.C.) has not been formally consolidated for discovery purposes, the defendant in that case has consented to coordinating discovery with the other cases Dominion has pending in this Court, including adjusting the schedule in that case to align with the other cases

I.   **The Court should enter Dominion's proposed scheduling order.**

   A. **Dominion's proposed order gives both parties more than sufficient time to complete discovery, without unduly delaying the progress of the case.**

The gravamen of Defendants' opposition to Dominion's proposed scheduling order is that the Consolidated Cases were filed some months before this matter, and thus it would prejudice Defendants to be held to the same schedule. But the question is not whether Dominion's proposed schedule gives Defendants an identical amount of time as parties in other cases, but rather whether the proposed scheduling order gives each party to *this* case sufficient time to complete discovery and pretrial motions. It patently does. Under Dominion's proposal, from today, Defendants would have more than six more months to complete fact discovery; seven months to prepare opening expert reports; and ten months to complete expert depositions. By comparison, Defendants' proposed schedule would delay the close of fact discovery for *ten and a half* months; only require opening expert reports just shy of a year from now; and defer the deadline to complete expert depositions until almost 15 months from now. Those deadlines are clearly excessive. This is especially so given that Herring Defendants' counsel represented Fox News Network in Dominion's related suit for more than a year—indeed, by the time counsel withdrew from that case, the parties had reached agreement on custodians and search terms, many key depositions had been scheduled, and Dominion had produced nearly 750,000 documents. Defendants' counsel thus have a significant head start on largely common discovery.

   B. **Because Defendants are not entitled to discovery on their counterclaims, any concerns about truncating discovery on the counterclaims are irrelevant.**

Defendants argue that Dominion's proposed schedule does not provide sufficient time for discovery on Defendants' counterclaims. This argument should carry no water, as Defendants are "not entitled to discovery before the court rule[s] on the motion to dismiss" those counterclaims. *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). This rule makes good sense: in

3

addition to guarding against the inefficiency of allowing discovery on a claim that may not survive a Rule 12(b)(6) motion, it also prevents parties from doing precisely what Defendants seek to do here: bootstrapping a request to defer discovery on a plaintiff's claim to a much-later-filed counterclaim, as yet another means of delaying the progress of the case. And Defendants' insistence that the "counterclaims involve the same subject matter as the Dominion Parties' claim" is sorely misguided: Plaintiffs' claim does not involve, in Defendants' words, "breaches of, and tortious interference with, a contract in direct response to OAN's coverage of the 2020 U.S. presidential election." Dkt. No. 102 ("Herring Br.") at 4. No efficiencies can be gained—and significant efficiencies will be lost—if Defendants are permitted to forestall timely discovery on Plaintiffs' claim to coordinate premature discovery into their counterclaims. And though Dominion maintains that Defendants' counterclaims should be dismissed, should any survive the now fully briefed motions to dismiss, Dominion's proposed schedule would permit ample time for discovery.

In a similar vein, Defendants misleadingly suggest that Plaintiffs' proposed schedule will not permit ample time for motion practice on the counterclaim, because Plaintiffs and Third-Party Defendants "will likely file several motions, including Rule 12(b) motions" to the counterclaims. Herring Br. at 4. But as Defendants acknowledge—tellingly, only in a footnote, *see id.* n.5—Plaintiffs have *already* filed such motions, and briefing has now concluded. The purported conflict with Rule 12(b) motion practice should therefore pose no impediment to timely discovery on Dominion's claim.

### C. The purported overlap with the *Smartmatic* schedule is not prejudicial to Defendants.

The supposed overlap with the Smartmatic schedule should also not stand in the way of timely progress of this case. Most of the deadlines are spaced weeks if not months apart from

4

those in the *Smartmatic* matter, and defending multiple cases at once is a routine feature of litigation. In any event, as Judge Davis, who is presiding over Dominion's related suit against Newsmax in Delaware Superior Court, recently observed in connection with scheduling in that case, simultaneously litigating lawsuits brought by Smartmatic involving similar defamatory statements is not prejudicial in light of the significant overlap in subject matter. *See* Ex. A. Conversely, the conflicts posed by *Defendants'* proposed schedule would cause profound prejudice to Plaintiffs—for whom the Presidential election and related follow-ons are mission-critical events—to file dispositive pre-trial motions a mere nine days after the 2024 election, placing significant strain on Plaintiffs' resources.

For the foregoing reasons, Dominion respectfully requests that the Court enter Dominion's proposed schedule.

## II.     The Court should consolidate this matter with the Consolidated Cases for discovery purposes.

### A. The cases involve common questions of law or fact.

The present matter plainly involves common questions of law or fact with the Consolidated Cases. Many of the defamatory statements underlying the present action were spoken by defendants in the other actions and partially form the basis for those lawsuits. *See* Dkt. No. 86 at 4. Moreover, even those accused statements that are not literally identical nonetheless involve substantially similar defamatory claims; thus, discovery and motions practice on the issue of falsity in this case will significantly overlap with those in the Consolidated Cases. So too will discovery into Dominion's compensatory damages. And if the now-settled Fox matter serves as any indication, significant, overlapping motions practice over legal defenses is likely.

