UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>SIDNEY POWELL, et al.,<br><br>*Defendants*. | Civil Action No. 1:21-cv-00040 (CJN) |
| US DOMINION, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>*Defendant*. | Civil Action No. 1:21-cv-00213 (CJN) |
| US DOMINION, INC., et al.,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>MY PILLOW, INC., et al.,<br><br>*Defendants/Counter-Plaintiffs, and Third-Party Plaintiffs*,<br><br>v.<br><br>SMARTMATIC USA CORP., et al.,<br><br>*Third-Party Defendants*. | Civil Action No. 1:21-cv-00445 (CJN) |

1

| | |
|---|---|
| US DOMINION, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATRICK BYRNE,<br><br>*Defendant*. | Civil Action No. 1:21-cv-02131 (CJN) |
| US DOMINION, INC., et al.,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>HERRING NETWORKS, INC., et al.,<br><br>*Defendants/Counter-Plaintiffs*, *and*<br>*Third-Party Plaintiffs*,<br><br>v.<br><br>AT&T SERVICES., et al.,<br><br>*Third-Party Defendants*. | Civil Action No. 1:21-cv-02130 (CJN) |

### ORDER REGARDING DISCOVERY MATTERS

On September 21, 2023, the Court directed the parties in the above-captioned cases to meet and confer to propose a discovery protocol for the handling of electronic discovery and certain other discovery matters.[1] An agreed order was to be submitted for the Court's approval, or the

---

[1] Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion"), and Defendants Sidney Powell, Sidney Powell, P.C., Defending the Republic, Inc., Rudolph W. Giuliani, Michael J. Lindell, My Pillow, Inc., Patrick Byrne, Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb ("Defendants"), who are voluntarily coordinating or whose cases are coordinated solely for purposes of discovery (herein "the litigation"), are collectively referred to

parties were to submit any remaining disputes to the Court for resolution. The parties could not agree on all of the provisions and have submitted their dispute for resolution. Upon consideration of their submissions, it is hereby **ORDERED** as follows:

1. **Protocol for Production of Electronically Stored Information and Paper Documents**

By agreement of the parties, electronically stored information ("ESI") and hard copy paper documents (which may be scanned and produced) shall be produced in accordance with the applicable provisions of the Federal Rules of Civil Procedure and the protocol attached hereto as **Exhibit 1**, with certain exceptions that may be separately negotiated. This protocol governs the production of all documents and information by the parties in these cases, including both custodial and non-custodial documents and information.

2. **Stipulation Regarding Expert Discovery**

By agreement of the parties, expert discovery shall be conducted in accordance with the applicable provisions of the Federal Rules of Civil Procedure subject to the stipulation attached hereto as **Exhibit 2**. This stipulation applies to all testifying experts designated by the parties in these cases, including both affirmative and rebuttal experts.

3. **Scope of Discovery**

    (a)    **Date Range**

Unless stated otherwise herein, or agreed to by the parties, or ordered by the Court, only documents, communications, or ESI, if any, created or revised during the following relevant time periods are discoverable:

- For Dominion's custodial documents, noncustodial documents, text messages, non-email communications, and other ESI, the relevant time period can be found in each Defendant's discovery requests, and the parties are separately negotiating time

---

herein as "the parties." This Order does not cover any Third-Party Defendant in the captioned cases.

periods depending on such requests.

- For the Herring Defendants' custodial documents, noncustodial documents, and ESI, the relevant time period is January 1, 2020 through August 31, 2021, except that the relevant time period is September 1, 2020 through August 31, 2021 for text or other non-email messages.

- For the My Pillow and Lindell Defendants' custodial documents, noncustodial documents, and ESI, the relevant time period is January 1, 2020 through December 31, 2021, except that the relevant time period is September 1, 2020 through April 30, 2021 for text or other non-email messages.

- For the Powell Defendants' custodial documents, noncustodial documents, and ESI, the relevant time period is January 1, 2020 through January 8, 2021, except that the relevant time period is September 1, 2020 through January 8, 2021 for text or other non-email messages.

- For DTR's custodial documents, noncustodial documents, and ESI, the relevant time period is November 3, 2020 through January 8, 2021, except that the relevant time period is November 3, 2020 through January 8, 2021 for text or other non-email messages.

- For Christina Bobb's custodial documents, noncustodial documents, and ESI, the relevant time period is November 3, 2020 through August 10, 2021, except that the relevant time period is November 3, 2020 through April 30, 2021 for text or other non-email messages.

