**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., et al., *Plaintiffs/Counter-Defendants*, v. SIDNEY POWELL, et al., *Defendants/Counter-Plaintiffs*. | Civil Action No. 1:21-cv-00040 (CJN) |
| US DOMINION, INC., et al., *Plaintiffs*, v. RUDOLPH W. GIULIANI, *Defendant*. | Civil Action No. 1:21-cv-00213 (CJN) |
| US DOMINION, INC., et al., *Plaintiffs/Counter-Defendants*, v. MY PILLOW, INC., et al., *Defendants/Counter- and Third-Party Plaintiffs*, v. SMARTMATIC USA CORP., et al., *Third-Party Defendants*. | Civil Action No. 1:21-cv-00445 (CJN) |

1

| | |
|---|---|
| US DOMINION, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATRICK BYRNE,<br><br>*Defendant*. | Civil Action No. 1:21-cv-02131 (CJN) |
| US DOMINION, INC., et al.,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>HERRING NETWORKS, INC., et al, .<br><br>*Defendant.* | Civil Action No. 1:21-cv-02130 (CJN) |

**[PROPOSED] STIPULATION AND ORDER GOVERNING EXPERT DISCOVERY**

Pursuant to Rule 26 and Rule 29 of the Federal Rules of Civil Procedure and Local Civil Rule 16.6, Plaintiffs U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion"), and Defendants Rudolph Giuliani, My Pillow, Inc., Michael J. Lindell, Sidney Powell, Sidney Powell, P.C., Defending the Republic, Inc., Patrick Byrne, Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb ("Defendants") (collectively "the parties"), by and through their undersigned counsel, hereby stipulate and agree to the following regarding the scope of expert discovery in each of the above-captioned matters (the "Dominion Cases"), which have either been

2

consolidated or voluntarily coordinated for purposes of discovery.[1]

1. The parties shall comply with the Federal Rules of Civil Procedure and this stipulation, except to the extent the stipulation conflicts with the Federal Rules, in which case the stipulation governs.

2. The parties will make all disclosures required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, as modified by the provisions of this stipulation and subject to the limitations set forth in Rule26(b)(4) of the Federal Rules of Civil Procedure and all applicable Court orders.

A. **Disclosure of Documents Relied Upon by Experts**

3. For purposes of expert discovery in these matters, the term "considered" as used in Rule 26(a)(2)(B)(ii) and Rule 26(b)(4)(C)(ii) of the Federal Rules of Civil Procedure means "relied upon."

4. At the time an expert's report is provided, the party proffering a testifying expert will also produce to the other parties taking the testifying expert's deposition the following documents relied upon by a testifying expert in this case:

    a. Documents relied upon by a testifying expert in the Dominion Cases that were obtained by one party from third parties and not produced to the other parties in this action;

    b. Documents relied upon by a testifying expert in the Dominion Cases that

---

[1] Specifically, the Court consolidated for discovery purposes only the above-captioned matters styled *US Dominion Inc., et al. v. Powell, et al.*, No. 1:21-cv-0040-CJN (D.D.C.), *US Dominion Inc., et al. v. Giuliani*, No. 1:21-cv-213-CJN (D.D.C.), *US Dominion Inc., et al. v. MyPillow, Inc., et al.*, No. 1:21-cv-00445-CJN (D.D.C.) and *US Dominion, Inc., et al. v. Herring Networks, et al.*, No 1:21-cv-02130-CJN (D.D.C.). To align the *US Dominion Inc., et al. v. Patrick Byrne*, No. 1:21-cv-02131-CJN (D.D.C.) matter with these, counsel for Dominion and Byrne have further agreed to voluntarily coordinate discovery between the Dominion Cases.

have not been previously produced to the other parties in this action, excluding any publications or learned treatises if they are publicly available;

c. Documents relied upon by testifying expert in the Dominion Cases that were produced in the Dominion Cases for which there is no common Bates numbering or deposition exhibit number; and

d. Documents prepared by a non-testifying expert that were relied upon by a testifying expert in the Dominion Cases.

5. Notwithstanding any of the provisions set forth herein, no communications between counsel for a party and the party's expert shall be produced, and no draft expert reports are discoverable.

6. No party shall be required to produce any privileged work product between the expert witness and the proffering party's counsel regardless of when exchanged, and no party is required to produce any draft expert report.

7. At the time an expert's report is provided, each party proffering the testifying expert will produce to the other parties: (a) the testifying expert's curriculum vitae; (b) a list of Materials relied upon by the expert, identified by Bates stamp or deposition exhibit number, if applicable, , or if not Bates stamped, by providing for the date and title of the material, or if publicly available, the date and title of the material and a URL link (if located through reasonable efforts); (c) a list that will include, at a minimum, the cases, administrative matters, or other proceedings in which the expert has given trial or other testimony in public within the last four (4) years, without prejudice to any party's right to request such information for a period not to exceed ten (10) years.  If the request for information exceeding four (4) years is opposed, the party seeking such additional information may apply to the Court for relief.  The list also will include the name of the matter, the

name of the court or other public body, the names of the parties and their attorneys, whether the expert or the party for which he is testifying has a copy of the testimony, and a brief description of the nature of the proceeding.

**B.     Depositions of Testifying Experts**

8. As soon as practicable, the party taking a deposition will advise the other parties of its good faith estimate of the amount of time it is anticipated that the testifying expert's deposition will take, to be no longer than 7 hours on the record absent agreement by the parties or Court order.

9. Each party will pay its testifying experts' fees and expenses incurred in connection with the deposition of its own experts. All costs incurred in the production of documents discussed herein shall also be borne by the party producing the documents, unless modified by agreement of the parties or Court order.

10. The parties will make a good faith effort to schedule testifying expert depositions at locations convenient for counsel and the experts. In the absence of any agreement, each deposition will take place at the location of the presenting party's counsel's offices.

11. Testifying expert witnesses will appear for depositions without the necessity of subpoenas.

12. Nothing in this stipulation shall be construed to prevent or prohibit any party from challenging an expert's qualifications or the admissibility of his or her opinion or report.

**IT IS SO ORDERED**.

_____
HON. CARL J. NICHOLS
United States District Court Judge

DATE: October \_\_\_, 2023