# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | |
|       Plaintiffs/Counterclaim Defendants | |
| v. | Case No. 1:21-cv-02130-CJN |
| HERRING NETWORKS, INC., et al., | |
|       Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs | Judge Carl J. Nichols |
| v. | |
| AT&T SERVICES, INC., et al., | |
|       Third-Party Defendants. | |

**DECLARATION OF JONATHAN D. NEERMAN IN SUPPORT OF THE HERRING PARTIES' RESPONSE IN OPPOSITION TO DOMINION'S MOTION FOR ENTRY OF DISCOVERY STIPULATION**

I, Jonathan D. Neerman do declare as follows:

1.     I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendants Herring Networks, Inc., d/b/a One America News Network ("OAN"), Charles Herring, Robert Herring, Sr., and Chanel Rion (collectively, the "Herring Parties"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of the Herring Parties Response in Opposition to Dominion's Motion for Entry of Discovery Stipulation.

2.     The Herring Parties and Dominion negotiated, through a series of emails, the parameters for the parties to search for, review, and produce documents.  As relevant to this Response, a true and correct copy of one string of those emails is attached as **Exhibit 1**.

3.      The Herring Parties made clear that a responsiveness review conducted by attorneys was to be expected of all parties, and at least initially believed that Plaintiffs agreed.  On July 11, 2023, Plaintiffs' counsel emailed the Herring Parties' counsel suggesting that: "We expect any responsiveness review to be done by humans without the assistance of any AI or other automated program.  That is how we will do our reviews."  **Exhibit 1** (Ross to Blaesche at 4:48 pm on Tuesday, July 11, 2023).  The Herring Parties agreed that a responsiveness review conducted by attorneys was proper: "I can confirm that our responsiveness review will also be conducted by human reviewers without the assistance of any AI or automated program."  **Exhibit 1** (Blaesche to Ross at 1:51 pm on Friday, July 14, 2023).

4.      Discussion then turned to Dominion's proposed custodians and search chains. **Exhibit 1** (various emails among Blaesche and Neerman (counsel for Herring Parties) and Levin and Ross (Plaintiffs' counsel) sent between July 21 and August 24).  On the evening of August 24, I emailed Plaintiffs' counsel to say that "[w]e can agree on most of your proposed terms.  I have highlighted those we can agree to and will start processing for responsiveness review."  **Exhibit 1** (Neerman to Ross at 7:02 pm on August 24, 2023).  Thus, the Herring Parties were clear from the beginning that any agreement on Dominion's initial search chains was predicated on the parties conducting responsiveness reviews prior to production.   Counsel for the Herring Parties subsequently agreed to an additional 11 search chains (for an initial total of 181), and once again I explained that the searches were being reviewed for responsiveness.  **Exhibit 1** (Neerman to Ross at 4:29 pm on August 31, 2023).

5.      Plaintiffs' counsel responded by asking for hit count reports, **Exhibit 1** (Ross to Neerman at 4:38 pm on August 31, 2023).  I wrote back explaining that the Herring Parties were still working through the remaining search chains, thus discussion of the need for hit reports was

premature: "If we reach the point where we cannot agree on search terms, we can discuss the need for hit reports. We aren't there, and we may not be." **Exhibit 1** (Neerman to Ross at 4:44 on August 31, 2023).

6.      Plaintiffs noted their "position that regardless whether or not you agree to a search term we propose we are entitled to the hit count for that search term . . . . While [Plaintiffs] do not believe that a further [responsiveness] review is required or even appropriate in the circumstances where agreed search terms are applied to agreed custodians, and further that all hit-upon documents are relevant and should be produced, we understand that you are taking a different position. . . . If you are not willing to give us hit counts for each search term let's have a meet and confer." **Exhibit 1** (Ross to Neerman at 4:53 pm on August 31, 2023).

