# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., *Plaintiffs/Counter-Defendants*, <br><br> v. <br><br> SIDNEY POWELL, et al., *Defendants/Counter-Plaintiffs*. | Civil Action No. 1:21-cv-00040 (CJN) |
| US DOMINION, INC., et al., *Plaintiffs*, <br><br> v. <br><br> RUDOLPH W. GIULIANI, *Defendant*. | Civil Action No. 1:21-cv-00213 (CJN) |
| US DOMINION, INC., et al., *Plaintiffs/Counter-Defendants*, | |

1

|  |  |
|---|---|
| v.<br><br>MY PILLOW, INC., et al.,<br><br>*Defendants/Counter-Plaintiffs*, *and*<br><br>*Third-Party Plaintiffs*,<br><br>v.<br><br>SMARTMATIC USA CORP., et al.,<br><br>*Third-Party Defendants*. | Civil Action No. 1:21-cv-00445 (CJN) |
| US DOMINION, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATRICK BYRNE,<br><br>*Defendant*. | Civil Action No. 1:21-cv-02131 (CJN) |
| US DOMINION, INC., et al.,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v. |  |

HERRING NETWORKS, INC., et al.,

*Defendants/Counter-Plaintiffs*, *and*

*Third-Party Plaintiffs*,

    v.

AT&T SERVICES., et al.,

*Third-Party Defendants*.

Civil Action No. 1:21-cv-02130 (CJN)

## DEFENDANT CHRISTINA BOBB'S REPLY IN SUPPORT OF HER MOTION FOR ENTRY OF ORDER ON DISCOVERY MATTERS

Rule 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Likewise, Rule 34 allows parties to request the production of "designated documents or electronically stored information."

Eschewing these plain mandates for relevance-based discovery, Dominion requests the Court's leave to indiscriminately dump millions of documents on Bobb, regardless of responsiveness. To do so, Dominion proposes that it ignore Bobb's carefully targeted document requests, and instead mechanically produce anything that hits on unspecified search terms. This is improper. A party may utilize agreed or court-ordered search terms as a means of identifying potentially responsive documents; however, that option does not relieve the party of reviewing such documents to determine if they are truly responsive. Although Dominion may not wish to

3

engage in this required exercise, that is not a choice the Federal Rules provides. Accordingly, the Court should reject Dominion's Proposal and adopt the consolidated Defendants' Proposal.[1]

## I. Producing Irrelevant and Unresponsive Documents is Not Supported by the Rules of Procedure.

As previously discussed, Bobb is in a unique position among the consolidated Defendants. On the merits, Dominion alleges Bobb's involvement in only 3 of the 25 purportedly defamatory broadcasts in the OAN matter. Doc. 1 at ¶ 305(n), (o), (v). Likewise, the other consolidated matters concern entirely separate alleged statements, witnesses, and events that have no connection to Bobb. Consequently, even assuming certain documents are relevant and responsive to other Defendants' discovery requests, that does not mean they are relevant to Bobb. For that reason, Bobb has served a relatively small number of narrowly tailored document requests, seeking documents specific to Dominion's allegations against her.

Bobb has thus "designated [the] documents or electronically stored information" that she seeks. Fed. R. Civ. P. 34(a)(1)(A). Ordinary order, then, is for Dominion to serve responses, and once any objections are resolved by agreement or court order, produce the documents requested. Dominion has not done so, and, in fact, has not yet conferred with Bobb regarding any of her discovery requests. Aiming to short-circuit this essential process, Dominion suggests the Court simply allow it to dump on Bobb the same documents it produces to others, regardless of responsiveness. In support, Dominion argues the "the volume and breadth" of the consolidated Defendants' document requests is "staggering" and "encompasses very nearly every document the company generates." Doc. 146 at 11–12 (emphasis omitted). This statement is inaccurate;

---

[1] In prior filings, Bobb has referred to the consolidated Defendant's discovery protocol as the "Defendants' Proposal" (Doc. 142-1) and Dominion's protocol as "Dominion's Proposal" (Doc. 107-1) respectively. Bobb will continue to refer to them as such in this Reply.

however, even if it were true, Dominion conspicuously omits any supposedly overbroad requests from Bobb. *See id*.

Similarly, Dominion suggests it simply wants to give the consolidated Defendants "the exact responsive documents they requested" by reproducing documents it previously produced in the *Dominion v. Fox* litigation. *Id*. at 10. But, once again, Bobb has not requested a duplicate production of any prior productions, as Dominion claims other consolidated Defendants have done. *Id*. at 10. Given that, the Court should not require Bobb to mine through a production to a major corporation like Fox in hopes of finding something that might be relevant to her. The consolidated Defendants' Proposal accounts for these important differences, while Dominion's Proposal does not.

