IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al.,<br><br>    Plaintiffs/Counterclaim Defendants<br><br>v.<br><br>HERRING NETWORKS, INC., et al.,<br><br>    Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs<br><br>v.<br><br>AT&T SERVICES, INC., et al.,<br><br>    Third-Party Defendants. | Case No. 1:21-cv-02130-CJN<br><br>Judge Carl J. Nichols |

**THE HERRING PARTIES' MOTION FOR ENTRY OF
OPPOSED DEPOSITION PROTOCOL**

Defendants Herring Networks, Inc., d/b/a One America News Network, Charles Herring, Robert Herring, Sr., and Chanel Rion (collectively, the "Herring Parties"), file this Motion for Entry of Opposed Deposition Protocol, and respectfully show the Court as follows:

**I.
INTRODUCTION**

The parties have reached agreement as to almost the entirety of the deposition protocol to be entered in this case, but a single dispute remains. Specifically, Dominion seeks to exercise control over every party's deposition strategies by including a default rule that *every* deposition in this lawsuit (and the other lawsuits that have been consolidated for discovery) be taken remotely absent leave of the Court. This is backwards, as the default for depositions is in person, unless a particular deposition is ordered by the Court to be taken remotely. Dominion's request is thus premature and improper as it excuses Dominion from its obligation to make a unique showing

1

particular to each witness, and tramples each party's agency to decide how best to prosecute their case. The Court should decline Dominion's invitation to order a blanket exception to the Federal Rule governing depositions.

The Herring Parties' position – as is the position of all Defendants in the cases consolidated for discovery – is that the Court should enter a deposition protocol that gives the noticing party, in coordination with the witness, the authority to determine whether to conduct the deposition in person or remotely, as is standard practice in federal litigation, and which would still allow remote attendance by attorneys who are not taking depositions. A true and correct copy of the proposed deposition protocol proffered by the Herring Parties is attached hereto as Exhibit 1.

For the reasons stated herein, the Herring Parties respectfully request that the Court enter the attached proposed deposition protocol.[1]

## II.
## APPLICABLE LAW

The Federal Rules of Civil Procedure empower the party issuing a notice of deposition to determine the medium and location of that deposition. *See* Fed. R. Civ. P. 30. Under Rule 30(b)(4) of the Federal Rules of Civil Procedure, the Court may on motion order that a deposition be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4). Rule 30(b)(4) does not specify the standard to be considered in determining whether to grant a request for a remote deposition. *Id.*

In analyzing requests under Rule 30(b)(4), some courts employ a two-step analysis that first requires the movant to articulate a "legitimate reason" for seeking a remote deposition. If the movant does so, the burden then shifts to the opposing party to show that it would be prejudiced by conducting a remote deposition. *See, e.g., Lewis v. CoreCivic of Tennessee, LLC*, No. 21-CV-

---

[1] The Herring Parties understand that their position is also endorsed by the other Defendants in these consolidated proceedings.

01385-JAH-BGS, 2023 WL 5944279, at *1 (S.D. Cal. Sept. 12, 2023). Other courts are directed to "balance the claims of prejudice and those of hardship" and "conduct a careful weighing of the relevant facts." *See, e.g.*, *Stapleton v. Prince Carpentry, Inc.*, No. 22CV004044JSJMW, 2023 WL 1785547, at *1 (E.D.N.Y. Feb. 6, 2023); *see also Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 121-008, 2021 WL 6617307, at *1 (S.D. Ga. Nov. 12, 2021) (holding that a movant under Rule 30(b)(4) "must show necessity through legitimate reasons, weighed against particularized showings of prejudice by the opposing party"). In either case, courts weigh a party's proffered rationale for conducting a remote deposition against the prejudice incurred by the opposing party should it be denied an in-person deposition.

Still, Rule 30(b)(4) "is permissive, not mandatory," thus a court "must exercise its discretion whether the moving party has shown good cause for the issuance of a protective order requiring that the deposition be taken remotely." *Manley v. Bellendir*, No. 18-cv-1220-EFM-TJJ, 2020 WL 2766508, at *2 (D. Kan. May 28, 2020). Dominion's protocol dispenses with all of this, and it should be rejected.

