UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., et al.,

*Plaintiffs/Counter-Defendants*,

v.

SIDNEY POWELL, et al.,

*Defendants/Counter-Plaintiffs*.

Civil Action No. 1:21-cv-00040 (CJN)

US DOMINION, INC., et al.,

*Plaintiffs*,

v.

RUDOLPH W. GIULIANI,

*Defendant*.

Civil Action No. 1:21-cv-00213 (CJN)

US DOMINION, INC., et al.,

*Plaintiffs/Counter-Defendants*,

1

|  |  |
|---|---|
| v.<br><br>MY PILLOW, INC., et al.,<br><br>*Defendants/Counter-Plaintiffs*, *and*<br><br>*Third-Party Plaintiffs*,<br><br>v.<br><br>SMARTMATIC USA CORP., et al.,<br><br>*Third-Party Defendants*. | Civil Action No. 1:21-cv-00445 (CJN) |
| US DOMINION, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATRICK BYRNE,<br><br>*Defendant*. | Civil Action No. 1:21-cv-02131 (CJN) |
| US DOMINION, INC., et al.,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v. | |

2

|  |  |
|---|---|
| HERRING NETWORKS, INC., et al.,<br><br>*Defendants/Counter-Plaintiffs*, *and*<br><br>*Third-Party Plaintiffs*,<br><br>       v.<br><br>AT&T SERVICES., et al.,<br><br>*Third-Party Defendants*. | Civil Action No. 1:21-cv-02130 (CJN) |

### DEFENDANT CHRISTINA BOBB'S RESPONSE IN OPPOSITION TO DOMINION'S MOTION FOR ENTRY OF FACT WITNESS DEPOSITION PROTOCOL

Under Fed. R. Civ. P. 30(b)(4), counsel must attend depositions in person, at the "place where the deponent answers the questions." The parties may alter this default arrangement and agree to remote attendance by stipulation. Alternatively, the Court may, on a case-by-case-basis, order that "**a** deposition be taken by telephone or other remote means." *Id*. (emphasis added).

Plaintiffs (collectively, "Dominion") ask that the Court flip Rule 30's framework on its head and prohibit counsel from attending *any* party depositions in person, absent stipulation or further Court order. No authority allows Dominion to re-write the rules in this manner. For good reason, flipping the default, as Dominion requests, "would effect a fundamental revision of the [Rule], changing it from one sort of scheme of regulation into an entirely different kind." *Biden v. Nebraska*, 143 S. Ct. 2355, 2373, 216 L. Ed. 2d 1063 (2023) (cleaned up, citations omitted).

Nor has Dominion advanced any non-frivolous reason for prohibiting counsel's attendance. Each of the three arguments Dominion presents—efficiency, cost savings, and fears about COVID-19 and other diseases—are all easily resolved by allowing counsel, the *option* of

3

attending remotely—a solution that, consistent with Rule 30, the Consolidated Defendants have stipulated to. Accordingly, the Court should reject Dominion's Proposal and adopt Defendants'.

**I.       Dominion's Proposed Protocol Does Not Create Efficiency**

Unable to find support in Rule 30 for its request, Dominion instead cites Rule 1, arguing that the need to ensure "the just, speedy, and inexpensive determination" of this case overcomes both the plain language of Rule 30 and its recognition of the fact in-person depositions are and have been standard practice since the inception of the American legal system.

Rule 1 cannot be stretched in this manner. Although the Court should, of course, "construe[], administer[], and employ[]" the Rules in a sensible manner, *id.*, that flexibility does not allow a party to re-write the rules in the name of "efficiency."

Regardless, Dominion has not shown that prohibiting in-person attendance would be more "efficient" in any way that matters. Under Defendants' Proposal, each party may decide for itself which depositions it wishes to attend in person, thus ensuring it can allocate resources according to its own judgment, regardless of what any other party does. Allowing such individual choices is the essence of efficiency.

In-person depositions also serve the interests of justice, as "any advocate hoping to challenge witness credibility based on demeanor will be fundamentally handicapped if he did not himself observe the witness testify. Since witness demeanor may determine the jury's verdict, an attorney must observe the testimony in order to mount an effective defense." *United States v. Bell*, 795 F.3d 88, 113 (D.C. Cir. 2015) (Wilkins, J., dissenting in part and concurring in part)

Indeed, Dominion even acknowledges as much, stating it would attend any deposition Defendants take in person. Doc. 114-1, at 14. It would not do so if it believed in-person and remote questioning were equivalents.

