IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | |
|     Plaintiffs/Counterclaim Defendants | |
| v. | Case No. 1:21-cv-02130-CJN |
| HERRING NETWORKS, INC., et al., | |
|     Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs | Judge Carl J. Nichols |
| v. | |
| AT&T SERVICES, INC., et al., | |
|     Third-Party Defendants. | |

**THE HERRING PARTIES' REPLY IN SUPPORT OF
MOTION FOR ENTRY OF OPPOSED DEPOSITION PROTOCOL**

Defendants Herring Networks, Inc., d/b/a One America News Network, Charles Herring, Robert Herring, Sr., and Chanel Rion (collectively, the "Herring Parties"), file this Reply in Support of Motion for Entry of Opposed Deposition Protocol, and respectfully show the Court as follows:

**I.
INTRODUCTION**

The Federal Rules vest each litigant with the authority to decide whether to notice in-person depositions or remote depositions. *See* Fed. R. Civ. P. 30. As outlined in the Herring Parties' motion, Defendants' proposed deposition protocol recognizes this autonomy and accordingly vests the noticing party with the discretion to seek in-person or remote depositions. Dominion's proposed deposition protocol, however, runs roughshod over Defendants' agency, and mandates remote depositions unless Dominion—in its sole discretion—agrees to allow it, or if Defendants

1

satisfy the heavy burden of establishing good cause. Dominion's response offers no cogent explanation for inverting the Federal Rules in this manner. Nor does Dominion explain why it (or any party) cannot simply move for a remote deposition if a particular witness' circumstances warrant such measures. Instead, Dominion offers little more than unsupported concerns regarding the cost of attending in-person depositions, and fails to rebut the prejudice that its proposed deposition protocol would work on Defendants.

For the reasons stated herein (and in the Herring Parties' motion), the Herring Parties respectfully request that the Court enter Defendants' proposed deposition protocol.

## II.
## ARGUMENT

**A.     Dominion's deposition protocol violates the Federal Rules of Civil Procedure and will unfairly hinder Defendants' ability to conduct in-person depositions.**

Dominion misleadingly presents its proposed deposition protocol as a best-of-both worlds approach: "Dominion simply proposes a default in favor of remote depositions, which can be overcome by agreement or on motion based on a particularized showing of prejudice." Dkt. 154 at 3. But this protocol presents a Hobson's choice for Defendants and flips the default provided by the Federal Rules. Dominion's position is clear: it believes "*most* depositions in this case should be conducted remotely." Dkt. 154 at 5 n.4 (emphasis in original). Thus, there is a low likelihood that Dominion would ever agree to Defendants' request to depose a Dominion witness in person. In the likely event that Dominion withholds its consent for an in-person deposition, Defendants' only recourse would be moving for relief under Rule 26. *See* Fed. R. Civ. P. 26(c). Therein lies the fundamental unfairness of Dominion's tactics.

As Dominion acknowledges, "the burden on a party seeking a protective order is greater than the burden on a party moving the Court for [a] remote deposition." Dkt. 154 at 4. Specifically,

"Rule 30(b)(4) does not include an express 'good cause' requirement," and instead contemplates that the party requesting a remote deposition "offer[] a 'legitimate reason' for doing so." *In re Deepwater Horizon Belo*, No. 3:19-CV-1535, 2021 WL 6882434, at *3 n.4 (N.D. Fla. July 12, 2021). This is a meaningful difference. As this Court has held, a movant's burden to establish good cause under Rule 26(c) is a "heavy" one that requires "a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Smith v. Yeager*, 322 F.R.D. 96, 99 (D.D.C. 2017).

In short, Dominion seeks to use the lower burden of Rule 30(b)(4) to impose the heightened burden of Rule 26(c) on Defendants should they desire to conduct any in-person depositions, even though the Rules provide for in-person depositions as the default. Dominion's attempt to manipulate the Federal Rules in this manner should not be countenanced.

**B.     Dominion's response underscores the impropriety of using Rule 30(b)(4) to compel the remote deposition of every witness.**

A motion under Rule 30(b)(4) must be tethered to the particular circumstances of the specific witness to be deposed. *See* Dkt. 152 at 4, 5. In its response, however, Dominion fails to connect its request for remote depositions to any witness, much less explain why—given that witness' particular circumstances—remote depositions should be conducted. *See gen.* Dkt. 154.

