# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., *Plaintiffs/Counter-Defendants*, v. MY PILLOW, INC., et al., *Defendants/Counter-Plaintiffs*, *and Third-Party Plaintiffs*, v. SMARTMATIC USA CORP., et al., *Third-Party Defendants*. | Civil Action No. 1:21-cv-00445 (CJN) |
| U.S. DOMINION, INC., et al., *Plaintiffs*, v. RUDOPLH W. GIULIANI, *Defendant*. | Civil Action No. 1:21-cv-213 (CJN) |

U.S. DOMINION, INC., et al.,

       *Plaintiffs*,

    v.

SIDNEY POWELL, et al.,

       *Defendants*.

Civil Action No. 1:21-cv-40 (CJN)

---

US DOMINION, INC., et al.,

*Plaintiffs/Counter-Defendants*,

    v.

PATRICK BYRNE.

*Defendant.*

Civil Action No. 1:21-cv-02131 (CJN)

---

US DOMINION, INC., et al.,

*Plaintiffs/Counter-Defendants*,

    v.

HERRING NETWORKS, INC., et al, .

*Defendant.*

Civil Action No. 1:21-cv-02130 (CJN)

**AMENDED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, "Dominion"), Third-Party Defendant Hamilton Place Strategies, and Defendants Michael J. Lindell, MyPillow, Inc., Rudolph W. Giuliani, Sidney Powell, Sidney Powell, P.C., Defending the Republic, Inc., Patrick Byrne, Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb ("Parties") are engaged in discovery proceedings, which include, among other things, taking depositions, answering interrogatories, and producing documents. The Parties believe that certain information they have produced or will produce may contain information that is proprietary, commercially sensitive, or non-public. Under Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, this Order Governing the Production and Exchange of Confidential Information (the "Order") will govern the handling of documents, testimony (in any form whether by affidavit, declaration, or deposition), exhibits, transcripts, written discovery requests, interrogatory responses, responses to requests for admission, responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material"), by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in the Litigation[1] to the party receiving the Discovery Material ("Receiving Party"). It is **HEREBY ORDERED THAT**:

---

[1] "Litigation" refers to the five above-captioned actions, which have either been consolidated or voluntarily coordinated for purposes of discovery in *US Dominion Inc., et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445-CJN (D.D.C.), *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv- 00040-CJN (D.D.C.), *US Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213-CJN (D.D.C.), *US Dominion Inc., et al. v. Byrne*, No. 1:21-cv-02131-CJN (D.D.C.) and *US Dominion, Inc., et al. v. Herring Networks, et al.*, No 1:21-cv-02130-CJN (D.D.C.). This Order does not cover Third-Party Defendants Smartmatic USA Corp., Smartmatic International Holding B.V., or SGO Corporation Ltd.

1.      Any Discovery Material produced in the Litigation will be used, except by the Producing Party, solely for purposes of this Litigation and no Receiving Party will provide Discovery Material to any person or entity (including for any other litigation) or make any Discovery Material public except as permitted by this Order and in this Litigation. Notwithstanding the limitations in the preceding sentence any Party may use Discovery Material lawfully obtained independently of this Litigation for any purpose consistent with any other limitations placed on that Discovery Material.  Additionally, Discovery Material produced by parties other than the Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., Chanel Rion (collectively, the "Herring Parties"), or Christina Bobb, may be used as follows:  (i) Dominion may produce Defendants' Discovery Material in *US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corp. v. Fox News Network, LLC*, Case No. N21C-03-257 EMD, pending in the Superior Court of the State of Delaware, *US Dominion, Inc. v. Fox Corporation,* Case No. N21C-11-082 EMD, pending in the Superior Court of the State of Delaware, and *US Dominion, Inc. v. Newsmax Media Inc.,* Case No. N21C-08-063 EMD, pending in the Superior Court of the State of Delaware, in response to third-party subpoenas lawfully issued and served on Defendants in those cases; and (ii) Sidney Powell may produce Discovery Material in the Texas Bar case brought against her, *Commission for Lawyer Discipline v. Sidney Powell*, No. DC-22- 02562 (Dist. Ct., Dallas County, TX), but if such Discovery Material is designated "Confidential" or "Attorneys' Eyes Only," then Powell must notify the Court that she intends to produce such Discovery Material and certify in writing that she will not use or produce the Discovery Material for any other purpose.  For the avoidance of doubt, no Party may produce or use any Discovery Material produced by the Herring Parties or Christina Bobb in any lawsuit or proceeding other than the Litigation, including those identified in pargraphs 1(i) and

