**EXHIBIT D**

Re: Dominion v. Herring Networks, et al. Our File No: 1MM24 012

## William Haggerty <bill@fwhb.com>

Fri 6/21/2024 11:03 AM

To:Christina Dieckmann <CDieckmann@susmangodfrey.com>
Cc:Katherine Harwood <kharwood@fwhb.com>;Neil@tardifflaw.com <Neil@tardifflaw.com>;Dominion SG Simplelist (dominion@simplelists.susmangodfrey.com) <dominion@simplelists.susmangodfrey.com>

Dear Christina,

      In further response to Dominion's clear position that it will not stipulate to any stay of this civil action against Christina Bobb because of her Arizona criminal indictment, we are forced to bring a motion for stay so that the Court can rule on this issue.  We intend to file our motion on Monday. Nevertheless, I am making a last-ditch effort to meet and confer on our request for a stay on all discovery, including all written demands and deposition notices,  to Ms. Bobb for a reasonable period of 120 days until her criminal case is resolved.  This would also include any outstanding or previously served discovery, including without limitation, plaintiff's first set of requests for production of documents. In consultation with Ms. Bobb's criminal attorney, we have no alternative but to seek this inclusive stay.

      Finally, in further response to your email dated June 6, 2024, you requested authority for the relief Ms. Bobb seeks in seeking a stay of discovery based on her Fifth Amendment rights.  "It is well established that a district court has discretionary authority to stay a civil proceeding pending the outcome of a parallel criminal case when the interests of justice so require."  (Kurd v. Republic of Turkey, 2022 WL 17961245, at *1 (D.D.C. 2022); see also Landis v. North American Co., 288 U.S. 248, 254 (1936) (court has inherent power to control disposition of causes.). This authority allows a court "to stay civil proceedings, postpone civil discovery, or impose protective orders or conditions 'when the interests of justice…require such action.' " (Securities and Exchange Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980) (Dresser) (quoting United States v. Kordel, 397 U.S. 1, 12n. 27 (1970).). This remedy is in accord with federal practice where it has been consistently held that when both civil and criminal proceedings arise out of the same or related transactions, as is the case here, an objecting party is generally entitled to a stay of discovery in the civil action until disposition of the criminal matter.  (See, e.g., Campbell v. Eastland (5th Cir. 1962) 307 F.2d 478, cert Den. 371 U.S. 955; Perry v. McGuire (S.D.N.Y. 1964) 36 F.R.D. 272; Paul Harrigan & Sons, Inc. v. Enterprise Animal Oil Co., Inc. (E.D.Pa. 1953) 14 F.R.D. 333; National Discount Corp. v. Holzbaugh (E.D.MIch. 1952) 13 F.R.D. 236.

      Based on the above, it is our hope that we can reach an agreement to a temporary stay of discovery to Ms. Bobb so that there will not be a conflict with her criminal defense.  Thank you for your cooperation and consideration.

Get Outlook for iOS

---

**From:** Christina Dieckmann <CDieckmann@susmangodfrey.com>
**Sent:** Thursday, June 6, 2024 1:28 PM
**To:** Diana Boyadjian <diana@fwhb.com>
**Cc:** William Haggerty <bill@fwhb.com>; Katherine Harwood <kharwood@fwhb.com>; Neil@tardifflaw.com <Neil@tardifflaw.com>; Dominion SG Simplelist (dominion@simplelists.susmangodfrey.com) <dominion@simplelists.susmangodfrey.com>
**Subject:** RE: Dominion v. Herring Networks, et al. Our File No: 1MM24 012

Mr. Haggerty,

I write in response to your letter dated May 28, 2024. Dominion's understanding from your letter is that—despite the fact that Dominion first served document requests on Ms. Bobb on May 9, 2023—Ms. Bobb does not intend to provide any discovery in response to Dominion's requests for production. Please provide us

with any relevant authority that supports Ms. Bobb's position that this is proper, including, in particular, any authority that a civil litigant may refuse discovery on 5th Amendment grounds.  To be clear: Dominion does not consent to stay proceedings against Ms. Bobb or to sever Ms. Bobb's case.

Absent an order from the Court, with the substantial completion deadline now passed and the end of the fact discovery period fast approaching, it is Dominion's view that discovery from Ms. Bobb must proceed.  Please confirm you will produce documents by June 18, 2024, and provide us with dates for Ms. Bobb's deposition, as Dominion originally requested on March 13, 2024.

In response to your question, Dominion is willing to meet and confer regarding narrowing the scope of certain requests, once we have received confirmation from Ms. Bobb that she will be producing documents.

Sincerely,

Christina M. Dieckmann | Susman Godfrey LLP
One Manhattan West, 50th Flr | New York, NY 10001
212-729-2014 (office) | 617-877-1232 (cell)
cdieckmann@susmangodfrey.com | www.susmangodfrey.com

---

**From:** Diana Boyadjian <diana@fwhb.com>
**Sent:** Tuesday, May 28, 2024 6:20 PM
**To:** Christina Dieckmann <CDieckmann@susmangodfrey.com>
**Cc:** William Haggerty <bill@fwhb.com>; Katherine Harwood <kharwood@fwhb.com>; Neil@tardifflaw.com
**Subject:** Dominion v. Herring Networks, et al. Our File No: 1MM24 012

EXTERNAL Email
Please see attached correspondence.   No hard copy to follow   Thank you  Diana

*Please be advised I am currently working remotely.  Should you need to reach me by phone, please call my cell.  Thank you.*

*Diana Boyadjian*
Legal Secretary to William C. Haggerty
Legal Secretary to Katherine M. Harwood
Legal Secretary to Neil S. Tardiff
Legal Secretary to Joshua S. Dixon
Legal Secretary to Arthur W. Schultz



One World Trade Center, 27th Floor
Long Beach, California 90831
(562) 983-2561 (direct- telephone)
(562) 590-3573 (direct - fax)
(714) 875-4202  (cell)
email:  diana@fwhb.com

**Long Beach *Orange County *San Diego *Corona *San Francisco *Silicon Valley *Sacramento *Nevada**

Ford, Walker, Haggerty & Behar One World Trade Center, 27th Floor Long Beach, California 90831-2700 (562) 983-2500 Fax (562) 983-2555 Las Vegas * Long Beach * Sacramento * San Diego * San Francisco This e-mail (including any

attachments) may contain privileged or confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this e-mail and any attachments and are hereby notified that any disclosure, copying, or distribution of this communication, or the taking of any action based on it, is strictly prohibited. Thank you.