**EXHIBIT E**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION c/o Cogency Global 1025 Vermont Ave, NW, Ste. 1130 Washington, DC 20005, <br><br> Plaintiffs, <br><br> v. <br><br> HERRING NETWORKS, INC. d/b/a ONE AMERICA NEWS NETWORK 101 Constitution Ave., NW Washington, DC 20001, <br><br> CHARLES HERRING 17353 Circa Oriente Rancho Santa Fe, CA 92067 <br><br> ROBERT HERRING, SR. 4289 Rancho Las Brisas Trail San Diego, CA 92130 <br><br> CHANEL RION 3211 Cherry Hill Lane, NW Washington, DC 20007, <br><br> And <br><br> CHRISTINA BOBB 565 Pennsylvania Ave., NW Apt. 803 Washington, DC 20001, <br><br> Defendants. | Case No. 1:21-cv-02130 (CJN) |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Under Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs US Dominion, Inc.,

Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion"), by

and through their undersigned counsel, hereby serve the following Requests for Production of Documents (the "Requests") on Defendants Herring Networks, Inc. d/b/a One America News Network; Charles Herring; Robert Herring, Sr.; Chanel Rion; and Christina Bobb.

Your responses to these Requests should be provided in accordance with the Federal Rules of Civil Procedure, which are fully incorporated herein, and shall be served together with all responsive documents within thirty (30) days of service. All documents requested shall be produced for inspection and copying at the offices of Susman Godfrey LLP, 1000 Louisiana Suite # 5100, Houston, Texas 77002, unless otherwise agreed by the parties.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Request.

1. "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events up to and including OAN's decision not to call the election on November 7, 2020.

2. "ACTION" refers to the case captioned *US Dominion, Inc., et al. v. Herring Networks, Inc., et al.*, Case No. 21-cv-02130 (CJN).

3. "COMPLAINT" means the Complaint filed on August 10, 2021 in this ACTION and any subsequently filed amended complaint.

4. "Communication" or "Communications" means a communication in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and

2

MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications with any entity that employs or is affiliated with Powell, as well as communications with third parties.

5.      "Concerning" means without limitation, containing, reflecting, referring to, discussing, relating to, describing, evidencing, supporting, or constituting.

6.      "DEFAMATORY STATEMENTS" means and refers to the statements in Paragraph 305 of the COMPLAINT filed in this ACTION.

7.      "DEFAMATORY BROADCASTS" means and refers to the broadcasts and complete shows in which any of the DEFAMATORY STATEMENTS appeared.

8.      "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort; electronic mail, either sent or received; file, print, negative, or photograph; sound or video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, or cable; summary, report, or record of any telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act, or activity; projection, work paper or draft; computer output or input; data processing card; opinion

or report of any consultant; request, order, invoice, or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping; press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, check stubs or register, canceled check, deposit slip, charge slip, tax return, or requisition; file, study, graph, or tabulation; and all other writings and recordings of whatever nature, whether signed, unsigned or transcribed, and any other data compilation from which information can be obtained or translated. The term "document" also shall mean: the original and/or any non-identical original or copy, including those with any marginal note or comment or showing additions, deletions, or substitutions; drafts; attachments to or enclosures with any document; and any other documents referred to or incorporated by reference in the document. The term "document" also specifically includes all electronic documents, electronic Communications, and other "electronically stored information" (whether stored electronically or in the form of a hard-copy, print-out, or otherwise) and all attachments thereto.

9.     "DONALD TRUMP" means and refers to the 45th President of the United States.

10.    "DOMINION" means and refers to US Dominion, Inc., and its subsidiaries Dominion Voting Systems, Inc. and Dominion Voting Systems, and any and all representatives or individuals YOU understood to be acting on DOMINION's behalf.

11.    "DOMINION CORRECTIVE CORRESPONDENCE" means and refers to the DOMINION RETRACTION DEMANDS, and any other communications DOMINION sent to any person at OAN about its 2020 PRESIDENTIAL ELECTION coverage.

