UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., *et al.,*

　*Plaintiffs*,

v.

HERRING NETWORKS, INC. *et al.,*

　*Defendants.*

No. 21-cv-02130-CJN-MAU

**ORDER REGARDING DEFENDANTS' MOTION FOR RULE 37(e) SANCTIONS**

　　Before the Court is Defendants Herring Networks, Inc. d/b/a One America News Network, Charles Herring, and Robert Herring, Sr. ("OAN")'s Motion for Rule 37(e) Sanctions for Plaintiffs' Failure to Preserve Relevant Electronically Stored Information ("Motion"). ECF No. 228-1. For the reasons set forth below, it is hereby **ORDERED** that the Motion is **DENIED AS MOOT** without prejudice to OAN's right to raise its claim for attorneys' fees.

　　On March 7, 2025, OAN filed its Motion. *Id.* OAN seeks sanctions against Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion"), for spoliation of electronically stored information ("ESI") in the form of Salesforce and messaging data. *Id.* The Motion was fully briefed on April 4, 2025. *See id.*; ECF Nos. 233-1; 234-1.

　　On May 29, 2025, the Court heard oral argument. By the end of the four-hour hearing, two issues became clear. *First*, the Court did not have the information it needed to rule on the Motion because of new developments about the missing data. Specifically, the Parties updated the Court that new Signal messages had been discovered and produced. ECF No. 236 at 14:3–14. This raised additional questions about preservation efforts regarding ESI. Additionally, the Court learned that Dominion needed to make corrections and updates to some of its Salesforce numbers.

1

*Id.* at 88:9–91:17. *Second*, the Parties were amenable to engaging in further discussion to resolve the issues that OAN had raised in its Motion. *Id.* at 134:20–135:11. At the conclusion of the hearing, the Court adopted the Parties' proposal to meet and confer the following week on potential measures that might cure and/or mitigate any prejudice to OAN. *Id.* at 141:20–144:11; *see also* Minute Order (May 29, 2025).

On June 5, 2025, the Parties filed a Joint Status Report in which they stated they had reached a partial resolution of OAN's Motion. ECF No. 238. Dominion agreed to remove five claimed loss jurisdictions from its damages claim. *Id.* at 1–2. Additionally, the Parties agreed to work together to draft permissive adverse jury instructions regarding the missing ESI for five other jurisdictions. *Id.* at 2. If the Parties did not agree on the instructions, they would submit competing proposals to the Court. *Id.* Finally, the Parties stated they were not able to resolve OAN's request for attorneys' fees.

On June 6, 2025, the Court held a status conference to discuss the Parties' agreement.

For the reasons stated on the record at the June 6, 2025 status conference, it is hereby,

**ORDERED** that the Parties shall continue to meet and confer in good faith to resolve the dispute over OAN's attorneys' fees claim. The Parties shall submit a joint status report to update the Court on their discussions no later than **6:00 PM on June 20, 2025**; and it is,

**FURTHER ORDERED** that the Parties shall submit their proposed stipulated adverse jury instructions no later than **6:00 PM on June 20, 2025**. In the event that the Parties do not reach an agreement, the Parties shall instead submit their competing instructions with letter briefs no longer than two pages. These submissions should be combined into one filing; and it is,

3

**FURTHER ORDERED** that the Parties' Motions for Leave to File Under Seal (ECF Nos. 228, 233, 234, and 239) are **GRANTED**. The exhibits attached to each Motion shall be deemed filed and sealed; and it is,

**FURTHER ORDERED** that Defendants' Motion for Rule 37(e) Sanctions for Plaintiffs' Failure to Preserve Relevant Electronically Stored Information (ECF No. 228-1) is **DENIED AS MOOT** without prejudice to OAN's right to raise its claim for attorneys' fees.

**SO ORDERED.**

Date:   June 10, 2025

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE