**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., *et al.,*<br><br>          *Plaintiffs*,<br><br>     v.<br><br>HERRING NETWORKS, INC. *et al.,*<br><br>          *Defendants.* | Civil Action No. 1:21-cv-02130 (CJN) |

**JOINT STATUS REPORT**

Pursuant to the Court's June 10, 2025 Order Regarding Defendant's Motion for Rule 37(e) Sanctions ("the Order"), Plaintiffs U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") and Defendants Herring Networks, Inc. d/b/a One America News Network, Charles Herring, and Robert Herring, Sr., ("OAN") (herein collectively "the Parties"), hereby submit this Joint Status Report.

As ordered by the Court, counsel have continued to meet and confer regarding submission of an agreed permissive adverse jury instruction and OAN's request for attorneys' fees. The Parties have reached substantial agreement on the jury instruction, with the exception of the words highlighted on Exhibit A. The Parties' letter briefs as to the disputed language are attached and limited to two pages each, per the Court's Order.

The Parties were not able to reach agreement as to OAN's request for attorneys' fees. The Parties therefore ask that the Court set a briefing schedule and argument on OAN's request.

1

Dated: June 20, 2025                    Respectfully submitted,

                                        */s/   Mary K. Sammons*_____
                                        Laranda Walker (D.C. Bar No. TX0028)
                                        Mary K. Sammons (D.C. Bar No. TX0030)
                                        Jonathan Ross (D.C. Bar No. TX0027)
                                        Elizabeth Hadaway (*Admitted pro hac vice*
                                        **SUSMAN GODFREY L.L.P.**
                                        1000 Louisiana St., Suite 5100
                                        Houston, TX 77002
                                        Tel: (713) 651-9366
                                        Fax: (713) 654-6666
                                        lwalker@susmangodfrey.com
                                        ksammons@susmangodfrey.com
                                        jross@susmangodfrey.com
                                        ehadaway@susmangodfrey.com

                                        Stephen Shackelford, Jr.
                                        (D.C. Bar No. NY0443)
                                        Eve Levin (D.C. Bar No. 1672808)
                                        Mark Hatch-Miller (*Admitted pro hac vice*)
                                        Christina Dieckmann (*Admitted pro hac vice*)
                                        **SUSMAN GODFREY L.L.P.**
                                        1301 Avenue of the Americas, 32nd Fl.
                                        New York, NY 10019
                                        Tel: (212) 336-8330
                                        sshackelford@susmangodfrey.com
                                        elevin@susmangodfrey.com
                                        mhatch-miller@susmangodfrey.com
                                        cdieckmann@susmangodfrey.com
                                        Davida Brook (D.C. Bar No. CA00117)
                                        **SUSMAN GODFREY L.L.P.**
                                        1900 Avenue of the Stars, Suite 1400
                                        Los Angeles, CA 90067
                                        Tel: (310) 789-3100
                                        dbrook@susmangodfrey.com

                                        Edgar Sargent (*Admitted pro hac vice*)
                                        Katherine Peaslee (*Admitted pro hac vice*)
                                        **SUSMAN GODFREY L.L.P.**
                                        401 Union Street, Suite 3000
                                        Seattle, WA 98101
                                        Tel: (206) 516-3880

esargent@susmangodfrey.com
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiffs*

By: */s/ Charles L Babcock*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
/s/ R. Trent McCotter

R. Trent McCotter
D.C. BAR NO. 1011329
800 Connecticut Ave. NW, #900
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on this 20th day of June 2025, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.


                                */s/ R. Trent McCotter*
                                R. Trent McCotter

# EXHIBIT A

## <u>DRAFT CURATIVE JURY INSTRUCTION</u>

You have heard evidence that Dominion failed to preserve certain electronic communications that it had a duty to preserve. Specifically, you have heard that Dominion failed to preserve text messages from the cell phone of Vice-President of Government Affairs Kay Stimson from September 1, 2020 to August 31, 2021 and failed to preserve a Signal conversation between Kay Stimson and Dominion Chief Executive Officer John Poulos beginning January 25, 2021. You have also heard evidence of the reasons Dominion have given for not producing these messages.

If based upon your consideration of all the facts and circumstances in this case you find that Dominion destroyed or failed to preserve these text or Signal messages, and that they did so with the intent to deprive OAN of the use of these text or Signal messages in the litigation, then you are permitted, but not required, to infer that this lost information would have been unfavorable to Dominion.

Separately, you have heard evidence that Dominion may have failed to preserve information in a text field on its Salesforce database that it had a duty to preserve titled Closed Lost/Withdrew Reason for the following opportunities: Cape May County, NJ, Hunterdon County, NJ, State of Louisiana, Monmouth County, NJ, and Morris County, NJ.

If based upon your consideration of all the facts and circumstances in this case you find that Dominion destroyed or failed to preserve these sales records, and that they did so with the intent to deprive OAN of the use of these sales records in the litigation, then you are permitted, but not required, to infer that these lost sales records would have been unfavorable to Dominion.

