IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-02130-CJN-MAU |

**OAN'S APPLICATION FOR RECOVERY OF
REASONABLE AND NECESSARY ATTORNEYS' FEES**

Defendants Herring Network, Inc. d/b/a One America News Network, Charles Herring, and Robert Herring, Sr. (collectively, "OAN") file this Application for Recovery of Reasonable and Necessary Attorneys' Fees ("Application") associated with OAN's Motion for Rule 37(e) Sanctions for Plaintiffs' Failure to Preserve Relevant Electronically Stored Information ("Motion") (Dkt. 228).

The Court issued its order regarding the Motion on June 10, 2026, which denied the Motion as moot without prejudice to OAN's right to raise its claim for attorneys' fees. (Dkt. 241). In that order, the Court noted missing information and recent Signal messages that had been discovered and produced by Plaintiffs, which "raised additional questions about Dominion's preservation efforts regarding ESI." (*Id*. at 1). The Court further noted that Plaintiffs "needed to make corrections and updates to some of its Salesforce numbers." (*Id*.). After further meet and confers as ordered, the parties updated the Court with a Joint Status Report filed on June 20, 2025. (Dkt. 246).

The parties have requested that the Court set a briefing schedule and hearing on OAN's request for an award of attorneys' fees associated with the Motion. (Dkt. 246). This Application is filed now so the Court will have a record for review when briefs are filed.

There is evidence before the Court that Plaintiffs U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") failed to preserve relevant Salesforce data and text/chat messages between executives when (a) it had a duty of preservation, (b) obligations under that duty were not fulfilled, (c) preservation failures were a result of an intent to deprive OAN of the information (or, at a minimum, were grossly negligent), and (d) OAN was prejudiced. The Motion was successful for purposes of Fed. R. Civ. P. 37(e), resulting in a permissive adverse jury instruction and removal of claims by Dominion, which would not have occurred absent filing of the Motion given the positions taken by Dominion during prior meet and confers, in response to the Motion, and at the prior hearing.

OAN incurred hundreds of thousands of dollars in attorneys' fees and related expenses to address the harm it suffered as explained in the Motion, supporting record, and during argument at the May 29, 2025 motion hearing. Yet, OAN seeks recovery of a very conservative amount of the fees actually incurred associated with the Motion.

As supported by the Declaration of John K. Edwards (Exhibit A) and the billing records attached thereto, the attorneys' fees incurred and requested by OAN in presenting the Motion are reasonable, necessary, and in accordance with the standards of practice in the United States District Court for the District of Columbia. Using the Lodestar method – multiplying the reasonable hours billed (319.1 hours) by the applicable rate for each attorney/staff – OAN seeks recovery of $162,080.75 in reasonable and necessary attorneys' fees from Dominion. *See* Exhibit A and Exhibit B.

After briefing and hearing, OAN respectfully request that the Court grant this Application for Recovery of Reasonable and Necessary Attorneys' Fees and award OAN their reasonable and necessary attorneys' fees incurred in the amount of $162,080.75. OAN further prays the Court grant such other and further relief to which they may show themselves to be justly, whether at law or in equity.

Dated: July 1, 2025

By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John. K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
Christina M. Vitale
(admitted *pro hac vice*)
Gabriela Barake
(admitted *pro hac vice*)
Victoria C. Emery
(admitted *pro hac vice*)
Shannon M. Wright
(admitted *pro hac vice*)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com
cvitale@jw.com
gbarake@jw.com
temery@jw.com
swright@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

Joshua A. Romero
(admitted *pro hac vice*)
Sean F. Gallagher
(admitted *pro hac vice*)
100 Congress Avenue, Suite 1100
Austin, TX 78701
Tel: (512) 236-2000
Fax: (512) 391-2131
jromero@jw.com
sgallagher@jw.com

*/s/ R. Trent McCotter*
R. Trent McCotter

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. Bar No. 1011329
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of July 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

                                                   */s/ R. Trent McCotter*
                                                   R. Trent McCotter