## B. The cases are in a similar procedural posture and consolidation would thus promote judicial efficiency.

Contrary to Defendants' assertion, the Consolidated Cases are in a materially identical procedural posture to the present case: all are in the early stages of post-pleading discovery. That some initial discovery has been exchanged in the Consolidated Cases and not this one is a distinction without a difference in the context of the motion to consolidate; none of the depositions and legal briefing that would substantially overlap across the cases has occurred yet. Thus, the efficiencies to be gained by consolidation remain, notwithstanding the shades of difference in the status of discovery.

The cases Defendants cite do not hold otherwise, as each involved motions to consolidate cases in dramatically different stages and procedural postures. For example, in *Stewart v. O'Neill*, 225 F. Supp. 2d 16 (D.D.C. 2002), which Defendants describe as "declining to consolidate where 'substantial discovery' had taken in place in one case but not the other," Herring Br. at 9 n.12, the procedural differences were much more significant among the three cases under consideration for consolidation: in one, "a class settlement was reached and approved by the Court" six years prior and "the parties [we]re []before the Court disputing the implementation of the settlement;" in the second, "substantial discovery ha[d] already taken place," the judge "ha[d] ruled on a motion for a preliminary injunction and various discovery disputes, and there [we]re . . . pending motions to dismiss and for class certification;" and in the third, "no answer ha[d] yet been filed, and the only issues currently pending before the Court [we]re the Notice of Related–Case Status and the Motion to Consolidate." *Id.* at 21. In *Stewart v. Whitcap Inv. Corp.*, No. CIVIL 2012-28, 2012 WL 4891726 (D.V.I. Oct. 16, 2012), also cited by Defendants, the court rejected consolidation specifically because discovery "not only [wa]s farther along, it [wa]s *nearly completed*," such that "discovery may need to be duplicated anyway and no economy would be achieved." *Id.* at *2

(emphasis added). Not so here. And the other cases Defendants cite are similarly inapposite. *See J4 Promotions, Inc. v. Splash Dogs*, LLC, No. 2:09-CV-136, 2010 WL 3063217, at *2 (S.D. Ohio Aug. 3, 2010) (declining to consolidate cases for discovery that had been filed *two years apart*, one only a couple of months before the denial of the motion to consolidate, but preserving possibility that depositions could be consolidated); *Sancom, Inc. v. Qwest Commc'ns Corp.*, No. CIV. 07-4147-KES, 2009 WL 10722421, at *1 (D.S.D. Mar. 9, 2009) (declining to consolidate ten cases where the deadline for written discovery in one had already passed; in another, discovery was stayed; in six others, no scheduling order had been entered; and in the last two, the entity seeking consolidation was not a party at all and the named defendants had not determined if they opposed consolidation).

### C. Consolidation would not prejudice Defendants.

Finally, consolidation would not prejudice Defendants. Contrary to their assertion, Defendants would not be forced to consent to any stipulated agreements they find unagreeable. Defendants would remain free to seek additional deposition time under Federal Rule of Civil Procedure 30(d)(1) (and in any event, the issues around deposition timing and coordination remain under negotiation with the other defendants). And though Defendant Christina Bobb contends that consolidating the cases would *increase* her burden, *see* Dkt. No. 106 ("Bobb Br.") at 3, just the opposite is true: all parties would benefit from the ability to rely on deposition testimony taken by other parties in the Consolidated Cases, eliminating the need for the parties in this matter to obtain such discovery in the first instance. To the extent that there are depositions that Ms. Bobb's counsel believes are irrelevant to his client's defense, he need not attend them (or attend virtually, to the extent that any of the depositions are taken in person). The efficiencies of consolidation will decrease Ms. Bobb's burden, not increase it.

For the foregoing reasons, Dominion respectfully requests the Court consolidate the present matter with the Consolidated Cases.

## CONCLUSION

The parties in this case and the Consolidated Cases are ready to embark on discovery of each other over the same inter-related events. Consolidation on the schedule currently in the Consolidated Cases is the most sensible course of action for this Court to take for case management.

Respectfully submitted,

Dated: July 14, 2023

*/s/ Stephen Shackelford, Jr.*
Stephen Shackelford, Jr.
(D.C. Bar No. NY0443)
Mark Hatch-Miller (*pro hac vice* pending)
Zachary Savage (D.C. Bar No. NY0465)
Eve Levin (D.C. Bar No. 1672808)
Christina Dieckmann (*pro hac vice* pending)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
zsavage@susmangodfrey.com
elevin@susmangodfrey.com
cdieckmann@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Jonathan J. Ross (D.C. Bar No. TX0027)
Mary K. Sammons (D.C. Bar No. TX0030)
Laranda Walker (D.C. Bar No. TX0028)
Elizabeth Hadaway (*pro hac vice* pending)

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
**CLARE LOCKE LLP**
10 Prince Street
Alexandria, VA 22314
(202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (*pro hac vice*)
164 Chelsea Street
South Royalton, VT 05068
(864) 373-3882
rodsmolla@gmail.com

**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
jross@susmangodfrey.com
ksammons@susmangodfrey.com
lwalker@susmangodfrey.com
ehadaway@susmangodfrey.com

Edgar Sargent (*pro hac vice* pending)
Katherine Peaslee
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiffs/Counter-Defendants*

## **CERTIFICATE OF SERVICE**

I, Stephen Shackelford, Jr., hereby certify that on July 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Stephen Shackelford, Jr.*
Stephen Shackelford, Jr.
(D.C. Bar No. NY0443)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com