- For Patrick Byrne's custodial documents, noncustodial documents, and ESI, the relevant time period is January 1, 2020 through December 31, 2021, except that the relevant time period is September 1, 2020 through August 31, 2021 for text or other non-email messages.

**4.     Determining Locations of Responsive Custodial Documents**

   **(a)     List of Custodians**

The parties have identified certain individuals who at least one party expects to have generated or maintained discoverable information—whether ESI or in paper form. These individuals are identified in the list of agreed custodians attached as **Exhibit 3**, along with a specific party. The inclusion in this list of agreed custodians does not necessarily mean that that the identified party has possession, custody, or control of documents for the individual. Nor does it mean that the identified party will conduct a custodian interview of the individual or produce his

or her documents, or that a party agrees the individual is likely to have generated or maintained discoverable information. The parties nonetheless agree to reasonably attempt to include said individuals as part of their preservation, collection, and search efforts for likely discoverable information as appropriate and as possible. Each party reserves the right to seek discovery from other custodians or other sources as discovery develops.

    **(b)**    **Custodian Interview Process**

To the extent such interviews have not already been conducted, all parties must conduct custodian interviews to determine the work habits and data or document storage practices of each custodian, and thus potential custodial sources where each custodian may possess discoverable information, as understood by FRCP 26(b)(1). Where possible and appropriate, the parties agree to conduct custodian interviews of their respective individuals identified in the list of agreed custodians at **Exhibit 3**, in which the potential custodians are asked questions calculated to ascertain their knowledge concerning the likely location of any information relevant to the claims and defenses asserted in that party's particular case.

The parties shall complete their respective custodian interviews no later than 21 days after entry of this Order.

**5.**    **Search Methodology**

A producing party shall disclose to the requesting party the method it intends to use to locate the ESI it will review for responsiveness and relevancy. Such disclosure shall occur before the producing party implements its intended method, so that the parties can resolve any disputes regarding the adequacy of the search methodology in advance.

The producing party may locate the potentially responsive ESI using a linear (manual) review or any other method reasonably expected to identify the ESI that is responsive to pending discovery requests.

As of the date of this Order, some of the parties have exchanged search queries for the producing party's use. Where search queries are used, the parties shall try to reach agreement on appropriate search queries. Absent agreement on search queries, the producing party shall disclose what search queries, if any, were used to locate ESI, and the parties shall confer in good faith on additional queries as necessary. If search queries are not used, the producing party shall disclose to the requesting party the search methodology used to locate the ESI it will review for responsiveness.

**6.     Responsiveness and Relevancy Review**

A producing party is obligated to produce only those documents or ESI that are responsive and relevant to a pending discovery request in accordance with FRCP 26 and 34. If queries and custodians are used to locate potentially responsive documents or ESI, a producing party is required to conduct a responsiveness and relevancy review pursuant to FRCP 26 and 34 before producing documents to ensure that only documents that are actually responsive and relevant to a pending request for production are produced. The use of search queries is only a means by which the universe of documents needing responsiveness and relevancy review can be reduced, but it is not a substitute for such responsiveness and relevancy review, or any other requirement in the Federal Rules of Civil Procedure. No party shall be required to produce any documents or ESI until its objections to a particular request for production are resolved by agreement or by the Court.

The foregoing paragraph notwithstanding, productions between Dominion and the My Pillow and Lindell Defendants may be formulated by producing all documents containing search term hits without further responsiveness review, subject to screening for the removal of privileged communications.

7. **Unique Terms Concerning the Review and Production of Custodial Text Messages and Other Non-Email Communications**

   (a) **Review and Production Terms for Dominion and All Defendants Except the My Pillow and Lindell Defendants**

With respect to custodial text messages and other non-email electronic communications, including but not limited to those sent via instant messenger services, or third-party or other ephemeral messaging applications, the following terms shall apply except as otherwise stated in Paragraph 7(b) below:

   (i) Dominion and Defendants will use the same search methodology as that disclosed by the producing party to the requesting party pursuant to Paragraph 5 to locate ESI it will review for responsiveness and relevancy per FRCP 26 and 34.

   (ii) The time frame for custodial text messages and other non-email communications is set forth above in paragraph 3(a).

   (iii) If search queries are used by the producing party to locate the custodial text messages and other non-email communications that the producing party will review for responsiveness and relevancy, such search terms shall be run across the entire agreed-to time period identified above for each applicable custodian likely to have discoverable information, to include, where appropriate and possible, each agreed custodian identified in **Exhibit 3**.