7.      Given Plaintiffs' "change to [the] discussion about search terms" despite the Herring Parties' consistent explanation "[i]n each of our emails to you, and in our calls, [that the Herring Parties] would do a responsiveness review of documents," the Herring Parties voiced that they "disagree with your newly proposed process. And since we have a disagreement on the implementation of the search terms, we withdraw our agreements [to those terms].  Our agreements were based on a responsiveness review, as we stated clearly in my emails." **Exhibit 1** (Neerman to Ross at 5:21 pm on August 31, 2023).  Plaintiffs' counsel responded by suggesting that they had not changed their position and that they would "not do[] any other review after running search terms on agreed custodians and then producing the documents that hit upon search terms," **Exhibit 1** (Ross to Neerman at 5:29 on August 31, 2023), but counsel did acknowledge that the Herring Parties' had remained consistent in their position: "as you note you have consistently maintained that you are going to do a responsiveness review after collecting documents that hit upon agreed terms," *id.*

8.      This email discussion then concludes with counsel for the Herring Parties reiterating that they could not have been more clear: "we have always said we would do a responsiveness review.   This is the first time you are telling me that you expected us to simply send you any document that hit on a search term.   And since that wasn't made clear to us, that is why we are withdrawing our prior agreements." **Exhibit 1** (Neerman to Ross at 5:36 pm on August 31, 2023).   Given the parties' divergent views on these critical aspects of their discovery obligations, they are at an impasse and in need of the Court's resolution.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 31, 2023

_____

Jonathan D. Neerman

# EXHIBIT 1

**Trent McCotter**

---

| | |
|---|---|
| **From:** | Jonathan Ross <JROSS@SusmanGodfrey.com> |
| **Sent:** | Friday, September 1, 2023 2:16 PM |
| **To:** | Neerman, Jonathan |
| **Cc:** | Eve Levin; Blaesche, Minoo; Butzer, Carl; Edwards, John; Shah, Bethany; Dickson, Carter; Ceckowski, Lauren; Dominion ListserveSusmanGodfrey |
| **Subject:** | RE: Dominion OAN Discovery Meet & Confer |

**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**

I can do this afternoon if that works.

Next week since Tuesday and Wednesday are off, I can do early Thursday morning before my flight – 8 am with a hard cut-off at 8:30.  Would that work?

Otherwise I could do Friday morning also at 8 am.

Apologies on the early start but I am at a conference Thursday and Friday and we should get on the same page sooner rather than later.  I think a short conversation will get us back on track.

---

**From:** Neerman, Jonathan <jneerman@jw.com>
**Sent:** Friday, September 1, 2023 1:07 PM
**To:** Jonathan Ross <JROSS@SusmanGodfrey.com>
**Cc:** Eve Levin <ELevin@susmangodfrey.com>; Blaesche, Minoo <mblaesche@jw.com>; Butzer, Carl <cbutzer@jw.com>; Edwards, John <jedwards@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Dominion ListserveSusmanGodfrey <dominion@lists.susmangodfrey.com>
**Subject:** RE: Dominion OAN Discovery Meet & Confer

==EXTERNAL Email==
Phew.  I thought you were taking a shot at me that I was taking the full week off.  I feel better now that you misread the email!

I can't do Tuesday and Wednesday because of other conflicts (work-related, not golfing).  Could you do Thursday afternoon or Friday morning?

**Jonathan Neerman**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
V: (214) 953-5664 | F: (214) 661-6899 | jneerman@jw.com

**Jackson Walker LLP**

---

**From:** Jonathan Ross <JROSS@SusmanGodfrey.com>
**Sent:** Friday, September 1, 2023 1:05 PM
**To:** Neerman, Jonathan <jneerman@jw.com>
**Cc:** Eve Levin <ELevin@susmangodfrey.com>; Blaesche, Minoo <mblaesche@jw.com>; Butzer, Carl <cbutzer@jw.com>;

Edwards, John <jedwards@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Dominion ListserveSusmanGodfrey <dominion@lists.susmangodfrey.com>
**Subject:** RE: Dominion OAN Discovery Meet & Confer

**RECEIVED FROM EXTERNAL SENDER – USE CAUTION****

Wait.  I read that as Tuesday, not Thursday.  My bad.  I will be on a plane Thursday morning.  Any chance Wednesday morning would work?

Apologies.

**From:** Jonathan Ross
**Sent:** Friday, September 1, 2023 1:03 PM
**To:** Neerman, Jonathan <jneerman@jw.com>
**Cc:** Eve Levin <elevin@susmangodfrey.com>; Blaesche, Minoo <mblaesche@jw.com>; Butzer, Carl <cbutzer@jw.com>; Edwards, John <jedwards@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Dominion ListserveSusmanGodfrey <dominion@lists.susmangodfrey.com>
**Subject:** RE: Dominion OAN Discovery Meet & Confer

Thanks.  Please send the invite to Eve and I.  Enjoy the time off.