Nor does Dominion's claim that "Rule 26 allows a party to discover relevant documents, it does not purport to require the responding party to limit its production to those documents" have merit. Doc. 146 at 13. Rule 1 explicitly requires that "the rules governing discovery should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Indiscriminate document dumps are none of these things, as Dominion's own complaints about the burden of reviewing such masses of documents make abundantly clear. *See* Doc. 146 at 14 (claiming a cost of "$700,000 and $1,660,000 to review" its own documents for responsiveness).[2]

---

[2] Producing relevant and responsive records will no doubt add to Dominion's workload, but it offers nothing concrete proving prejudice, particularly in proportion to its multi-billion-dollar claim. Indeed, twelve attorneys from five different offices are included in Dominion's signature block, demonstrating it certainly *can* locate and produce documents responsive to Bobb's specific requests, it simply does not want to. But regardless of Dominion's desires in this respect, "[r]esponding parties are not permitted to mingle responsive documents with large numbers of unresponsive documents for the purpose of overwhelming the opposing party." *Wilcox v. Changala*, 2012 WL 12844083, at *3 (E.D. Wash. Jan. 18, 2012) (citing *Hagemeyer N. A., Inc. v. Gateway Data Sciences Corp.*, 222 F.R.D. 594, 598 (E.D. Wisc. 2004)).

At bottom, Dominion chose to sue Bobb and now has the obligation to respond to Bobb's narrowly tailored document requests by endeavoring, in good faith, to produce documents responsive to those requests, without intermixing them with countless extraneous documents. To the extent this is a burden, it is one Dominion must carry. It may not export its obligations on Bobb, or demand that she, as an individual, sift through millions of documents that Dominion has compiled in other cases or located through the blind application of unspecified search terms. *See, e.g., Lexington Luminance LLC v. Feit Elec. Co., Inc.*, 2020 WL 10052403, at *8 (C.D. Cal. July 8, 2020) ("Regardless of where it collects documents and from whom, it is [defendant's] obligation to assure that it is producing document responsive to the particular discovery requests. [Defendant's] objections seem to suggest that [defendant] did not conduct the necessary review for responsiveness but simply rested on the custodians, search terms, and collection assistance of its e-discovery vendor. This is wholly insufficient.").[3]

Finally, Dominion argues that it can make unlabeled, indiscriminate productions so long as the documents are purportedly "produced as kept in the ordinary course of business," Doc. 146 at 10. This contention is meritless. A document dump organized by custodian and searchable is still a document dump. *See Clientron Corp. v. Devon IT, Inc.*, 310 F.R.D. 262, 266 (E.D. Pa. 2015) (data dump is "not accepted in normal discovery practice by a party producing documents in

---

[3] Dominion cites *Fed. Deposit Ins. Corp. v. Boggus*, 2015 WL 11457700, at *1 (N.D. Ga. May 13, 2015), which acknowledges "[p]roduction without a subsequent manual review encourages defendants to not be too gluttonous in their initial requests, and requiring defendants' preferred production format similarly incentivizes plaintiff to make an efficient and generally relevant production." *Id*. Bobb served Requests for Production that specifically target categories of records for the precise allegations against her in the Complaint that can be summarized as such: 1) the precise statements of Bobb that Dominion alleges are defamatory; 2) records that demonstrate Bobb's knowledge of the falsity of the statements; and 3) the specific damages Dominion attributes to Bobb. Thus, as *Boggus* counsels, Bobb was not "gluttonous" in her requests, meaning Dominion has no justification, even under the cases it cites, to engage in indiscriminate productions.

commercial litigation" under Rule 34(b)(2)(E)). The "ordinary course" provision of Rule 34 was intended to prevent, not encourage document dumps. "[T]he underlying assumption was that production of records as kept in the usual course of business ordinarily will make their significance pellucid. That is the overarching purpose of the rule." *CooperVision, Inc. v. Ciba Vision Corp.*, 2007 WL 2264848, at *4-5 (E.D. Tex. Aug. 6, 2007) (finding plaintiff's "assertion that it produced documents as kept in the ordinary course of business is unsupported *ipse dixit*" and ordering it to "provide more individualized responses to the requests, as numbered and identified therein"). It is hard to imagine anything less pellucid to Bobb than millions of documents that happen to hit on undefined search terms, the vast majority of which will surely be unresponsive to Bobb's requests.[4]

## CONCLUSION

For the foregoing reasons, and those discussed in Bobb's prior submissions, the Court should reject Dominion's Proposal and adopt Defendants'.

---

[4] Nor does Dominion makes any effort to prove that its production is organized as kept in the ordinary course of business. "[I]t is the producing party's burden to demonstrate that documents are produced as kept in the usual course of business." *Id*. at *5 (citing *Johnson v. Kraft Foods North America,* 236 F.R.D. 535 (D.Kan.2006)). "To carry this burden, a party must do more than merely represent to the court and the requesting party that the documents have been produced as they are maintained." *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 334 (N.D.N.Y. 2008). "[T]he overwhelming weight of authority counsels that more in the way of organization is required in order to make the document production meaningful, and thus proper." *Id*. at 335.

Dated: November 7, 2023                    Respectfully submitted,

                                                            */s/Gregory M. Singer*
                                                            John F. Lauro, Esq.
                                                            D.C. Bar No. 392830
                                                            jlauro@laurosinger.com
                                                            Gregory M. Singer, Esq. (PHV)
                                                            gsinger@laurosinger.com
                                                            LAURO & SINGER
                                                            400 N. Tampa St., 15th Floor
                                                            Tampa, FL 33602
                                                            (813) 222-8990
                                                            *Counsel for Defendant Christina Bobb*