### III.
### ARGUMENT

**A.     The Herring Parties are entitled to conduct in-person depositions.**

As an initial matter, the Herring Parties have elected to conduct their depositions in person, as is their right under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30; *Stapleton*, 2023 WL 1785547, at *1 (recognizing "the noticing party's right to conduct the deposition in person if that's the chosen path"). This right does not give way simply because videoconferencing technology has been used more since the COVID-19 pandemic. Indeed, the growing use of such technology in recent years "does not, standing alone, give [a court] a basis to compel a litigant to take a remote deposition when that litigant has reasonably elected otherwise." *In re Deepwater*

*Horizon Belo*, No. 3:19-CV-1535, 2021 WL 6882434, at *3 (N.D. Fla. July 12, 2021). Nor does it give Dominion "carte blanche to avoid in-person depositions." *See Lewis*, 2023 WL 5944279, at *1 (noting that motions under Rule 30(b)(4) "must be determined on a case-by-case basis"). Thus, the Herring Parties' decision to conduct in-person depositions cannot be cast aside easily or en masse. *See Dollard v. City of Safety Harbor, Fla.*, No. 8:21-CV-304-MSS-JSS, 2022 WL 1212791, at *1 (M.D. Fla. Apr. 25, 2022) (denying motion for remote deposition where plaintiff "ha[d] not established good cause for the court to circumvent Defendant's selected medium").

**B.      Dominion has not offered a legitimate reason or demonstrated good cause for conducting all depositions remotely.**

Dominion has not articulated any individual or special circumstances that would warrant taking *any* deposition in this lawsuit (and the consolidated lawsuits)—much less *every* deposition—remotely. That failure is fatal. While Dominion has raised generalized concerns regarding the number of depositions that will need to be taken and the associated costs, those concerns should be rejected. First, general, non-specific concerns of the type Dominion has raised are insufficient to warrant the entry of a protective order requiring that all depositions be conducted remotely. *See In re Kincaid*, No. 21-CV-259-DCG-JES-JVB, 2023 WL 6459801, at *2 (D.D.C. Oct. 4, 2023) (party seeking protective order must articulate "a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one"); *see, e.g.*, *Troxel v. Gunite Pros, LLC*, No. CV 1:21-00057-WS-N, 2022 WL 2762905, at *2 (S.D. Ala. Mar. 17, 2022) (holding that normal inconveniences associated with depositions and a generalized concern of COVID-19 "f[ell] short of showing a sound basis of legitimate need for an order mandating remote depositions") (internal quotation marks omitted).

Second, it was Dominion who filed numerous separate lawsuits and moved to consolidate discovery in the first place, over the strong objections of some of the Defendants. Dominion cannot now use the foreseeable costs flowing from its own strategic decision to prevent the Herring Parties from conducting in-person depositions. *See, e.g.*, *Tsien*, 2021 WL 6617307, at *2 (holding that expenses associated with in-person depositions "do not constitute 'legitimate reasons' or 'good cause' to avoid an in-person deposition" and rejecting plaintiff's efforts to avoid in-person depositions on those grounds: "Plaintiff chose to pursue complex, high-stakes litigation in this Court and must bear the burden associated with such litigation.").

Dominion's inability to offer any legitimate reason or demonstrate good cause for blanket remote depositions further underscores the prematurity and impropriety of its request. Indeed, it would be virtually impossible for Dominion to make the necessary showing absent any evidence of a specific deponents' unique circumstances, which—at this date—Dominion has failed to provide for any witness, let alone every single one. *See, e.g.*, *Nitz v. Lee*, No. 2:13-CV-379-RL-PRC, 2015 WL 13657144, at *2 (N.D. Ind. June 22, 2015) (finding deponent failed to show good cause for remote deposition where he failed to offer any evidence supporting his need for accommodation, and holding that due to this lack of support "Defendant's preference for taking [the] deposition in person prevails").

Courts have refused to enter blanket remote-deposition orders for this very reason. *See, e.g.*, *Rennenger v. Aquawood, LLC*, No. 4:19-cv-00123-RGE-SBJ, 2022 WL 20854177, at *4 (S,D, Iowa Dec. 20, 2022) (denying plaintiffs' request for all depositions to be taken remotely, but leaving open the option for "individual deponents" to raise "individualized concerns" and move for "specific accommodations"); *H & T Fair Hills, Ltd. v. All. Pipeline L.P.*, No. CV 19-1095 (JNE/BRT), 2020 WL 5512517, at *4 (D. Minn. Sept. 14, 2020) (refusing to order that all

5

depositions be taken remotely citing an inability to rule on such a request without a showing unique to a "particular" witness).

If Dominion's attorneys do not want to travel to in-person depositions, they can appear telephonically or virtually. *See Green v. Monarch Recovery Mgmt., Inc.*, 2014 WL 1631825, *4 (S.D. Ind. Apr. 24, 2014) ("The solution here is simple—Plaintiffs' counsel may conduct the depositions in person, and Defendants' counsel may defend the depositions telephonically."). Defendants' proposed protocol permits Dominion to make that decision.  In fact, this was a solution that *Dominion* proposed in its briefing in support of its motion for consolidation.  *See* Dkt. 133 at 7 ("To the extent that there are depositions that Ms. Bobb's counsel believes are irrelevant to his client's defense, he need not attend them (or attend virtually to the extent that any of the depositions are taken in person.")).