Nor would prohibiting in-person attendance create logistical problems, as Dominion suggests. Although, at Dominion's urging, there are now numerous consolidated Defendants, not every witness will have the same import to every Defendant. Thus, at any given deposition, it is likely most attorneys will appear remotely. Conversely, if a particular deponent is so important that all or most Defendants wish to appear, that is even more of a reason to allow in-person proceedings.[1]

Similarly, Dominion's concern about coordinating dates is a red herring. First, both Proposed Protocols contain the same scheduling procedure under the section "Scheduling of Party Depositions." The parties designed this process to avoid problems with coordinating schedules, and Dominion gives no reason why in-person attendance would render it ineffective. Second, as the party noticing the deposition and the party defending it are likely to be the only parties attending in person, coordinating schedules will be no more difficult than in any other case. Finally, Dominion is a single party. The coordination will thus largely be addressed among the Defendants, with little, if any, involvement from Dominion.

Finally, Dominion's proposal will defeat efficiency because the Defendants will be forced to constantly file motions seeking in-person depositions. And when they do, the same concerns about coordinating schedules and finding space will be present. It will be far more efficient for the Court and the parties to only address a potential motion on the rare occurrence that a witness insists on a remote deposition and the parties are unable to reach agreement.

---

[1] Dominion suggests, without substantiation, that finding space for depositions may be challenging. Given the wide availability of large conference spaces, this argument has little merit. Moreover, if such an issue ever occurs and the parties cannot resolve it on their own, Dominion may seek relief at that point; however, an unrealized prediction that finding accommodations might be difficult is not enough to overcome the Federal Rules of Civil Procedure.

## II.      In-Person Attendance is Proportional to the Needs of the Case

Dominion's worry over cost savings is incongruous with their claim for $1.6 billion in damages. This is not a run of the mill case. Dominion's demand would undoubtedly bankrupt every consolidated Defendant countless times over. Thus, the Defendants' interest in effectively conducting depositions in this case cannot be overstated. *See Colligan v. Mary Hitchcock Mem'l Hosp. & Dartmouth Hitchcock Clinic*, No. 16-CV-513-JD, 2018 WL 10826893, at *1 (D.N.H. June 19, 2018) (quoting Fed. R. Civ. P. 26(b)(1)) ("Proportionality depends on 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'").

Likewise, Dominion's contention that the burden of in-person depositions will fall disproportionately on Dominion is the same overused argument it advanced in support of its Proposed Discovery Protocol. Conducting discovery according to the Federal Rules of Civil Procedure is simply what a litigant should expect when they file suit. Dominion chose to sue many Defendants, including Bobb, knowing the Defendants would have the right to take in-person depositions. Thus, Dominion's claim that it is being "punished for asserting its rights" to sue is meritless. *See Detweiler Bros. v. John Graham & Co.*, 412 F. Supp. 416, 422 (E.D. Wash. 1976) (quoting 8 Wright and Miller, § 2112 at 404—406) ("As a normal rule plaintiff will be required to make himself available for examination in the district in which he has brought suit…This rule would also apply to plaintiff's agents and employees…"). Plaintiffs may sue and Defendants may exercise their procedural rights to present a defense, with each party bearing its own costs. That is how our system works and Dominion must abide by it, no matter how inconvenient it may be to its multi-billion-dollar litigation efforts.

### III.   COVID-19 and Other Fears

Grasping at straws, Dominion claims "the risks of transmissible illness are not behind us." Powell Doc. 114-1 at 9. Such an argument may have had some weight two years ago, but no longer. The COVID-19 public health emergency is over, as every federal agency recognizes. *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html ("May 11, 2023, marks the end of the federal COVID-19 PHE declaration.").

If there is a witness with a particularized health concern that makes attendance at an in-person deposition problematic, that can be addressed by agreement on a case-by-case basis. Creating a blanket prohibition on in-person depositions over generic "safety concerns" is neither necessary nor warranted.

Finally, Dominion's argument that its witnesses will be somehow victimized by having to "appear in person to a room full of potentially hostile opposing counsel" is preposterous. (Powell Doc. 114-1, at 16). All of the consolidated Defendants' attorneys are well-respected members of the Bar and have defended these cases with the utmost professionalism. Any suggestion to the contrary is baseless.

For these reasons, and the reasons stated in her Motion for Entry of the Defendants' Joint Proposed Deposition Protocol, Bobb requests the Court reject Dominion's Proposed Deposition Protocol and accept Defendants' Proposal.

Dated: November 15, 2023                                Respectfully submitted,

                                                        */s/Gregory M. Singer*
                                                        John F. Lauro, Esq.
                                                        D.C. Bar No. 392830
                                                        jlauro@laurosinger.com
                                                        Gregory M. Singer, Esq. (PHV)
                                                        gsinger@laurosinger.com
                                                        LAURO & SINGER
                                                        400 N. Tampa St., 15th Floor
                                                        Tampa, FL 33602
                                                        (813) 222-8990
                                                        *Counsel for Defendant Christina Bobb*