Dominion's error is illustrated by the following cases. *See United States v. Balega*, No. 19-CV-2959 (JRT/LIB), 2022 WL 20100634 (D. Minn. Mar. 10, 2022); *Williams v. Sprint/United Management Co.*, No. 03-2200-JWL, 2006 WL 1867471, at *3 (D. Kan. June 30, 2006). In *Balega*, the plaintiff sought an order under Rule 30(b)(4) that would grant it "the authority to unilaterally notice all of the depositions in the . . . case to be conducted by remote means" citing the COVID-19 pandemic. 2022 WL 20100634 at *1. Although the court acknowledged that COVID-19 could

3

constitute a legitimate reason for ordering a remote deposition, it held that the plaintiff's failure to "offer any specific argument" prohibited the court from granting the plaintiff's "sweeping request." *See id.* at *3 ("Plaintiff, in seeking a blanket authorization, declined to inform the Court as to the persons it seeks to depose in the present case, any analysis of Plaintiff's request for a blanket authorization would require the further speculation as to who the parties intend to depose."). The Court further explained that "the party requesting permission to conduct a deposition remotely must provide some context for the effects of the [proffered legitimate reason] *as applied to a specific deposition*," which the plaintiff failed to do. *Id.* at *3 (emphasis added).

And in *Williams*, the court affirmed an order of the magistrate judge, denying a request for a general order requiring that all depositions of out-of-town plaintiffs proceed by telephone, instead inviting the plaintiffs to file particularized motions for protective orders, depending upon the circumstances of a given plaintiff. 2006 WL 1867471, at *3 (D. Kan. June 30, 2006). The Court held that "[a]bsent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the depositions of out-of-town plaintiffs be taken telephonically is not warranted." *Id.*

Here, Dominion fails even to provide any specific information as to why any particular witness should be deposed remotely, let alone *every* witness. Its failure to do so is fatal. *See Balega*, 2022 WL 20100634, at *3 ("Plaintiff cannot make the particularized showing because Plaintiff seeks a blanket authorization as opposed to seeking permission to conduct a specific deposition by remote means.").

**C.    Dominion still fails to offer a legitimate reason for conducting remote depositions.**

Attempting to satisfy its obligation to present a legitimate reason warranting the taking of remote depositions, Dominion points only to (1) the costs associated with in-person depositions

4

and (2) Defendants' supposed request that all depositions be conducted in the District of Columbia.[1]  *See* Dkt. 154 at 9–11.  These burdens are vastly overstated, unsupported, and—in the case of deposition location—completely imagined.

As to cost, Dominion ignores the fact that the "plaintiff generally is required to bear any reasonable burdens of inconvenience that the action presents."  *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 607–08 (N.D. Fla. 2019).  And Dominion still fails to present any specific evidence demonstrating that the expenses incurred by attending in-person depositions in these lawsuits are anything but reasonable.  In light of the bankruptcy-inducing damages awards Dominion seeks, such expenses are imminently reasonable. *See Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 1009263, at *2 (S.D. Fla. Feb. 20, 2018) (weighing plaintiff's claimed burden of traveling internationally for a deposition against the plaintiff's pursuit of "more than $2 million in damages," and concluding that the costs of travel were "not burdensome relative to the size of Plaintiff's claim").

Regardless, as explained in the Herring Parties' motion, *see* Dkt. 152 at 5, the expenses Dominion would incur traveling to in-person depositions do not constitute a legitimate reason for the taking of a remote deposition, especially given the significant damages that Dominion insists it is owed and also given the huge team of lawyers available to attend such depositions.  *See Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 121-008, 2021 WL 6617307, at *2 (S.D. Ga. Nov. 12, 2021) ("Travel . . . expenses do not constitute 'legitimate reasons' or 'good cause' to avoid an in-person deposition. Plaintiff chose to pursue complex, high-stakes litigation in this

---

[1] Dominion also argues that the "good cause" standard does not apply to its request for remote depositions.  *See* Dkt. 154 at 10. As explained above in Part II.A, that is wrong, and Dominion is attempting to flip the burdens by insisting in advance on remote depositions rather than arguing for them on a witness-by-witness basis. In any event, Dominion's blanket request for remote depositions fails to satisfy any potentially applicable standard.

5

Court and must bear the burden associated with such litigation."); *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999) (after taking the "volitional step" of initiating a lawsuit in an effort to "gain a substantial monetary sum and/or other benefit," out-of-state plaintiffs could not then "invoke the mere fact [of] inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim"). Further, Dominion counsel can still attend remotely if they so choose.