1(ii).   Notwithstanding the above, Herring Networks, Inc. d/b/a One America News Network agrees that it will comply with a validly-issued subpoena from Dominion in its case against Newsmax, subject to reasonable objections, for some subset of the documents Herring Networks, Inc. d/b/a One America News Network has produced in the Litigation, so long as Dominion reasonably believes that the documents requested are relevant to that case.

2.      Any Producing Party may designate any Discovery Material as "Confidential Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains Confidential Discovery Material. Confidential Discovery Material is defined as material that consists of non-public, confidential, proprietary, or commercially competitive sensitive information or other information the disclosure of which would be detrimental to the conduct of that Producing Party's business or operations of such Producing Party.

3.      Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains Attorneys' Eyes Only Discovery Material. Attorneys' Eyes Only Discovery Material is defined as material that contains extremely Confidential information such that disclosure other than as permitted under Paragraph 9 of this Order is likely to cause substantial injury to the Producing Party. The Attorneys' Eyes Only designation includes, but is not limited to, the following categories of information: (i) non-public damages- related and financial information, including confidential pricing, customer, profit, sales, or other financial information; (ii) non-public personal financial information, including tax returns and financial statements; (iii) confidential business, marketing, or strategic plans, including business, marketing, and technical information regarding the future provision of services; (iiv) highly confidential

5

newsgathering and reporting information; and, (v) confidential and commercially sensitive trade secrets or technical information. To the extent source code is determined to be relevant and discoverable, the Parties agree to the terms and entry of Exhibit B to this Order which, when entered, will separately govern the production and treatment of confidential source code and any documents or testimony containing source code.

4.       Notwithstanding any other provision of this Agreement, no Receiving Party may provide Discovery Material designated as Confidential Material or Attorneys' Eyes Only Material to any person or entity involved in the Litigation unless and until that person or entity confirms their understanding of, and agreement to, abide by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto.

5.       The designation of Discovery Material as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material will be made in the following manner:

       a.       In the case of documents or other written materials, including affidavits and declarations but not pre-trial deposition or other pre-trial testimony: (i) by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential or Attorneys' Eyes Only Discovery Material; or (ii) in the case of electronically stored information produced in native format by affixing the legend "Confidential" or "Attorneys' Eyes Only" to the media containing the Discovery Material (e.g., CD, DVD, thumb drive, external hard drive, or secure file transfer) and providing a confidentiality field in the load file when the native document is produced.

       b.       In the case of testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or, in the case of a deposition or other pre-trial oral

testimony, before the conclusion of the deposition or pre-trial testimony; or (ii) by written notice, sent to all Parties within 15 business days of receipt of the final deposition transcript or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential or Attorneys' Eyes Only Discovery Material will be deemed Confidential or Attorneys' Eyes Only Discovery Material. Each deposition will be deemed to be Attorneys' Eyes Only Discovery Material until 15 business days after counsel receive a copy of the final transcript, after which the deposition will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition, through agreement in writing before, or orally on the record at, such deposition, without further order of the Court.