12.    "DOMINION RETRACTION DEMANDS" means and refers to: (1) the December 18, 2020 Letter from Dominion to OAN Chief Executive Officer Robert Herring, Sr.,

President Charles Herring, and Executive Vice President Bruce Littman; (2) the December 22, 2020 Letter from Dominion to OAN Chief Executive Officer Robert Herring, Sr. and President Charles Herring; (3) the December 29, 2020 Letter from Dominion to OAN's outside counsel Eric P. Early; (4) the February 4, 2021 Letter from Dominion to Eric P. Early; (5) the February 12, 2021 Letter from Dominion to Christina Bobb; (6) the April 16, 2021 Letter from Dominion to Eric P. Early; (7) the May 12, 2021 Letter from Dominion to Eric P. Early; (8) the June 18, 2021 Letter from Dominion to OAN's outside counsel Bernard J. Rhodes; (9) the July 13, 2021 Letter from Dominion to Bernard J. Rhodes; (10) the August 4, 2021 Letter from Dominion to Bernard J. Rhodes; and any other letters from Dominion to You demanding retraction.

13.    "Electronically stored information" or "ESI" refers to any portion of data available on a computer or other device capable of storing electronic data. "Electronically stored information" includes, but is not limited to, e-mail, spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and any other forms of online or offline storage, whether on or off company premises. ESI includes instant messages (such as but not limited to Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, and similar types of messages. ESI includes any records of such communications or messages, including phone records. ESI includes any social media communication (such as but not limited to Twitter, Facebook, Instagram, YouTube,

Exh. D - 005

Parler, Gab, and Periscope), including any direct messages.  For any document kept in electronic form, the term "document" includes any metadata associated with the document.

14.    "MY PILLOW, INC." means and refers to the pillow manufacturing company founded in 2009 by Michael Lindell and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on MY PILLOW, INC.'s behalf.

15.    "OAN" means and refers to Herring Networks, Inc., d/b/a One America News Network, and its past or present subsidiaries, affiliates, attorneys, agents, representatives, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including OAN's websites, OAN's social media accounts, and OAN's other digital platforms and subscription services. It also specifically includes any employee or officer or Board member of OAN, and any affiliate or subsidiary of OAN involved with the production, broadcasting, hiring, or airing of programs or material at OAN, including but not limited to Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb.

16.    "OAN ACCUSED PROGRAMS" means and refers to "Absolute 9-0 with Mike Lindell," "Absolute Interference with Mike Lindell," "Absolute Proof with Mike Lindell," *Breaking News Live with Patrick Hussion*, "Christina Bobb Interviews Rudy Giuliani," "Dominion Exec: Trump Is Not Going To Win, I Made F***ing Sure Of It," "Dominion-izing the Vote," *In Focus with Stephanie Hammill*, "Mathematician: Election Numbers Don't Add Up," "Mike Lindell Tackles Election Fraud," *OAN Evening News with Shane Althaus*, *OAN News 8am with Stephanie Myers*, "One-on-One With Mike Lindell," "Powell: Election Fraud Now Obvious Because Pres. Trump's Landslide Victory Broke Dominion 'Vote-Switch' Algorithm," *Real America with Dan Ball*, "REPORT: DOMINION DELETED 2.7M TRUMP

VOTES NATIONWIDE," "Scientific Proof with Mike Lindell," *The Real Story with Natalie Harp*, *The Tipping Point*, and *The Weekly Briefing with Christina Bobb*.

17.     "OAN DIGITAL" means and refers to any OAN websites, including but not limited to OANN.com, and OAN content aired on any digital media platforms, including but not limited to YouTube, Facebook, Twitter, Instagram, and KlowdTV.

18.     "OAN EMPLOYEES" means and refers to any Person who is employed by, contracted by, or works in any capacity for OAN, regardless of whether that Person is employed by or has a contract with OAN or any of its affiliated or related entities.

19.     "OAN ON-AIR PERSONALITIES" means and refers to Shane Althaus, Dan Ball, Stephen Bannon, Christina Bobb, Mike Dinow, Emily Finn, Stephanie Hammill, Natalie Harp, Patrick Hussion, Stephanie Myers, Chanel Rion, and Pearson Sharp.

20.     "OAN PROGRAMS" means and refers to any programming on OAN, including but not limited to the OAN ACCUSED PROGRAMS and all OAN programs referenced in the COMPLAINT.

21.     "OAN SOCIAL MEDIA" means and refers to the Twitter, Facebook, YouTube, and Instagram accounts operated by Newsmax, including but not limited to the Twitter accounts @OANN, @ChanelRion, @christina_bobb, @RobHerring, @CharlesPHerring, and @DanNewsManBall, and OAN's YouTube and Rumble accounts.