# LETTER BRIEFS

**Jackson Walker LLP**

John Edwards
(713) 752-4319 (Direct Dial)
(713) 308-4117 (Direct Fax)
jedwards@jw.com

June 20, 2025

**<u>Via Email</u>**

The Honorable Moxila A. Upadhyaya
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

Re:    *US Dominion, Inc., et al. v Herring Networks, Inc., et al.*, 1:21-cv-02130-CJN-MAU

Dear Judge Upadhyaya:

The parties have largely agreed on the language of a jury instruction as a curative measure to address, in part, the failure to preserve relevant information brought to the Court's attention in OAN's Motion for Rule 37(e) Spoliation Sanctions ("Motion"). But in one paragraph of the otherwise agreed instruction concerning Salesforce data, Dominion proposes language that not only deviates from the language of the first paragraph concerning text messages, but more importantly, mischaracterizes the developed record and what OAN's evidence will show at trial. Below is the paragraph at issue (Dominion's proposed additional words are bolded/underlined):

> Separately, you have heard evidence that Dominion **<u>may have</u>** failed to preserve information in a text field on its Salesforce database that it had a duty to preserve titled Closed Lost/Withdrew Reason for the following opportunities: Cape May County, NJ, Hunterdon County, NJ, State of Louisiana, Monmouth County, NJ, and Morris County, NJ.

Insertion of the qualifying words "may have" is not appropriate. OAN *will* present evidence that Dominion failed to preserve certain Salesforce data that it was required to preserve. That is the entire purpose of the curative instruction. Dominion's proposal is an attempt to downplay the seriousness of this issue and what the evidence will show at trial – and what the developed record already shows: Dominion took *no* steps, reasonable or otherwise, to preserve relevant Salesforce information concerning the listed jurisdictions.

OAN contends, based on the record presented, that the failure to preserve meets at least the standards of Rule 37(e)(1) but also the "intent to deprive" standard under Rule 37(e)(2). As the Court knows, Dominion issued two litigation hold notices in early 2021, telling its employees to preserve electronic information (expressly including databases), then began altering data and preserving some data but not all. Dominion did nothing to ensure compliance with the hold notices or its own internal policy of preservation while knowing that information was being lost. *See Doe*

June 20, 2025
Page 2

---

*v. District of Columbia*, No. 1:19-CV-01173, 2023 WL 3558038, at *14 (D.D.C. Feb. 14, 2023) (Nichols, J.) (party that offered "no evidence of preservation efforts beyond the partial distribution of litigation hold notices" had "failed to fulfill its obligations by a long shot"); *Freeman v. Giuliani*, 691 F. Supp. 3d 32, 55 (D.D.C. 2023) (bare allegations that defendant "turn[ed] off auto-delete at some time" were "insufficient to comply with his Rule 37(e) obligations").

OAN has been prejudiced by the inability to show the jury what information was originally contained in the mandatory text field when the field was created for these opportunities and any changes to that information for periods ranging from ***five*** to ***nine*** months.[1] The earliest snapshot of information produced by Dominion does ***not*** capture ***any*** prior text, original or changed, so Dominion's argument that later snapshots mirrored earlier ones is of no moment. Depositions of Dominion witnesses years later is no substitute for contemporaneous records, nor are third-party depositions a suitable proxy for party information.

In response to OAN's Motion, Dominion did not dispute it had a duty to preserve, and Dominion could not possibly have doubted that the information would be relevant in this litigation as reflected in the record, including its own Initial Disclosures. There are other facts in this record, some of which are undisputed, regarding the duty to preserve, failure to preserve, and circumstances under which an inference of requisite intent can be derived, and the jury should be allowed to draw reasonable inferences from those facts. OAN's proposal that the jury will – not just "may" – hear evidence that certain information was not preserved is both accurate and warranted under Rule 37(e).

It is important to note that the rest of the agreed language permits the jury to consider Dominion's own arguments and evidence in making its determinations. But adding Dominion's proposed language will eviscerate the curative nature of the instruction, creating a substantial risk of misleading the jury. That is not a compromise OAN can accept.

OAN requests approval of the jury instruction without Dominion's added verbiage, and any findings the Court deems necessary in support of the instruction given Dominion's objection (including, but not limited to, a finding that Dominion had a duty to preserve and that duty was not satisfied, leaving it to the jury to determine Dominion's state of mind).

Sincerely,

*John K. Edwards*

John K. Edwards
Counsel for the Herring Parties

---

[1] "The rule does not place a burden of proving or disproving prejudice on one party or the other," leaving "judges with discretion to determine how best to assess prejudice in particular cases." Advisory Committee Note, Rule 37(e).

SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 5100

1000 LOUISIANA STREET

HOUSTON, TEXAS 77002-5096

(713) 651-9366

FAX (713) 654-6666

WWW.SUSMANGODFREY.COM

---

| SUITE 1400 | SUITE 3000 | ONE MANHATTAN WEST |
| 1900 AVENUE OF THE STARS | 401 UNION STREET | NEW YORK, NEW YORK 10001-8602 |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 | (212) 336-8330 |
| (310) 789-3100 | (206) 516-3880 | |

MARY KATHRYN SAMMONS
DIRECT DIAL (713) 653-7864

E-MAIL KSAMMONS@SUSMANGODFREY.COM

June 20, 2025

The Honorable Moxila A. Upadhyaya
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

Re:     *US Dominion, Inc., et al. v Herring Networks, Inc., et al.*, 1:21-cv-02130-CJN-MAU

Your Honor:

The first two paragraphs of the Party's joint stipulation address spoliation as it relates to Signal and Text messages. Those paragraphs are agreed. The third and fourth paragraphs address Salesforce data. Dominion's proposed instruction concerning OAN's Rule 37(e)(1) claim as to Salesforce includes the language in red:

> Separately, you have heard evidence that Dominion may have failed to preserve information in a text field on its Salesforce database that it had a duty to preserve titled Closed Lost/Withdrew Reason for the following opportunities: [list of 5 jurisdictions].

OAN's instruction eliminates those two words. The dispute is therefore whether OAN is entitled to an instruction as to Salesforce data that assumes a violation of Rule 37(e)(1) or whether that is a question for the jury. Dominion maintains it is a question for the jury.

A violation of Rule 37(e)(1) requires proof that information was lost, and that a party was prejudiced by the loss. The jury should be allowed to hear evidence to answer those questions. The circumstances of each jurisdiction are the same.

For each jurisdiction, the Stage was set to "Withdrew" on a specific date. (*See* below) On that date, the salesperson wrote something in the Closed Lost/Withdrew Reason field. The Salesforce system does not automatically generate an "original" email when the Stage is set to Withdrew, so none ever existed. Instead, the text of the field was captured in snapshots taken at various points in time. For each of the five jurisdictions, ***the text of the field remained the same in each snapshot.***

| Opportunity And Exhibit 109 Slide Reference | Date Set to Withdrew | Earliest Snapshot | Last Snapshot | Additional Snapshots in Between | Consistent Text from Snapshot to Snapshot |
|---|---|---|---|---|---|
| Cape May County, NJ (0064U00000mIRFR) (SLIDE 195) | 12/15/2021 | 05/18/2022 | 10/31/2024 | 5 | Loss to ES&S on a county wide implementation – feedback I received was due to our struggles in the media stemming from the 2020 General Election |
| Hunterdon County, NJ (0064U00000maio9) (SLIDE 199) | 12/15/21 | 05/18/2022 | 10/31/2024 | 5 | County went with ES&S county wide due to our troubles in the media stemming from the 2020 General Election |
| Monmouth County, NJ (0064U00000mIRZJ) (SLIDE 201) | 08/19/21 | 05/18/2022. | 10/31/2024 | 5 | ES&S |
| Morris County, NJ (0064U00000mShDM) (SLIDE 202) | 08/19/21 | 05/18/2022. | 10/31/2024 | 5 | EV Only |
| State of Louisiana (0064U00000mH8cB) (SLIDE 204) | 06/08/2022 | 11/30/2022 | 10/31/2024 | 4 | Customer is going to new "type" of system |

For 4 jurisdictions, the text stayed the same over 2 years and 6 months (*i.e.*, to the end of discovery). For 1 jurisdiction, the text stayed the same for 1 year and 11 months (*i.e.,* to the end of discovery). Nevertheless, OAN claims the absence of a record for some period of months *before* the earliest snapshot means the text might have been different then. This "absence" supposedly prejudices OAN's ability to prove why the opportunity was "Withdrawn." OAN offers no basis for that assumption, which is inconsistent with the deposition testimony of the salesperson responsible for New Jersey (4 of the 5 jurisdictions). (Exhibit 109, SLIDE 32)

But Salesforce data is not the only discovery OAN has. Each of the five jurisdictions produced documents and/or an affidavit concerning its decision not to purchase the equipment. OAN deposed each of the five jurisdictions and asked for their reasons. It also deposed the Dominion employees responsible for the five opportunities.

The Committee Notes on Rule 37(e) make clear, "An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." And even if prejudice exists, measures taken to deal with that prejudice can be "no greater than necessary to cure" the prejudice. The "authority to order measures no greater than necessary to cure prejudice does not require the court to adopt measures to cure every possible prejudicial effect." Among the available measures is "permitting the parties to present evidence and argument to the jury regarding the loss of information," and "giving the jury instructions to assist in its evaluation of such evidence or argument." That is what Dominion's language does. By assuming a violation of Fed. R. Civ. P. 37(e)(1), OAN's language assumes hypothetical information was lost, assumes OAN was prejudiced from the loss, and assumes an instruction that the loss occurred is "no greater than" what is necessary to cure the assumed prejudice.

Sincerely yours,


**SUSMAN GODFREY L.L.P.**

/s/ *Mary Kathryn Sammons*
Mary Kathryn Sammons
D.C. Bar No. TX0030
ksammons@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 653-9366
Facsimile:  (713) 654-6666

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com


Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
George El-Khoury *(Admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
gel-khoury@susmangodfrey.com


Counsel of Record