   (iv) If a custodial text message or other non-email communication is identified by a search query, the producing party shall review the remainder of the message chain for a 24-hour period, meaning between 12:00 am and 11:59 pm on the day that the search query appears. And if the content of the 24-hour period communication is responsive and relevant to the requesting party's pending

discovery request, the producing party shall produce all responsive, relevant, nonprivileged and nonprotected portions of that 24-hour period communication.

(v) Where necessary, the parties shall work together in good faith to provide additional context for a conversation that appears over multiple days. The parties shall likewise work together in good faith to identify any text message threads that should be reviewed without exclusive reliance on search terms.

**(b) Review and Production Terms for the My Pillow and Lindell Defendants**

The My Pillow and Lindell Defendants will search Mr. Lindell's phone for text messages responsive to Dominion's list of search terms and produce all non-privileged communications responsive to any of the search terms, subject to any withholdings or redactions for privilege. The parties advise that My Pillow has disclosed to Dominion which of its other employees have company-provided cell phones or devices, from a list of employees identified by Dominion as persons of potential interest in this case, and has further disclosed to Dominion information gathered concerning whether those other employees may have ESI related to this case on their company-provided cell phone or device. Dominion and My Pillow shall negotiate in good faith concerning any ESI specifically identified by Dominion that it seeks to discover from My Pillow company-provided cell phones or devices, and the Court shall resolve any such matter on which they are unable to reach agreement.

**8. Production and Timing**

**(a) Organizing Documents and ESI for Production**

A party's production must comply with FRCP 34(b)(2)(E)(i), meaning a producing party must produce responsive documents and ESI as they are kept in the usual course of business or must organize and label them to correspond to the categories in the requesting party's pending

discovery requests. ESI is considered to be produced in the manner in which it is kept in the usual course of business when the ESI contains or is accompanied by original file path metadata.

Upon request, a producing party shall identify for the requesting party the specific discovery request to which the documents or ESI (by their Bates number) are responsive. In addition, upon a party's request, Dominion shall produce or make available case-specific documents or ESI that are responsive to a Defendant's pending discovery request in a manner in which such documents or ESI are segregated from any global discovery or other discovery that may be responsive to some other party's discovery requests.

The requirements of the foregoing paragraph shall not apply as to the My Pillow and Lindell Defendants; correspondingly, neither Dominion, nor the My Pillow and Lindell Defendants may request the other to identify the specific discovery request to which any documents or ESI produced are responsive.

### (b)    Rolling Productions

The parties agree to cooperate with respect to a producing party's request for additional time to produce documents in response to discovery requests and specifically agree that rolling productions are in all parties' best interests. To help save time and cost of related productions, the parties agree that a requesting party may identify a subset of discovery requests that it wishes the producing party to prioritize, and the producing party agrees to make reasonable efforts to focus its production efforts on those higher priority issues first.

### (c)    Supplemental Productions

The parties shall supplement discovery responses as required by FRCP 26(e).

### (d)    Interim Date for Substantial Completion of Document Production

By no later than January 31, 2024, the parties will substantially complete their production of all responsive documents or ESI to any document requests pending at the time of entry of this

Order, for which all objections have been resolved by agreement of the parties or the Court, including responsive documents or ESI from custodial or noncustodial sources. The parties further agree that documents withheld by a party as privileged or protected by this interim substantial completion date will be logged and a privilege log containing the documents served no later than January 31, 2024.

9. **Post-Production Privilege Log**

The parties agree to serve a privilege log identifying all documents, including communications by text messages or other applications, that the producing party either redacted or withheld from the production due to attorney-client privileged or work product protected content or any other privilege. . The privilege log shall comply with FRCP 26(b)(5), or be produced in a manner otherwise agreed to by the parties. Deadlines for supplemental or amended privilege logs will be agreed upon by the parties. The parties also agree to the provisions set forth in **Exhibit 1** governing the content and production of privilege logs.

10. **Relief from and Modifications of this Order**

Any party may obtain relief from any portion of this Order through the written consent of the affected parties to this litigation or through a subsequent court order. A party may not seek relief from the Court unless that party has conferred in good faith with the opposing party. When conferring about a proposed modification of this Order, the parties shall act consistent with the FRCP 1 mandate to seek the just, speedy, and inexpensive determination of litigation, as well as guiding controlling principles of FRCP 26(b)(1), FRCP 26(g)(1)(B)(ii), and FRCP 26(g)(1)(B)(iii).

*   *   *

**IT IS SO ORDERED**.

Date: October ____, 2023

_____
CARL J. NICHOLS
United States District Court Judge