**From:** Neerman, Jonathan <jneerman@jw.com>
**Sent:** Friday, September 1, 2023 12:15 PM
**To:** Jonathan Ross <JROSS@SusmanGodfrey.com>
**Cc:** Eve Levin <ELevin@susmangodfrey.com>; Blaesche, Minoo <mblaesche@jw.com>; Butzer, Carl <cbutzer@jw.com>; Edwards, John <jedwards@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Dominion ListserveSusmanGodfrey <dominion@lists.susmangodfrey.com>
**Subject:** Re: Dominion OAN Discovery Meet & Confer

<mark>EXTERNAL Email</mark>

Jonathan,

We are free at 10:00 CT on Thursday.  If that works, I can send a calendar invitation. Let me know who should be included.

Thanks

Jonathan Neerman
(214) 953-5664

> On Aug 31, 2023, at 5:36 PM, Neerman, Jonathan <jneerman@jw.com> wrote:
>
> Jonathan,
>
> Our positions could not have been more clear: we have always said we would do a responsiveness review
>
> This is the first time you are telling me that you expected us to simply send you any document that hit on a search term.  And since that wasn't made clear to us, that is why we are withdrawing our prior agreements.  Our withdrawal has nothing to do with your premature request for hit count lists.

I will get back to you tomorrow about a time to talk next week.

Thanks

Jonathan Neerman
(214) 953-5664

> On Aug 31, 2023, at 5:29 PM, Jonathan Ross <JROSS@susmangodfrey.com> wrote:
>
> **RECEIVED FROM EXTERNAL SENDER – USE CAUTION**
>
> Happy to jump on a call when you are available but there has been no change.  We have made clear multiple times that we are not doing any other review after running search terms on agreed custodians and then producing the documents that hit upon search terms. We have asked the same from you but as you note you have consistently maintained that you are going to do a responsiveness review after collecting documents that hit upon agreed terms (sorry if I used the word relevance – I meant responsive).  Why our request for hit counts would cause you to withdraw your previous agreements on search terms is beyond my understanding – if you agree that a search term is appropriate for determining responsive documents then nothing about a request for hit counts should change that.
>
> In any event, when are you available for a meet and confer next week?  My Tuesday is fairly open.
>
> **From:** Neerman, Jonathan <jneerman@jw.com>
> **Sent:** Thursday, August 31, 2023 5:21 PM
> **To:** Jonathan Ross <JROSS@SusmanGodfrey.com>
> **Cc:** Eve Levin <ELevin@susmangodfrey.com>; Blaesche, Minoo <mblaesche@jw.com>; Butzer, Carl <cbutzer@jw.com>; Edwards, John <jedwards@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Dominion ListserveSusmanGodfrey <dominion@lists.susmangodfrey.com>
> **Subject:** Re: Dominion OAN Discovery Meet & Confer
>
>
> ==EXTERNAL Email==
>
> Jonathan,
>
> This is the first time you are adding this change to our discussion about search terms.  You did not explain this was your intended procedure when you sent the original search terms.  In each of our emails to you, and in our calls, we have made clear that we would do a responsiveness review of documents that hit on your search terms.  You are using the phrase "relevance review", which is not a phrase we have used.
>
> We disagree with your newly proposed process. And since we have a disagreement on the implementation of the search terms, we withdraw our agreements from last Thursday and today.   Our agreements were based on a responsiveness review, as we stated clearly in my emails.

We can set up a time for next week to do a term by term review, alongside the document requests they maybe connected to.