Dominion's offer of this very accommodation as justification for seeking the Court's consolidation of objecting Defendants should be the end of the matter now—Dominion should not be able to now interfere with any Defendant's ability to conduct the depositions in the manner it determines is best for its defense.  The Herring Parties request that the Court's protocol make clear that Dominion may not now control the manner in which the Herring Parties conduct their depositions.  *See Dudley v. City of Kinston*, No. 4:18-CV-00072-D, 2020 WL 7049554, at *4 (E.D.N.C. Dec. 1, 2020) ("[T]he decision by attorneys for one party to attend a deposition remotely does not compel other attorneys to do so too.").  Adoption of the Defendants' protocol is the appropriate way for the Court to protect Defendants' rights to conduct their defense.

C.     **The Herring Parties would be prejudiced if required to take all depositions remotely.**

Even if Dominion could offer a legitimate reason or demonstrate good cause for conducting depositions remotely, its blanket request should further be denied because it would prejudice the

6

Herring Parties' ability to defend their interests in this case. As this Court (and others) recognize, "live testimony remains markedly preferable to remote testimony." *Roh v. Schultz*, No. CV 21-2560 (BAH), 2022 WL 2132559, at *6 (D.D.C. June 14, 2022); *see also Guy v. Vilsack*, 293 F.R.D. 8, 13 (D.D.C. 2013) (noting there is a "benefit and convenience" associated with in-person depositions); *In re Deepwater Horizon Belo*, 2021 WL 6882434, at *3 (recognizing that in-person depositions are "generally superior" to remote depositions). Indeed, even in the post-pandemic world, courts understand that in-person depositions are "crucial to assessing a witness's potential presentation at trial, veracity, and credibility." *Rubio v. City of Visalia*, No. 1:21-CV-00286-DAD-SAB, 2022 WL 193072, at *2 (E.D. Cal. Jan. 21, 2022). In this regard, a Zoom screen is not a perfect substitute. As one court noted,

> [a] significant [a]mount of nonverbal information is gained through an in-person deposition and such information may not be as easily ascertained through a Zoom deposition. Non-verbal cues are less evident, and the exchange of documents is more difficult.

*L.D.M. by & through Matheny v. LMH Health*, No. 20-2491-DDC-GEB, 2021 WL 5906039, at *4 (D. Kan. Dec. 14, 2021). Furthermore, in-person depositions would enable the Herring Parties to ascertain whether someone is coaching the deponent or providing the deponent with answers to the questions posed. *See BioConvergence LLC v. Attariwala*, No. CV 20-MC-101 (RC), 2023 WL 2086078, at *7 (D.D.C. Feb. 17, 2023) (recognizing that messages exchanged between deponent and his attorney during a video deposition "could [not] have occurred had the deposition taken place in person"); *Barksdale Sch. Portraits, LLC v. Williams*, 339 F.R.D. 341, 344–45 (D. Mass. 2021) (sanctioning counsel who coached witness "[b]y exploiting the remote nature of the deposition").

As it stands, the Herring Parties face a multi-billion dollar lawsuit that threatens One America News Network's very existence. In a case with such high stakes, it is imperative that the

Herring Parties be afforded the benefits associated with in-person depositions, as mentioned above. Should a deponent's unique circumstances counsel in favor of holding a remote deposition, Dominion will be entitled to seek such relief on a case-by-case basis, as is standard practice in federal litigation. That, however, should be the rare exception—not the default rule that Dominion seeks here.

## IV.
## CONCLUSION

For these reasons, the Herring Parties respectfully request that the Court deny Dominion's motion and enter the Defendants' proposed deposition protocol providing that the default for location of depositions is in-person, as set forth by the Federal Rules.

Dated: November 8, 2023    Respectfully submitted,

By: /s/ R. Trent McCotter

**JACKSON WALKER LLP**
Jonathan D. Neerman (D.C. Bar No. 90003393)
jneerman@jw.com
Charles L. Babcock (*admitted pro hac vice*)
cbabcock@jw.com
2323 Ross Avenue, Suite 600
Dallas, TX 75201
T: (214) 953-5664
F: (214) 661-6899

**BOYDEN GRAY PLLC**
R. Trent McCotter (D.C. Bar No. 1011329)
tmccotter@boydengray.com
801 17th St. NW, #350
Washington, DC 20006
T: (202) 706-5488

*Counsel for the Herring Parties*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

/s/ R. Trent McCotter
R. Trent McCotter