As to deposition location, Dominion claims that Defendants "suggest[ed]" that all depositions should be held in the District of Columbia. Dkt. 154 at 10. The Herring Parties have never taken (or suggested) such a position. Indeed, the Herring Parties fully recognize that "in the absence of special circumstances . . ., a party seeking discovery must go where the desired witnesses are normally located." *Kopff v. World Rsch. Grp., LLC*, No. CV 03-1747 (PLF), 2007 WL 9760000, at *1 (D.D.C. Nov. 15, 2007). In any event, Dominion chose to sue in the District of Columbia despite the Herring Parties' nearly non-existent ties to that jurisdiction, so Dominion cannot now be heard to complain about any depositions that might ultimately occur in the District of Columbia. Thus, any concern regarding a supposed "default" deposition location is both factually wrong and legally irrelevant.[2]

**D.    The Herring Parties have demonstrated prejudice.**

The Herring Parties have outlined the prejudice they would suffer if Dominion's proposed deposition protocol were entered. *See supra* Part II.A; Dkt. 152 at 6–8. Dominion's counter-

---

[2] Dominion further argues that "[a]t the very least," the Court should "order that a party may, for a legitimate reason, move for any deposition to be taken remotely." Dkt. 154 at 10. This request is telling. First, in the event the Court adopts Defendants' proposed deposition protocol, such an order is unnecessary because Rule 30(b)(4) already permits a litigant to move for a remote deposition. *See* Fed. R. Civ. P. 30(b)(4). Second, Dominion's request that it be permitted to make such a showing on a *witness-by-witness* basis underscores the impropriety of using Rule 30(b)(4) to compel the remote deposition of *every witness*.

arguments fall flat. Specifically, in attempting to rebut the Herring Parties' showing of prejudice, Dominion relies exclusively on cases arising in the middle of the COVID-19 pandemic.[3] This context matters because the disposition of Rule 30(b)(4) motions is heavily fact dependent and requires courts to consider "all the facts and circumstances of a given case." *Anderson v. Raymond Corp.*, No. 19-CV-800-SMY-RJD, 2020 WL 8082416, at *1 (S.D. Ill. Sept. 1, 2020). Thus, the mere fact that in-person depositions yielded in the face of an extraordinary and unprecedented public health crisis (that has indisputably abated) does not lessen the persuasiveness of the cases cited in the Herring Parties' motion.

Dominion further attempts to distinguish cases where courts ordered in-person depositions by remarking that most of these cases "relate to the deposition of a crucial, central witness in a case, such as the named plaintiff or a pivotal expert." Dkt. 154 at 6. This fact is meaningless given that Dominion seeks a blanket order that is not targeted at any specific witness. Furthermore, it actually emphasizes the impropriety of Dominion's proposed deposition protocol, as Defendants undoubtedly will be conducting depositions of "crucial, central witness[es]," such as Dominion's employees and experts, in their respective lawsuits.[4]

---

[3] *See Vargas v. Evergreen Product Recoveries Inc.*, No. 2:21-CV-00926-RSL-JRC, 2022 WL 856991, at *1 (W.D. Wash. Mar. 23, 2022); *Mosiman v. C & E Excavating, Inc.*, No. 3:19-CV-00451-DRL-MGG, 2021 WL 1100597, at *2 (N.D. Ind. Mar. 23, 2021); *Helmsetter v. JPMorgan Chase Bank, N.A.*, No. 2:19-CV-2532-KHV-TJJ, 2021 WL 949330, at *8 (D. Kan. Mar. 13, 2021); *H & T Fair Hills, Ltd. v. All. Pipeline L.P.*, No. CV 19-1095 (JNE/BRT), 2020 WL 5512517, at *3 (D. Minn. Sept. 14, 2020); *Learning Res., Inc. v. Playgo Toys Enters. Ltd.*, 335 F.R.D. 536, 539 (N.D. Ill. 2020*); Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 575 (S.D.N.Y. 2020).

[4] Dominion dismisses Defendants' concern of attorney misconduct in remote depositions, *see* Dkt. 154 at 8, but ironically Dominion itself raised the exact same concerns in its own motion, confirming Defendants are right to raise the issue, *see* Dkt. 114-1 at 16 (expressing concern over Dominion's witnesses "appear[ing] in person to a room full of potentially hostile opposing counsel").

## IV.
## CONCLUSION

For these reasons, the Herring Parties respectfully request that the Court grant the Herring Parties' motion and enter the Defendants' proposed deposition protocol providing that the default for location of depositions is in-person, as provided under the Federal Rules.

Dated: November 22, 2023     Respectfully submitted,

By: */s/ R. Trent McCotter*

**JACKSON WALKER LLP**
Jonathan D. Neerman (D.C. Bar No. 90003393)
jneerman@jw.com
Charles L. Babcock (*admitted pro hac vice*)
cbabcock@jw.com
2323 Ross Avenue, Suite 600
Dallas, TX 75201
T: (214) 953-5664
F: (214) 661-6899

**BOYDEN GRAY PLLC**
R. Trent McCotter (D.C. Bar No. 1011329)
tmccotter@boydengray.com
801 17th St. NW, #350
Washington, DC 20006
T: (202) 706-5488

*Counsel for the Herring Parties*

### CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

/s/ *R. Trent McCotter*
R. Trent McCotter