c.      Certain witnesses may have independent economic interests in their name or likeness.  In the event those persons submit to a videotaped deposition, the Parties will ensure that the videographer makes only an original and one copy of the videotape for each Party.  The Parties will further ensure that the videographer watermarks each frame of the original as "Original Copy" and watermarks each copy as the appropriate Party's copy.  (i.e.,"Plaintiffs' Copy", "Herring Defendants' Copy", etc.).   The Party presenting the witness for the deposition will maintain the custody of the Original Copy. A Party presenting a witness subject to this paragraph shall designate such before the deposition, and the videotape will be deemed Confidential or Attorneys' Eyes Only Discovery Material, as appropriate.  If a Party intends

to invoke this procedure, it must give reasonable notice after receiving the appropriate deposition notice.  That Party will also be responsible for the additional costs associated with this procedure.

d.      In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material.

6.      The designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material will constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

7.      Inadvertent failure to designate Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material does not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential or Attorneys' Eyes Only any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Attorneys' Eyes Only, (i) by notifying in writing the Receiving Party to whom the production has been made that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material, and (ii) providing a replacement copy of the Discovery Material marked in a manner consistent with Paragraph 5. After receiving such supplemental notice, the Parties will treat the Discovery Material so designated as Confidential or Attorneys' Eyes Only Discovery Material, and such Discovery Material will be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice will make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated that include or are based upon such newly designated

8

information are immediately treated as containing Confidential or Attorneys' Eyes Only Discovery Material. In addition, after receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material before its designation as "Confidential" or "Attorneys' Eyes Only" will exercise its best efforts to ensure (i) the return or destruction of such Discovery Material, if it was disclosed to anyone not authorized to receive it under Paragraph 8 or Paragraph 9 of this Order, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Attorneys' Eyes Only" when originally produced, (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely in accordance with this Order.

      8.     Except as otherwise provided in this Order, Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated, orally or in writing, or made available in whole or in part, only to the following persons for use in connection with the Litigation and in accordance with this Order:

        a.     The Parties individually, as well as their current employees and, where applicable, insurance carrier representatives who are assisting with or making decisions concerning this Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

        b.     Counsel for the Parties in the Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the

Litigation;

c.  Subject to Paragraph 4, experts, consultants, or independent litigation support services assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

d.  As to persons not otherwise covered by Subparagraphs 8(a)–(c), a party may disclose material designated as "Confidential" to persons (1) who appear as an author or recipient on the face of the document to be disclosed; or (2) for which a good faith basis exists to believe the potential witness or deponent has knowledge of the contents of a document;

e.  Subject to Paragraph 4, witnesses or deponents, and their counsel, but only to the extent necessary to conduct or prepare for depositions or testimony in the Litigation;

f.  The Court, persons employed by the Court, translators, and videographers and court reporters who are recording and transcribing any hearing, trial, or deposition in the Litigation or any appeal therefrom; and

g.  Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation or statement on the record of agreement by the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

h.  Any videographer, translator, court reporter, or transcriber who reports,

tapes, translates, or transcribes testimony in this Litigation at a deposition will agree by a statement on the record, before recording or transcribing any such testimony constituting Confidential Discovery Materials, that all such testimony and information revealed at the deposition is and will remain confidential and will not be disclosed by such translator, videographer, reporter, or transcriber except to the attorneys for each Party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in confidentiality and safekeeping by such videographer, translator, reporter, or transcriber or will be delivered to the undersigned attorneys.

9.      Except as otherwise provided in this Order, Attorneys' Eyes Only Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated, orally or in writing, or made available in whole or in part, only to the following persons for use in connection with the Litigation and in accordance with this Order:

a.      The named individual Parties in the Litigation;

b.      Counsel for the Parties in the Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees of counsel ("Counsel");

c.      Service vendors of Counsel for the Parties (including outside copying and litigation support services) who are assisting with the Litigation;

d.      No more than five corporate designees and, where applicable, two insurance carrier representatives, for the Receiving Party;

e.  Subject to Paragraph 4, experts, consultants, or independent litigation support services assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

f.  Subject to Paragraph 4, witnesses or deponents, and their counsel, but only to the extent necessary to conduct or prepare for depositions or testimony in the Litigation;