22.     "OTHER NEWS ORGANIZATIONS" means and refers to any organization that provides news or reports on current events through mass media, whether print, television, radio, podcast, or any other form of print, broadcast, or Internet media, including but not limited to the Fox News Channel, the Wall Street Journal, ABC News, and Newsmax, and any and all news organizations and publications referenced in the COMPLAINT.

Exh. D - 007

23. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

24. "TRUMP ADMINISTRATION" means and refers to DONALD TRUMP, and/or (1) any of his agents, staff members, appointees, employees, campaign, campaign employees, advisors, attorneys, and family members, and (2) government agents, government staff members, government appointees, government employees, government advisors, and government attorneys while DONALD TRUMP served in his capacity as President of the United States.

25. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neutral form shall include every gender.

26. "VOICES AND VOTES" means and refers to Voices and Votes, including any officers, directors, employees, agents, or others purporting to work on behalf of Voices and Votes.

27. "You" and "Your" means OAN, and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on OAN's behalf, including but not limited to Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb.

## **INSTRUCTIONS**

1. The Requests set forth below are continuing in nature. If, after responding, YOU obtain or become aware of any additional Documents responsive to these Requests, production of such additional Documents shall be made forthwith as required by Rule 34 of the Federal

Exh. D – 008

Rules of Civil Procedure.

      2.      Each Request herein requires the production of all responsive Documents in the possession, custody, or control of YOU, or of any of YOUR respective attorneys, agents and any other persons acting or purporting to act on behalf of any of them, or of any other Person from whom YOU have the right to obtain Documents, whether in hard-copy or electronic form or in any other form or from any other source, wherever located and however managed, and whether active, in storage, or otherwise.

      3.      Each Document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever.

      4.      All Documents are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific Requests set forth below.

      5.      If a Request seeks the identification or production of Documents that are not within YOUR actual or constructive possession, custody or control, YOU shall so state and shall answer the Request based on the best information presently available. If YOU have knowledge or belief as to other Persons who have possession, custody or control of such Documents, YOU shall so identify, to the extent known and based on the best information presently available, such Persons.

      6.      If any Documents requested herein are withheld under claim of privilege or are not produced for whatever reason, YOU are requested at the time of responding to these Requests to separately state in writing and with specificity for each Document withheld from production (i) the claim of privilege or other reason asserted for withholding each such Document, and (ii) all information supporting the claim of privilege or other reason for withholding asserted as to each such Document, including without limitation the type or nature

of the Document withheld (e.g., letter, memorandum, email, etc.), its author and all recipients (including any and all addressees and Persons to whom the Document was copied or blind copied, as well as Persons to whom the Document was distributed or given or shown though not reflected on the Document as a recipient), the date of the Document, and a description of the substance of the Document, all in a manner sufficient to allow each Document to be described to the Court in order for the Court to rule on the claim of privilege or other reason asserted for withholding it from production. YOU are further requested to provide all requested information that is not subject to a claim of privilege, or other reason for nonproduction, by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

7.      Where there exists a good faith doubt as to the meaning or intended scope of a discovery request, and your sole objection would be to its vagueness or ambiguity, you are asked to contact Dominion's counsel in advance of asserting an objection. Dominion's counsel will provide whatever additional clarification or explanation may be needed.

8.      Each of these definitions and instructions shall be fully applicable to each Request, notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular Request or that a particular Request may incorporate supplemental instructions or definitions.

9.      ESI shall be produced in black and white single-page TIFF images at not less than 300 dpi resolution, along with associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing the fields required by this protocol. Each TIFF image must convey all the information the document contains, disclosing all track changes, hidden content,

notes, and any hidden slides, rows or columns, subject to any redactions. For ESI that does not contain redactions, the producing party shall produce an extracted text file for each electronic document where text can be extracted, and an optical character recognition ("OCR") text file for each imaged paper document and each electronic document for which text cannot be extracted. For documents that contain redactions, the producing party shall provide an OCR text file for the unredacted portions of such documents.