Jonathan

Jonathan Neerman
(214) 953-5664

> On Aug 31, 2023, at 4:53 PM, Jonathan Ross <JROSS@susmangodfrey.com> wrote:
>
> **RECEIVED FROM EXTERNAL SENDER – USE CAUTION**
> To be clear, it is our position that regardless of whether or not you agree to a search term we propose we are entitled to the hit count for that search term, for the obvious reason that it serves as a reality check on what you ultimately produce through your subsequent relevance review for the search terms that you did agree to (or eventually propose back to us).  While we do not believe that a further relevance review is required or even appropriate in the circumstances where agreed search terms are applied to agreed custodians, and further that all hit-upon documents are relevant and should be produced, we understand that you are taking a different position. As you apparently are not going to produce all documents that the search terms hit, at a minimum we are entitled to see how many documents each search term hit upon so we can have a reality check as to just how many documents your secondary relevance review is eliminating from production.
>
> If you are not willing to give us hit counts for each search term let's have a meet and confer next Tuesday to try and hash out the issue.
>
> Thanks!
>
> ---
>
> **From:** Neerman, Jonathan <jneerman@jw.com>
> **Sent:** Thursday, August 31, 2023 4:44 PM
> **To:** Jonathan Ross <JROSS@SusmanGodfrey.com>
> **Cc:** Eve Levin <ELevin@susmangodfrey.com>; Blaesche, Minoo <mblaesche@jw.com>; Butzer, Carl <cbutzer@jw.com>; Edwards, John <jedwards@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Dominion ListserveSusmanGodfrey <dominion@lists.susmangodfrey.com>
> **Subject:** Re: Dominion OAN Discovery Meet & Confer
>
>
> EXTERNAL Email
>
> I'm not sure-stepping, I'm just responding to the issues in froBT of us. If we reach the point where cannot agree on search terms, we can discuss the need for hit reports.  We aren't there, and we may not be.  We have

already agreed to more than 2/3rds of your proposed search strings.  The remaining ones are, as you know, very convoluted.  Maybe they were intended to be that way. But until we can get our arms around those, we can't take a position.

Jonathan

Jonathan Neerman
(214) 953-5664


On Aug 31, 2023, at 4:38 PM, Jonathan Ross <JROSS@susmangodfrey.com> wrote:

**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**

Thanks.  I have asked for hit counts a couple of times now and you have side-stepped responding.  Are you refusing to provide hit counts? If so we should have a meet and confer.  If not, please send them to us as you run them.  Please let me know. And enjoy the holiday weekend as well.

**From:** Neerman, Jonathan <jneerman@jw.com>
**Sent:** Thursday, August 31, 2023 4:29 PM
**To:** Jonathan Ross <JROSS@SusmanGodfrey.com>; Eve Levin <ELevin@susmangodfrey.com>; Blaesche, Minoo <mblaesche@jw.com>; Butzer, Carl <cbutzer@jw.com>; Edwards, John <jedwards@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>
**Cc:** Dominion ListserveSusmanGodfrey <dominion@lists.susmangodfrey.com>
**Subject:** RE: Dominion OAN Discovery Meet & Confer

EXTERNAL Email
Jonathan,

We agreed last week to 170 of the 210 search queries requested by Dominion.  We can agree to an additional 11 queries, which are highlighted in green in the attached document.

As for the remaining 29 queries, we continue to analyze them and anticipate

providing you with a response next
Friday.

We have begun processing the
documents that hit on the 181 search
queries and are reviewing for
responsiveness.

Have a good holiday weekend.

Jonathan

**Jonathan Neerman**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
V: (214) 953-5664 | F: (214) 661-6899
| jneerman@jw.com

<image001.png>

**From:** Neerman, Jonathan
**Sent:** Thursday, August 24, 2023 7:02 PM
**To:** Jonathan Ross <JROSS@SusmanGodfrey.com>; Eve
Levin <ELevin@susmangodfrey.com>; Blaesche, Minoo
<mblaesche@jw.com>; Butzer, Carl <cbutzer@jw.com>;
Edwards, John <jedwards@jw.com>; Pickett Shah,
Bethany <bpickett@jw.com>; Dickson, Carter
<cdickson@jw.com>; Ceckowski, Lauren
<lceckowski@jw.com>
**Cc:** Dominion ListserveSusmanGodfrey
<dominion@lists.susmangodfrey.com>
**Subject:** RE: Dominion OAN Discovery Meet & Confer

Jonathan,

Thank you for your patience as we work
through all of these search terms.  We
can agree on most of your proposed
terms.  I have highlighted those we can
agree to and will start processing for
responsiveness review.  We are not yet
rejecting the remaining terms, but we do
have a few issues.  We plan on sending
you proposed revisions to those we find

problematic.  We hope to do so early
next week.