g.  Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes and presentations, anyone identified on the document as an attendee of the meeting;

h.  The Court, including any clerk, translator, stenographer, videographer, or other person having access to Attorney's Eyes Only Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions; and

i.  Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation or statement on the record of agreement by the Producing Party who provided the Attorneys' Eyes Only Discovery Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

j.  Any videographer, translator, court reporter, or transcriber who reports,

tapes, translates, or transcribes testimony in this Litigation at a deposition will agree by a statement on the record, before recording or transcribing any such testimony constituting Attorneys' Eyes Only Discovery Materials, that all such testimony and information revealed at the deposition is and will remain confidential and will not be disclosed by such translator, videographer, reporter, or transcriber except to the attorneys for each Party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in confidentiality and safekeeping by such videographer, translator, reporter, or transcriber or will be delivered to the undersigned attorneys.

k.     Notwithstanding paragraphs 9(a)-(j), a Producing Party Defendant to the Litigation retains the right to withhold certain categories of highly sensitive Attorneys' Eyes Only Discovery Materials from production to other Defendants in the actions to which the Producing Party Defendant is not party.  A Producing Party Defendant will provide notice to the other Defendants of any Attorneys' Eyes Only Discovery Materials withheld from a production, and a statement of the reasons for withholding.

10.     Confidential Discovery Material may be provided to persons listed in Paragraph 8(c) and Attorneys' Eyes Only Discovery Material may be provided to persons listed in Paragraph 9(e) only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the Litigation, provided that such expert or consultant (i) is not a current or former employee of Dominion subject to a non-disclosure agreement, (ii) is not

a current competitor of Dominion, an employee of a current competitor of Dominion, or advising or discussing employment with, or a consultant to, a current competitor of Dominion outside of the scope of the Litigation, (iii) agrees to use, and does use, the Discovery Material solely in connection with the Litigation and (iv) agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto. Subparagraph (i) above does not apply to any expert or consultant of Dominion. Counsel for the Party showing, providing, or disclosing Confidential or Attorneys' Eyes Only Discovery Material to any person required to execute an undertaking under this Paragraph will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, who provide the same or similar services, who sell the same or similar products, or who operate in the same markets, as well as any persons who are engaged in any of these activities.

11.     Every person to whom Confidential or Attorneys' Eyes Only Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, orally or in writing, in whole or in part, will be advised that the information is being disclosed subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person will maintain the Confidential or Attorneys' Eyes Only Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party will enclose a copy of this Order and notify the non-Party that the protections of this Order will apply to Discovery Materials of such non-Party.

12.     Any pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise

communicates Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing")

must be filed with the Court under seal in accordance with Local Rule 5.1(h), along with a cover

page bearing the caption of the Litigation and the title of the Confidential Filing and stating:

**YOU ARE IN POSSESSION OF A DOCUMENT FILED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA THAT IS CONFIDENTIAL AND FILED UNDER SEAL.**

**If you are not authorized by Court Order to view or retrieve this document read no further than this page. You should contact the following person:**

**[Filing Attorney's or Party's Name]**
**[Filing Attorney's Law Firm Name]**
**[Filing Attorney's or Party's Address]**
**[Filing Attorney's or Party's Telephone Number]**

No other information should appear on the cover page. Every page of a Confidential Filing will

have a footer stating "THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL.

REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR

COURT ORDER." A Party may omit this footer for voluminous exhibits.

13.     A Party making a Confidential Filing must file a copy of the Confidential Filing for

public inspection that omits only the information that the Party has good cause to believe should

continue to be sealed. Notwithstanding the foregoing, the Parties have no obligation to file public

versions of any exhibits or attachments to a Confidential Filing, unless otherwise ordered by the

Court.

14.     All materials filed pursuant to Paragraph 13 will be released from confidential

treatment only upon further order of this Court, either on its own motion or pursuant to the

procedure set forth in Paragraph 15 below. The provisions of this paragraph may be waived only

with the written consent of the Producing Party.