10.     Excel files, and audio and video files, shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning Bates Number of the file, associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing the fields required by Paragraph 10. YOU shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

11.     Non-Responsive family members must be produced together with the Responsive Family Members. In instances where YOU do not assert a privilege with respect to the entire family of documents, the producing party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the center of the page, with any branding of the documents as confidential on the bottom left, and the bates number on the bottom right of the page. Each slipsheet should be re-OCR'd at time of production to remove any extracted text.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Exh. D - 011

All Documents and Communications concerning DOMINION. There is no time limit for this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning OAN's coverage of the 2020 PRESIDENTIAL ELECTION, coverage of allegations of election fraud, or coverage of election fraud, including but not limited to OAN's decision not to call the election on November 7, 2020 or thereafter. This Request includes Documents and Communications concerning the actual or potential effect of any such coverage on OAN's viewership, advertising, and ratings, or on OAN's financial health. There is no time limit for this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and Communications concerning every mention of DOMINION on OAN (whether on any OAN PROGRAM, any OAN SOCIAL MEDIA platform, any OAN DIGITAL media platform, or otherwise) between November 1, 2018 and the present, including concerning Persons at OAN who were involved in any way with coverage of DOMINION between November 1, 2018 and the present, including those who investigated, wrote, edited, or produced segments on any OAN television programming discussing DOMINION, and those who managed or supervised the OAN ON-AIR PERSONALITIES and/or any other OAN employee or contributor involved in any coverage of DOMINION, and those who managed, reported, or produced programming that decided not to report about DOMINION or decided not to report inaccuracies about DOMINION, and any comments or opinions about OAN's coverage of Dominion by anyone at OAN.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show any and all employment agreements and/or contracts in effect for, and compensation paid to the following individuals from 2016 to the present: Shane Althaus, Dan

Exh. D - 012

Ball, Stephen Bannon, Christina Bobb, Mike Dinow, Emily Finn, Stephanie Hammill, Natalie Harp, Charles Herring, Robert Herring, Sr., Patrick Hussion, Stephanie Myers, Chanel Rion, and Pearson Sharp.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Communications concerning job performance of the OAN ON-AIR PERSONALITIES from November 1, 2018 to the present, including but not limited to performance reviews, discussions of promotions, raises, demotions, pay increases or decreases or any other changes in employment status.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications with or concerning Michael Lindell or MY PILLOW, INC., and any agreements or draft agreements with Michael Lindell or MY PILLOW, INC., from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications with or concerning Rudolph Giuliani, and any agreements or draft agreements with Rudolph Giuliani, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications with or concerning Sidney Powell, and any agreements or draft agreements with Sidney Powell, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications with or concerning Patrick Byrne, and any agreements or draft agreements with Patrick Byrne, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 10:**

Exh. D - 013

All Documents and Communications with or concerning Ron Watkins, and any agreements or draft agreements with Ron Watkins, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications with or concerning Edward Solomon, and any agreements or draft agreements with Edward Solomon, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications with or concerning Joe Oltmann, and any agreements or draft agreements with Joe Oltmann, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications with or concerning Russell Ramsland, and any agreements or draft agreements with Russell Ramsland, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications with or concerning Phil Waldron, and any agreements or draft agreements with Phil Waldron, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications with or concerning Matthew DePerno, and any agreements or draft agreements with Matthew DePerno, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications with or concerning Dr. Shiva Ayyadurai, and any agreements or draft agreements with Dr. Shiva Ayyadurai, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications with or concerning Mary Fanning, and any agreements or draft agreements with Mary Fanning, from January 1, 2018 to the Present.

Exh. D - 014

**REQUEST FOR PRODUCTION NO. 18**:

All Documents and Communications with or concerning Gen. Thomas McInerney, and any agreements or draft agreements with Gen. Thomas McInerney, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 19**:

All Documents and Communications with or concerning Douglas Frank, and any agreements or draft agreements with Douglas Frank, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 20**:

Documents sufficient to show all appearances by Michael Lindell on OAN, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 21**:

Documents sufficient to show all appearances by Rudolph Giuliani on OAN, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 22**:

Documents sufficient to show all appearances by Sidney Powell on OAN, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 23**:

Documents sufficient to show all appearances by Patrick Byrne on OAN, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 24**:

Documents sufficient to show all appearances by Ron Watkins on OAN, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 25**:

Exh. D - 015

Documents sufficient to show all appearances by Edward Solomon on OAN, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show all appearances by Joe Oltmann on OAN, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show all appearances by Russell Ramsland on OAN, from January 1, 2018 to the Present.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning the movies "Dominion-izing the Vote," "Absolutely 9-0," "Absolute Proof," "Absolute Interference," and "Scientific Proof," and any other videos concerning DOMINION, the 2020 PRESIDENTIAL ELECTION, or election fraud. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Documents and Communications concerning MY PILLOW, INC. advertising on any OAN platform and Documents sufficient to show all advertising revenue paid to OAN for airing or otherwise placing MY PILLOW, INC. ads on any OAN platform, including a breakdown of such revenue on a monthly basis, detail regarding total volume of such ads (under each of the metrics OAN uses to measure ad volume), on which platforms and (where applicable) which specific programs the ads were placed or aired, and what percentage of OAN's overall advertising revenue MY PILLOW, INC. accounted for over time. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 30:**

16

Documents sufficient to show communications between OAN and the TRUMP ADMINISTRATION, including but not limited to call logs, from January 1, 2020 to the present.

**REQUEST FOR PRODUCTION NO. 31:**

Documents and Communications between Christina Bobb, Donald Trump, and the TRUMP ADMINISTRATION, including but not limited to call logs, from January 1, 2020 to the present. This request includes all Documents and Communications related to Christina Bobb's role as advisor or consultant to the Trump Campaign or Trump Legal Team, whether that role was formal or informal in nature.

**REQUEST FOR PRODUCTION NO. 32:**

Documents and Communications between Charles Herring, Robert Herring, Sr., Chanel Rion, Donald Trump, and the TRUMP ADMINISTRATION, including but not limited to call logs, from January 1, 2020 to the present.

**REQUEST FOR PRODUCTION NO. 33:**

Documents and Communications concerning the TRUMP ADMINISTRATION's response to OAN's coverage of the 2020 PRESIDENTIAL ELECTION, including Tweets from DONALD TRUMP about OAN's coverage of the 2020 PRESIDENTIAL ELECTION. This Request includes Documents and Communications concerning the actual or potential effect of any such response on OAN's viewership, advertising, and ratings, or on OAN's financial health. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 34:**

Documents and Communications concerning any Tweets about OAN from @DonaldTrump,@realDonaldTrump, or any other Twitter handle used by DONALD TRUMP between November 1, 2020 to present, including Documents and Communications concerning the

actual or potential effect of any such Tweets on OAN's viewership, advertising, and ratings, or on OAN's financial health.

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications concerning positive responses of third parties other than the TRUMP ADMINISTRATION to OAN's coverage of the 2020 PRESIDENTIAL ELECTION, including Documents and Communications concerning the actual or potential effect of any such responses on OAN's viewership, advertising, and ratings, or on OAN's financial health. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Documents and Communications concerning competition with Fox News, Newsmax, and all OTHER NEWS ORGANIZATIONS related to OAN's coverage of the 2020 PRESIDENTIAL ELECTION, including Documents and Communications concerning the actual or potential effect of any such competition on OAN's viewership, advertising, and ratings, or on OAN's financial health. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to show the Persons responsible for creating, researching, writing, editing, verifying, or approving the content of OAN SOCIAL MEDIA from January 1, 2020 to the present.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications concerning recordings and transcripts of any OAN PROGRAMS mentioning DOMINION, including but not limited to any live speeches, interviews, "Director's Cut" or other alternative versions of OAN PROGRAMS mentioning DOMINION, and all Documents and Communications including quotes from and other references to OAN PROGRAMS mentioning DOMINION.

Exh. D - 018

**REQUEST FOR PRODUCTION NO. 39:**

Documents and Communications concerning all research or background prepared in advance of any OAN PROGRAMS concerning DOMINION.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show the reporting and oversight structure for each of the OAN ON-AIR PERSONALITIES from January 1, 2020 to the present.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to show OAN's corporate governance structure from January 1, 2020 to the present. This Request includes the corporate governance structure of Herring Networks, Inc.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show each Person responsible for creating, researching, writing, editing, verifying, or approving the content of the OAN ACCUSED PROGRAMS including the OAN DEFAMATORY STATEMENTS from January 1, 2020 to the present.