Jonathan

**Jonathan Neerman**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
V: (214) 953-5664 | F: (214) 661-6899
| jneerman@jw.com

<image002.png>

**From:** Jonathan Ross <JROSS@SusmanGodfrey.com>
**Sent:** Thursday, August 24, 2023 9:47 AM
**To:** Eve Levin <ELevin@susmangodfrey.com>; Blaesche,
Minoo <mblaesche@jw.com>; Neerman, Jonathan
<jneerman@jw.com>; Butzer, Carl <cbutzer@jw.com>;
Edwards, John <jedwards@jw.com>; Pickett Shah,
Bethany <bpickett@jw.com>; Dickson, Carter
<cdickson@jw.com>; Ceckowski, Lauren
<lceckowski@jw.com>
**Cc:** Dominion ListserveSusmanGodfrey
<dominion@lists.susmangodfrey.com>
**Subject:** RE: Dominion OAN Discovery Meet & Confer

**\*\*RECEIVED FROM EXTERNAL SENDER – USE
CAUTION\*\***

It has almost been a month since we sent you these
search terms and we have not heard from you that
there are any problems.  Have you run hit reports for
the terms?  If so please share them with us and let us
know if we have any issues or we can commence
document production.  Thanks.

**From:** Eve Levin <ELevin@susmangodfrey.com>
**Sent:** Thursday, July 27, 2023 12:06 AM
**To:** Blaesche, Minoo <mblaesche@jw.com>; Neerman,
Jonathan <jneerman@jw.com>; Butzer, Carl
<cbutzer@jw.com>; Edwards, John
<jedwards@jw.com>; Pickett Shah, Bethany
<bpickett@jw.com>; Dickson, Carter
<cdickson@jw.com>; Ceckowski, Lauren
<lceckowski@jw.com>
**Cc:** Dominion ListserveSusmanGodfrey
<dominion@lists.susmangodfrey.com>; Jonathan Ross
<JROSS@SusmanGodfrey.com>
**Subject:** RE: Dominion OAN Discovery Meet & Confer

Counsel:

As promised during our meet and confer, please find attached Dominion's proposed search terms to use in searching for documents responsive to Dominion's document requests. Please confirm that your vendor can run the syntax and adjust as needed to ensure successful searching.

Dominion reserves the right to augment, modify, or add search terms as discovery progresses.

All best,
Eve

---

**From:** Jonathan Ross <JROSS@SusmanGodfrey.com>
**Sent:** Wednesday, July 26, 2023 6:19 PM
**To:** Blaesche, Minoo <mblaesche@jw.com>
**Cc:** Eve Levin <ELevin@susmangodfrey.com>; Dominion ListserveSusmanGodfrey <dominion@lists.susmangodfrey.com>; Neerman, Jonathan <jneerman@jw.com>; Butzer, Carl <cbutzer@jw.com>; Edwards, John <jedwards@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>
**Subject:** Re: Dominion OAN Discovery Meet & Confer

Thanks.

Jonathan J. Ross
Partner & General Counsel
Susman Godfrey LLP
1000 Louisiana Suite 5100
Houston, Texas 77002
713-653-7813


On Jul 26, 2023, at 4:26 PM, Blaesche, Minoo <mblaesche@jw.com> wrote:


EXTERNAL Email
Hi Jonathan,
To close the loop on the 2 additional custodians, as we mentioned on our meet and confer on Monday, we can accept Britton as a custodian. We will also accept Stephanie Meyers.

Best,
Minoo

---

**From:** Jonathan Ross
<JROSS@SusmanGodfrey.com>
**Sent:** Sunday, July 23, 2023 11:21 AM
**To:** Blaesche, Minoo
<mblaesche@jw.com>
**Cc:** Eve Levin
<ELevin@susmangodfrey.com>;
Dominion ListserveSusmanGodfrey
<dominion@lists.susmangodfrey.com>;
Neerman, Jonathan
<jneerman@jw.com>; Butzer, Carl
<cbutzer@jw.com>; Edwards, John
<jedwards@jw.com>; Pickett Shah,
Bethany <bpickett@jw.com>; Dickson,
Carter <cdickson@jw.com>; Ceckowski,
Lauren <lceckowski@jw.com>
**Subject:** Re: Dominion OAN Discovery
Meet & Confer

**\*\*RECEIVED FROM EXTERNAL SENDER
– USE CAUTION\*\***

We are close but not quite there
yet.  We can accept all of your
suggestions in your Friday email with
the following exception.

We can agree to drop (for now) our
request for Acenas and Tinley in
exchange for including Britton and
Meyers, whom we continue to insist on
for the reasons previously stated. Can
you accept that or do we need to meet
and confer?

I would also like to discuss your
approach to collecting and searching
personal devices. What are the factors
you are (or will be) using to decide
whether or not to search a custodians
devices, etc.….  Are you available
tomorrow or Tuesday afternoon to
talk?  Thanks.