15.     Any Party who objects to the continued restriction on public access to any

Confidential or Attorneys' Eyes Only Filing, or any portion thereof, will give written notice of the

objection to the Party that designated the Discovery Material as Confidential or Attorneys' Eyes Only ("the Designating Party"). To the extent that the Designating Party seeks to continue the restriction on public access to the Confidential or Attorneys' Eyes Only Filing, or any portion thereof, the Designating Party will file an application with the Court within seven (7) days for a judicial determination as to whether good cause exists for continued restricted access to the Confidential Filing, or any portion thereof.

16.     If at any time a Party objects to the designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material, that Party ("the Objecting Party") will send written notice to the Designating Party that includes a date and time for a meet and confer to discuss the disputed designation. The Objecting Party and the Designating Party will thereafter meet and confer either at the suggested date and time or, to the extent the Designating Party is unavailable at the suggested date and time, at some other agreed date and time. If the meet and confer procedure does not resolve the dispute, the Objecting Party will, within twenty-one (21) days of the meet and confer, file a motion with the Court to strike the designation. The Producing Party will, within fourteen (14) days, file a response, and the Objecting Party will file a reply within seven (7) days, after which the matter will be fully briefed and ripe for the Court to resolve the dispute. A hearing may be held at the discretion of the Court. While such an application is pending, the Discovery Material or testimony in question will be treated as Confidential or Attorneys' Eyes Only Discovery Material pursuant to this Order. The burden of establishing that any Discovery Material was properly designated as Confidential or Attorneys' Eyes Only Discovery Material is on the Designating Party. If an Objecting Party seeking to challenge any designation of Discovery Material or testimony as Confidential or Attorneys' Eyes Only fails to object and propose a meet and confer as described in Paragraph 16, then the Objecting Party will

be deemed to have permanently waived its right to challenge the designation of the disputed Discovery Material as Confidential or Attorneys' Eyes Only.

17.      The Parties reserve the right to apply, under Rules 5.2(e) and 26 of the Federal Rules of Civil Procedure and Local Rule 5.1(h), for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Order.

18.      Entering into this Order, or agreeing to or producing or receiving Discovery Material or otherwise complying with the terms of this Order, will not:

    a.      prejudice in any way the rights of any Party to (i) seek production of any documents or information in discovery, or (ii) object to the production of any documents or information on the ground that it is not subject to discovery;

    b.      operate as an admission by any Party that any particular Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material or contains  or reflects trade secrets or any other type of confidential information;

    c.      prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential or Attorneys' Eyes Only Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential or Attorneys' Eyes Only Discovery Material should be subject to the terms of this Order;

    d.      prevent any Producing Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to their designation of any particular Discovery Material;

    e.      prejudice in any way the rights of any Party to object to the relevance,

authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

f.  preclude any Party from objecting to discovery that it believes to be otherwise improper; or

g.  operate as a waiver of any attorney-client, work product, business strategy, trade secret or other privilege.

19.  This Order has no effect upon, and will not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein will prevent a Producing Party from disclosing its own Discovery Material.

20.  If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced by a Producing Party or Parties, such inadvertent production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege.

a.  A claim of inadvertent production will constitute a representation by the Party claiming inadvertent production that the Inadvertent Production Material has been reviewed by an attorney for the Party claiming inadvertent production and that there is a good faith basis for the claim of inadvertent production.

b.  If a claim of inadvertent production is made under this Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material will: (i) refrain from any

further examination or disclosure of the claimed Inadvertent Production Material; and (ii) if requested, promptly make a good faith effort to destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact. Once a claim of inadvertent production is made, no Party may use the Inadvertent Production Material for any purpose until further order of the Court.

c.  The Party claiming inadvertent production and a Receiving Party will follow the same procedure set forth in Paragraphs 15 and 16 for challenging the designation of Inadvertent Production Material; while any motion relating to the Inadvertent Production Material is pending, the Inadvertent Production Material in question will be treated in accordance with Paragraph 7. A Receiving Party may not assert as a ground for challenging privilege the fact of the inadvertent production, nor may it include or otherwise disclose in any filing relating to the challenge, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) unless the Court finds no privilege attaches or was waived.