**REQUEST FOR PRODUCTION NO. 43:**

Documents and Communications concerning appearances by Donald Trump, Rudolph Giuliani, Sidney Powell, Michael Lindell, Patrick Byrne, Russell Ramsland, Joe Oltmann, Edward Solomon, and Ron Watkins on OAN PROGRAMS between November 1, 2020 and the present, including any drafts, scripts, background materials, notes, treatments, guest packets, or other programming-related Documents, and any Documents or Communications concerning ratings associated with the broadcasts of these appearances.

**REQUEST FOR PRODUCTION NO. 44:**

Documents and Communications concerning evidence or lack thereof that DOMINION deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION

or any other election, including all sources for such evidence, and including statements from the Trump Administration Cybersecurity & Infrastructure Security Agency, the Trump Administration Election Assistance Commission, the Michigan Secretary of State, the Georgia Secretary of State, the Maricopa County Board of Supervisors, then-United States Attorney General William Barr, Sean Spicer, Chris Christie, any election security expert, and DOMINION. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 45:**

Documents and Communications concerning the alleged disappearance of President Trump's early voting leads in the 2020 PRESIDENTIAL ELECTION. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 46:**

Documents and Communications concerning the connection or lack thereof between Smartmatic and DOMINION. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 47:**

Documents and Communications concerning the DOMINION CORRECTIVE CORRESPONDENCE. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 48:**

Documents and Communications concerning ratings and viewership of OAN PROGRAMS, OAN SOCIAL MEDIA, and OAN DIGITAL from January 1, 2020 to the Present.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show ratings and viewership of OAN PROGRAMS, OAN SOCIAL MEDIA, and OAN DIGITAL from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 50:**

Exh. D - 020

Documents and Communications concerning OTHER NEWS ORGANIZATIONS' coverage of allegations that voting systems (including DOMINION) deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION, including any retractions issued regarding coverage about purported election fraud. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Documents and Communications concerning the OAN PROGRAMS' reporting regarding mail-in voting in the 2020 PRESIDENTIAL ELECTION. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 52:**

Documents that YOU contend support, establish, demonstrate, or show that the DEFAMATORY STATEMENTS are substantially true, accurate, not misleading, and/or not defamatory. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Documents and Communications concerning any investigations undertaken by OAN relating to DOMINION, THE 2020 PRESIDENTIAL ELECTION, or voter fraud. There is no time limit on this request.

**REQUEST FOR PRODUCTION NO. 54:**

Documents and Communications concerning OAN's policies regarding journalistic standards, journalistic ethics, journalistic integrity, fact-checking, guest appearances, internal review processes, investigation of stories, and responses to retraction requests between 2018 and the present.

**REQUEST FOR PRODUCTION NO. 55:**

Documents on which you intend to rely at any hearing or trial of this ACTION. There is no time limit on this Request.

Exh. D - 021

**REQUEST FOR PRODUCTION NO. 56:**

Documents obtained (now or in the future) by YOU pursuant to any subpoena or discovery relating to this ACTION. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Communications produced in any subpoena, public information request, lawsuit, arbitration, or other proceeding concerning DOMINION or Smartmatic.

**REQUEST FOR PRODUCTION NO. 58:**

Documents and Communications concerning DOMINION provided to OAN by any OAN ON-AIR PERSONALITIES, the TRUMP ADMINISTRATION, Rudolph Giuliani, Sidney Powell, Michael Lindell, Patrick Byrne, Russell Ramsland, Joe Oltmann, Edward Solomon, Ron Watkins, any source, or any of their counsel. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents referenced in, identified by, responsive to, or relied upon in preparing Your Answer, Your Responses to Plaintiff's Interrogatories to You, and/or Your Responses to any other discovery requests, including but not limited to a 30(b)(6) request. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Any agreement under which an insurance business or other Person or entity may be liable to satisfy all or part of a judgment in the ACTION or to indemnify or reimburse for payments made to satisfy a judgment in the ACTION.

**REQUEST FOR PRODUCTION NO. 61:**

Any joint defense or similar agreement between You and any other party or non-party to the ACTION concerning the ACTION.

Exh. D – 022

**REQUEST FOR PRODUCTION NO. 62:**

All Documents concerning any policy regarding Document or data retention and/or preservation that OAN adopted, implemented, or followed, including but not limited to any policy concerning Document or data retention and/or preservation adopted in response to document preservation requests from DOMINION or its counsel.