Jonathan J. Ross
Partner & General Counsel
Susman Godfrey LLP
1000 Louisiana Suite 5100

Houston, Texas 77002
713-653-7813

On Jul 21, 2023, at 2:49
PM, Blaesche, Minoo
<mblaesche@jw.com>
wrote:

<mark>EXTERNAL Email</mark>
Jonathan,
I write to respond to
your email regarding
OAN custodians.  With
respect to the proposed
custodians omitted
from my initial email,
we will agree to Dana
Cohen, Jack Posobiec,
and Sani
Unutoa.  However,
Emerald Robinson's
employment with OAN
terminated on January
10, 2020.  As such, we
do not agree to her
inclusion as a
custodian.

Thank you for dropping
the request for the
following custodians:

1. Aronowitz,
   Micole
2. Burgher, Travis
3. Fadhley, Sal
4. Lara-Risco,
   Frank
5. McCoven,
   Eddie – I can
   confirm his
   departure date
   was March 11,
   2020.
6. Miller, Trey –
   we will agree to
   include Derek
   Blashinsky,
   instead, as a
   custodian.

10

We also agree to include the following additional custodians you request:

1. Shippen, Olivia,
2. Wolk, Jezzamine

We maintain our objections to the remaining proposed custodians, specifically:

1. Acenas, Rachel
2. Britton, Allysia
3. Myers, Stephanie
4. Tinsley, Taylor

Finally, we propose the following additional custodians:

1. Betts, Keith
2. Gadow, Brandon

Assuming Dominion agrees with the additional 2 proposed custodians, I have attached a document detailing the list of the agreed-to OAN custodians.

Best,
Minoo

---

**From:** Blaesche, Minoo
**Sent:** Friday, July 14, 2023 1:51 PM
**To:** 'Jonathan Ross' <JROSS@SusmanGodfrey.com>; Eve Levin <ELevin@susmangodfrey.com>; Dominion ListserveSusmanGodfrey <dominion@lists.susma

11

ngodfrey.com>

**Cc:** Neerman, Jonathan
<jneerman@jw.com>;
Butzer, Carl
<cbutzer@jw.com>;
Edwards, John
<jedwards@jw.com>;
Pickett Shah, Bethany
<bpickett@jw.com>;
Dickson, Carter
<cdickson@jw.com>;
Ceckowski, Lauren
<lceckowski@jw.com>

**Subject:** RE: Dominion
OAN Discovery Meet &
Confer

Hi Jonathan,

We will get back to you
next week on the
specific custodians
mentioned in your
email. I wanted to
respond on the two
other related topics in
your email.

We do intend to
produce relevant text
messages from the
current employee
custodians if they used
their personal cell
phones for business-
related
purposes.  However, I
feel it necessary to
point out that personal
devices are afforded a
heightened expectation
of privacy.  *See Riley v.
California*, 573 U.S. 373,
373 (2014). This is
further complicated by
the fact that many of
the OAN custodians are
California residents.
Cal. Lab. Code § 980(a)
prohibits an employer
from accessing its
employees' personal

social media, including text messages. That being said, we have collected personal devices from some custodians, as permitted, and will be searching them for responsive data.  I'd appreciate it if you could let us know what Dominion plans to do with respect to personal devices of its custodians.

With respect to AI, I can confirm that our responsiveness review will also be conducted by human reviewers without the assistance of any AI or automated program.

Thanks, and have a great weekend,
Minoo

---

**From:** Jonathan Ross <JROSS@SusmanGodfrey.com>
**Sent:** Tuesday, July 11, 2023 4:48 PM
**To:** Blaesche, Minoo <mblaesche@jw.com>; Eve Levin <ELevin@susmangodfrey.com>; Dominion ListserveSusmanGodfrey <dominion@lists.susmangodfrey.com>
**Cc:** Neerman, Jonathan <jneerman@jw.com>; Butzer, Carl <cbutzer@jw.com>; Edwards, John <jedwards@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>;

Dickson, Carter
<cdickson@jw.com>;
Ceckowski, Lauren
<lceckowski@jw.com>
**Subject:** RE: Dominion
OAN Discovery Meet &
Confer

**\*\*RECEIVED FROM
EXTERNAL SENDER –
USE CAUTION\*\***

Minoo:

Thanks for the quick
response.  Below inline
and highlighted are our
responses to your
counter-proposal as to
the question of whom
the first-round OAN
custodians will be.  In
addition to those
responses, I wanted to
put in writing a couple
of related topics I
mentioned on
yesterday's call:

1. We expect the
   personal
   devices of your
   custodians to
   be searched,
   including all
   messaging apps
   on those
   devices, just as
   their work
   devices and
   emails are
   being
   searched.  If
   that is not what
   you plan to do,
   please let us
   know so we can
   bring up with
   the Court.
2. We expect any
   responsiveness
   review to be
   done by

14

humans without the assistance of any AI or other automated program.  That is how we will do our reviews.  If that is not how you plan to do your review, and in fact you plan to rely on AI or another automated program either in part or in whole for your responsiveness review, please let us know so we can bring up the dispute with the Court.

Thanks!

Jonathan

**From:** Blaesche, Minoo <[mblaesche@jw.com](mailto:mblaesche@jw.com)>
**Sent:** Tuesday, July 11, 2023 11:29 AM
**To:** Jonathan Ross <[JROSS@SusmanGodfrey.com](mailto:JROSS@SusmanGodfrey.com)>; Eve Levin <[ELevin@susmangodfrey.com](mailto:ELevin@susmangodfrey.com)>; Dominion ListserveSusmanGodfrey <[dominion@lists.susmangodfrey.com](mailto:dominion@lists.susmangodfrey.com)>
**Cc:** Neerman, Jonathan <[jneerman@jw.com](mailto:jneerman@jw.com)>; Butzer, Carl <[cbutzer@jw.com](mailto:cbutzer@jw.com)>; Edwards, John <[jedwards@jw.com](mailto:jedwards@jw.com)>; Pickett Shah, Bethany <[bpickett@jw.com](mailto:bpickett@jw.com)>; Dickson, Carter

<cdickson@jw.com>;
Ceckowski, Lauren
<lceckowski@jw.com>
**Subject:** RE: Dominion
OAN Discovery Meet &
Confer

EXTERNAL Email
Jonathan,
Thank you for your time
yesterday afternoon
during our meet and
confer.  As discussed, I
wanted to provide you
a response to your
proposed list of OAN
custodians.  We are in
agreement to include
the following
individuals as
custodians:

1. Elma Aksalic
2. Shane Althaus
3. Dan Ball
4. Christina Bobb
5. Justin Adam
   Brown
6. Mike Dinow
7. Peyton Drew
8. Lilia Fifield
9. Emily Finn
10. Marty Golingan
11. Stephanie
    Hamill
12. Natalie Harp
13. Charles Herring
14. Robert Herring
15. John Hines
16. Patrick Hussion
17. Camryn Kinsey
18. Lindsay Oakley
19. Kristian Rouz
20. Taylor Scott
21. Pearson Sharp
22. Chanel Rion

In addition, we would
add Bobby Herring,
Caroline Midkiff, and
Jennesh Agagas to the
above list.

16

[Thanks for these.  We accept the additional three.  I would note that we still seem light on producers (you added one) and executives (you added two).  We are fine saving those for a second round if necessary but I do want to make clear that we think there may need to be more and will be able to confirm that after the first round of documents are produced.  In addition, there are four proposed custodians from our list that are neither listed above nor discussed by you below.  May we assume that you agree to Dana Cohen, Jack Posobiec, Emerald Robinson, and Sani Unutona as custodians?]

With respect to the following individuals below, we do not agree to include them as custodians.  First, none of them were mentioned in the Complaint (other than Stephanie Myers in error).  Moreover, we do not believe any of them would possess any responsive or unique documents.

1. Acenas, Rachel:
   She is a news writer and former anchor.  We have no reason

17

to believe she was associated with any of the complained-of broadcasts or that she would possess any responsive or unique documents. [We have reason to believe that she would have documents that relate to the 2020 election and OAN's coverage of it.  We re-urge her inclusion as a custodian]

2. Aronowitz, Micole: Her employment with OAN ended on 5/26/20.  We have no reason to believe she was associated with any of the complained-of broadcasts or that she would possess any responsive or unique documents. [We will drop our request for now, subject to what the documents and other discovery have to say about his potentially having responsive documents]

3. <u>Britton, Allysia</u>: She is a former writer/producer. We have no reason to believe she was associated with any of the complained-of broadcasts or that she would possess any responsive or unique documents. [We have reason to believe that she has responsive documents given her abrupt departure after the January 6 riots. We re-urge her inclusion as a custodian]