21.  Nothing herein will be deemed to waive any applicable common law or statutory privilege or work product protection.

22.  In the event additional Parties join or are joined in the Litigation, they will not have access to Confidential or Attorneys' Eyes Only Discovery Material until the newly joined Party by its counsel has executed this Order and filed with the Court its agreement to be fully bound by it.

23.  Subject to the requirements of Rules 5.2(e) and 26 of the Federal Rules of Civil

Procedure and Local Rule 5.1(h), the provisions of this Order will, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 24.

24.     In the event that any Confidential or Attorneys' Eyes Only Discovery Material is used in open court during any court proceeding or filed, marked, or lodged as a trial exhibit, the material will lose its confidential status and become part of the public record, unless the Designating Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

25.     Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Litigation, or any other proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Designating or Producing Party, all persons having received Confidential or Attorneys' Eyes Only Discovery Material will either (i) make a good- faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential or Attorneys' Eyes Only Discovery Material, and certify to that fact in writing to counsel for the Designating or Producing Party. However, counsel for the Parties will be entitled to retain court papers, trial transcripts, and attorney work product containing Confidential or Attorneys' Eyes Only

Discovery Material, provided that such counsel, and employees of such counsel, will maintain the confidentiality thereof and will not disclose such court papers, trial transcripts, or attorney work product containing Confidential or Attorneys' Eyes Only Discovery Material to any person except under a court order or agreement by the Designating and Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

26.     If any person in possession of Confidential or Attorneys' Eyes Only Discovery Material receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential or Attorneys' Eyes Only Discovery Material the person neither produced nor designated (collectively, a "Demand"), the person will give written notice (by hand, email, or facsimile transmission) to counsel for the Designating and Producing Parties within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential or Attorneys' Eyes Only Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential or Attorneys' Eyes Only Discovery Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the Designating Party. Nothing herein will be construed as requiring the person receiving the Demand or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential or Attorneys' Eyes Only Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the person receiving the Demand with any court order directing production under a Demand of any Confidential or Attorneys' Eyes Only Discovery Material will not constitute a violation of this Order.

27.     Absent court order, no person who is not a party to the Litigation who receives Confidential or Attorneys' Eyes Only Discovery Material as permitted under the terms of this Order ("a Non-Party") will reveal any Confidential or Attorneys' Eyes Only Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential or Attorneys' Eyes Only Discovery Material under the terms of this Order. In the event that Confidential or Attorneys' Eyes Only Discovery Material is disclosed to any person other than in the manner authorized by this Order, or that any information comes to the Non-Party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential or Attorneys' Eyes Only Discovery Material, the Non-Party responsible for the disclosure or loss of confidentiality will immediately inform the Designating and Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Non-Party responsible for the disclosure or loss of confidentiality will also make reasonable efforts to prevent disclosure of Confidential or Attorneys' Eyes Only Discovery Material by each unauthorized person who receives the information.

28.     The Parties agree that the production of any Discovery Material by any non-Party is subject to and governed by the terms of this Order.

29.     If a Party violates this Order by releasing, leaking, or otherwise disclosing Confidential or Attorneys' Eyes Only Discovery Material to persons or entities not entitled to such Discovery Material under this Order, the Court will have authority to impose sanctions under Rule 37(b)(2)(A)(i)-(vi).

30.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IT IS SO ORDERED**.