**REQUEST FOR PRODUCTION NO. 63:**

Documents and Communications concerning any OAN social media policies or guidelines between 2016 and the present.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Communications concerning Eric Coomer from January 1, 2018 to the Present, including any Documents and Communications relating to settlements of lawsuits between Eric Coomer and OTHER NEWS ORGANIZATIONS.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents and Communications produced in response to any subpoena, public information request, lawsuit, arbitration, or other proceeding concerning Eric Coomer. There is no time limit on this Request.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and Communications with or concerning Doug Logan or CyberNinjas from January 1, 2018 to the Present, and any agreements or draft agreements with Doug Logan or CyberNinjas.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications regarding any fundraising efforts undertaken by OAN, Christina Bobb, or Chanel Rion on behalf of, or for the benefit of, VOICES AND VOTES, or any efforts related to any CyberNinjas' audit relating to the 2020 PRESIDENTIAL ELECTION.

**REQUEST FOR PRODUCTION NO. 68:**

All financial records, Documents, and Communications sufficient to show the dates and amounts of all monies received or collected by OAN, Christina Bobb, or Chanel Rion in connection with VOICES AND VOTES, from January 1, 2020 to the Present.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications with or concerning any PERSON who donated or contributed money to VOICES AND VOTES between January 1, 2020 and the Present.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications sufficient to show all monies received or collected by OAN, Christina Bobb, or Chanel Rion to support any efforts to investigate or challenge DOMINION voting machines and technology or the results of the 2020 PRESIDENTIAL ELECTION from January 1, 2020 to the Present.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications with or concerning any member of the Arizona State Senate, including but not limited to Karen Fann, from January 1, 2020 to the Present.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications with or concerning any member of the Arizona Republican Party, including but not limited to Kelli Ward, from January 1, 2020 to the Present.

**REQUEST FOR PRODUCTION NO. 73:**

Exh. D - 024

All Documents and Communications concerning the disclaimer posted at the beginning of any OAN ACCUSED PROGRAM. There is no time limit for this request.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents and Communications concerning any story for which either Robert Herring, Sr. or Charles Herring had editorial control. There is no time limit for this request.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents and Communications that contain a reference to "H Story." There is no time limit for this request.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Communications concerning any editorial meetings from November 1, 2020 through August 10, 2021, including but not limited to notes, meeting minutes, calendar entries, and calendar invitations.

Dated: May 9, 2023

Respectfully submitted,

/s/ *Stephen Shackelford, Jr.*

Thomas A. Clare, P.C. (D.C. Bar No. 461964)

Laranda Walker (D.C. Bar No. TX0028)  Megan L. Meier (D.C. Bar No. 985553)
Mary K. Sammons (D.C. Bar No. TX0030)  Dustin A. Pusch (D.C. Bar No. 1015069)
**SUSMAN GODFREY L.L.P.**  **CLARE LOCKE LLP**
1000 Louisiana St., Suite 5100  10 Prince Street
Houston, TX 77002  Alexandria, VA 22314
Tel: (713) 651-9366  (202) 628-7400
Fax: (713) 654-6666  tom@clarelocke.com
lwalker@susmangodfrey.com  megan@clarelocke.com
ksammons@susmangodfrey.com  dustin@clarelocke.com

Stephen Shackelford, Jr.  Rodney Smolla (Bar No. 6327)
(D.C. Bar No. NY0443)  164 Chelsea Street
Eve Levin (D.C. Bar No. 1672808)  South Royalton, VT 05068
**SUSMAN GODFREY L.L.P.**  (864) 373-3882
1301 Avenue of the Americas, 32nd Fl.  rodsmolla@gmail.com
New York, NY 10019

Exh. D - 025

Tel: (212) 336-8330
sshackelford@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Katherine Peaslee (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 516-3880
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiffs-Counter Defendants*

Exh. D - 026

## <u>CERTIFICATE OF SERVICE</u>

I, Eve Levin, hereby certify that on May 9, 2023, true and correct copies of Plaintiffs'

First Set of Requests for Production were served via email on counsel of record for every party in

*US Dominion, Inc., et al. v. Herring Networks, Inc., et al.*, Case No. 21-cv-02130 (CJN).

*/s/ Eve Levin*
Eve Levin (D.C. Bar No. 1672808)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd
Floor
New York, NY 10019
(212) 336-8335
ELevin@susmangodfrey.com

Exh. D – 027