4. <u>Burgher, Travis</u>: He is a video editor. We have no reason to believe he was associated with any of the complained-of broadcasts or that he would possess any responsive or unique documents. [We will drop our request for now, subject to what the documents and other discovery have to say about his potentially having

responsive documents]

5. Fadhley, Sal: He is not (nor has ever been) an employee of OAN. [Based on this representation we will drop our request]

6. Lara-Risco, Frank: He is a news writer. We have no reason to believe he was associated with any of the complained-of broadcasts or that he would possess any responsive or unique documents. [We will drop our request for now, subject to what the documents and other discovery have to say about his potentially having responsive documents]

7. McCoven, Eddie: He is a former writer/producer who left OAN in March 2020. We have no reason to believe he was associated with any of the complained-of broadcasts or that he would

possess any responsive or unique documents. [We will drop our request for now if you can re-confirm that he left in March 2020 (our information is that he left in 2021), and subject to what the documents and other discovery have to say about his potentially having responsive documents]

8. Miller, Trey: He performed only technical duties. We have no reason to believe he was associated with any of the complained-of broadcasts or that he would possess any responsive or unique documents. [Our understanding is that he did marketing and advertising, hence the request. We are ok with dropping him if you propose the relevant executives in those areas. Perhaps Derek

Blashinsky, who we think was the Senior VP for Programmatic Advertising would be one replacement]

9. Myers, Stephanie: She is mistakenly named in the Complaint.  Emily Finn was anchoring on the day of the relevant broadcast.  Myers was not involved in editing or writing any of the relevant broadcasts either.  We have no reason to believe she was associated with any of the complained-of broadcasts or that she would possess any responsive or unique documents. [I understand your point, but it was her show and hence she is likely to have responsive documents.  We re-urge her inclusion as a custodian]

10. Shippen, Olivia: She is a current *In Focus* producer who was not hired until late

January 2021, which is after all complained-of statements pertaining to the show were aired.  [She was hired to work on an accused show well within the timeframe of the defamatory statements on all the OAN shows and islikely to have responsive documents.  We re-urge her inclusion as a custodian]

11. Tinsley, Taylor: She is currently a producer, but was an intern/writer between June 2020 and June 2021.  We have no reason to believe she was associated with any of the complained-of broadcasts or that she would possess any responsive or unique documents. [She was a producer towards the tail-end of the defamatory comments and her being an intern/writer does not mean she would not have

responsive documents.  We re-urge her inclusion as a custodian]

12. Wolk, Jezzamine: She was hired in February 2021 for *In Focus*, which is after all complained-of statements pertaining to the show were aired.  [She was in place on an accused show well within the time period of many of the OAN defamatory statements.  We re-urge her inclusion as a custodian]

Please let us know if you'd like to discuss further.  [Happy to get on a call, or continue trading emails.  Whatever works for you]

Best,
Minoo

**Minoo Blaesche** |
Partner
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-6160 | F: (214) 661-6800 |
mblaesche@jw.com

**From:** Jonathan Ross <JROSS@SusmanGodfrey.com>
**Sent:** Thursday, July 6, 2023 7:55 PM
**To:** Butzer, Carl <cbutzer@jw.com>; Neerman, Jonathan <jneerman@jw.com>; Edwards, John <jedwards@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>
**Cc:** Dominion ListserveSusmanGodfrey <dominion@lists.susmangodfrey.com>; Eve Levin <ELevin@susmangodfrey.com>
**Subject:** Dominion OAN Discovery Meet & Confer

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel:

Thanks for your letter today raising issues with some of our responses/objections to your request for production. We agree that a meet and confer is appropriate, both on the issues you raise as well as issues that we have with your objections and responses to our requests for production (generally on date ranges and the category of documents that you may be refusing to

search for and produce at all).

We are generally available Monday and Tuesday of next week to confer on all of these issues.  What time works for you?

As part of the meet and confer, let's discuss the attached proposed protective order, which is generally the order that Judge Nichols entered in the individual defendant cases Dominion has before him.  I also attach Dominion's first request for custodians, which I would like to discuss at the meet and confer.  We expect to have search terms to you sometime next week.

Jonathan
<36912795_2_2023-07-21 Agreed To OAN Custodians (Dominion).pdf>