**DATE: March 21, 2024**

_____
HON. MOXILA A. UPADHYAYA
United States Magistrate Judge

**Exhibit A to Protective Order**

***U.S. Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-00040 (CJN)**
***U.S. Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN)**
***U.S. Dominion, Inc., et al. v. Lindell, et al.*, No. 1:21-cv-00445 (CJN)**
***US Dominion Inc., et al v. Byrne*, No. 1:21-cv-02131 (CJN)**
***US Dominion Inc., et al v. Herring Networks, Inc., et al*, No. 1:21-CV-02130 (CJN)**

## <u>UNDERTAKING</u>

I have read the Protective Order of _____, ___, 2023, in this action (the

"Order") and undertake to access and use Discovery Material, Confidential Material, and

Attorneys Eyes Only Material only as the Order permits.


Signed this _____ day of _____, 2023.

_____
[Name]

1

**EXHIBIT B**

***U.S. Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-00040 (CJN)**
***U.S. Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN)**
***U.S. Dominion, Inc., et al. v. Lindell, et al.*, No. 1:21-cv-00445 (CJN)**
***US Dominion Inc., et al v. Byrne*, No. 1:21-cv-02131 (CJN)**
***US Dominion Inc., et al v. Herring Networks, Inc., et al*, No. 1:21-CV-02130 (CJN)**

# ORDER GOVERNING
## <u>PRODUCTION OF SOURCE CODE</u>

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in or may become engaged in discovery proceedings, which include, among other things, taking depositions, answering interrogatories, and producing documents;

WHEREAS, the Court entered an Order Governing the Production and Exchange of Confidential Information, as amended (the "Protective Order"); and

WHEREAS, the Parties to this litigation believe that discovery may include production of computer source code that contains proprietary information that is highly commercially sensitive;

IT IS HEREBY ORDERED, pursuant to Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, that the provisions of this Order shall govern the production and treatment of confidential source code and any documents or testimony containing source code.[2]

1.    **<u>DEFINITIONS</u>**

"HIGHLY CONFIDENTIAL – SOURCE CODE" Discovery Material: sensitive "Confidential Discovery Material" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise

---

[2] Capitalized terms not defined in this Order are defined in the Protective Order and citations to "PO Paragraph" refer to the indicated portion of the Protective Order.

describe in detail the algorithms or structure of software or hardware designs, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

"Receiving Party" is any party who is given access to a Producing Party's HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material.

2.      **<u>PROSECUTION BAR</u>**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" Discovery Material shall not presently be involved in the prosecution of patents or patent applications relating to voting technology, including without limitation the patents at issue in this action and any patent or application claiming priority to or otherwise related to the patents at issue in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office") between the date of first gaining access to the HIGHLY CONFIDENTIAL-SOURCE CODE material until one year after the final termination of this action. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[3] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).

---

[3] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

3.    **PRODUCTION OF SOURCE CODE**

(a)    A Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    "Confidential Discovery Material" designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "ATTORNEYS' EYES ONLY DISCOVERY MATERIAL" information as well as the Prosecution Bar set forth in Section 2, above, and may be disclosed only to the individuals to whom "ATTORNEYS' EYES ONLY DISCOVERY MATERIAL" information may be disclosed, as set forth in PO Paragraph 12, except that material designated 'HIGHLY CONFIDENTIAL-SOURCE CODE' may not be disclosed to the individuals identified in Paragraph 9, subsections (a) and (d), of the Protective Order governing this Litigation.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may arrange for visual monitoring of the activities of the Receiving Party's representatives during any source code review from another room or physical location, but only to ensure that there is no unauthorized recording, copying, or

transmission of the source code.[4]  The Receiving Party's representatives should otherwise be unimpeded during the source code review.

(d)       The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in PO Paragraph 24 whereby the Producing Party is the "Non-Designating Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)       The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall

---

[4] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

be retrieved by the Producing Party at the end of each day and must not be given to or left

with a court reporter or any other unauthorized individual.

**IT IS SO ORDERED.**

**DATE: March 21, 2024**

_____
HON. MOXILA A. UPADHYAYA
United States Magistrate Judge