IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-02130-CJN-MAU |

**OAN'S RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE CORRECTIONS**

Defendants Herring Networks, Inc. d/b/a One America News Network, Charles Herring, and Robert Herring, Sr., (collectively, "OAN") file this Response to Plaintiffs' Motion for Leave to File Corrections, as follows:

1. Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, "Dominion") seek leave to file seven "corrected" summary judgment exhibits and a new exhibit, and to correct eight typographical errors in its summary judgment motion filed on June 13, 2025 ("MSJ," Dkt. 255). Dominion waited 49 days after filing its MSJ to seek leave to amend, and only did so *after* OAN filed its opposition brief. Apart from the corrected or new exhibits, OAN has no issue with some of the typographical corrections, but others are substantive in nature.

2. Dominion has unduly delayed seeking leave, and its motion should be denied. Alternatively, OAN should be granted an opportunity to amend its opposition filings (brief and evidentiary record) to substantively respond to the new evidence.

**Background**

3. On June 13, 2025, OAN and Dominion each filed their respective MSJs (Dkt. 242 and Dkt. 244) on the deadline set by this Court on November 12, 2024. The record included hundreds of exhibits for both sides.

4. On July 18, 2025, more than one month after the MSJs had been docketed, the parties filed their respective summary judgment responses (Dkt. 250 and Dkt. 251). This deadline was also established by the Court on November 12, 2024.

5. On August 1, 2025, which is 49 days after Dominion filed its MSJ and 14 days after OAN responded, Dominion sought leave to amend the summary judgment record by adding new exhibits and adding references to exhibits that were not previously filed.[1] For reasons discussed below, OAN does not object to some of these amendments but, to others, does oppose the changes as untimely and prejudicial.

**Argument**

6. Below are the exhibits Dominion seeks to add and/or correct, and OAN's specific response to each.

| Corrected Exhibit | OAN Response |
| --- | --- |
| Ex. 1 (Declaration of John Poulos) | OAN does not object to this correction, which serves only to remove extra cover sheets. |

---

[1] On July 24, 2025, Dominion's counsel indicated they were going to only file a "notice" of correction. OAN opposed such a filing because some proposed corrections were substantive in nature and included adding new evidence to the summary judgment record.

| **Corrected Exhibit** | **OAN Response** |
|---|---|
| Ex. 28 (Deposition of Chanel Rion) | OAN objects that this exhibit was not timely included in the summary judgment record. A citation to information merely disclosed in discovery, but not included in the summary judgment record, is insufficient and fails to comply with Fed. R. Civ. P. 56 and L.R. 7. Because it was not part of the summary judgment record, OAN did not make a substantive response. Dominion seeks to add this exhibit when OAN did not have the opportunity to substantively respond and/or object to its admissibility and contents. |
| Ex. 75 (January 6 Report) | OAN objects that this exhibit was not timely included in the summary judgment record. A citation to information merely disclosed in discovery, but not included in the summary judgment record, is insufficient and fails to comply with Fed. R. Civ. P. 56 and L.R. 7. Because it was not part of the summary judgment record, OAN did not make a substantive response. Dominion seeks to add this exhibit when OAN did not have the opportunity to substantively respond and/or object to its admissibility and contents. |
| Ex. 168 (Dominion-izing the Vote Video) | OAN does not object to this correction, which serves to add information timely included in the record by OAN. |
| Ex. 169 (Dominion-izing the Vote Transcript) | OAN does not object to this correction, which serves to add information timely included in the record by OAN. |
| Ex. 191 (Scientific Proof Transcript) | OAN does not object to this correction, which serves to add information timely included in the record by OAN. |
| Ex. 192 (Email to Brandon Gadow) | OAN objects that this exhibit was not timely included in the summary judgment record. A citation to information merely disclosed in discovery, but not included in the summary judgment record, is insufficient and fails to comply with Fed. R. Civ. P. 56 and L.R. 7. Because it was not part of the summary judgment record, OAN did not make a substantive response. Dominion seeks to add this exhibit when OAN did not have the opportunity to substantively respond and/or object to its admissibility and contents. |
| Ex. 412 (OAN Answers to Interrogatories) | OAN does not object to this correction, which serves to add information timely included in the record by OAN. |

7. In addition to adding exhibits it did not timely include, Dominion seeks to make several "typographical" corrections, but at least two of these edits should be rejected because the corrections make substantive changes to the summary judgment record.

8. *First*, Plaintiffs purport to make a correction to Paragraph 242 of its Statement of Material Facts Not in Dispute ("SMF"). However, this is not simply a typographic correction to fix a digit or two; rather, Dominion has added a new exhibit reference. The original language did not sufficiently identify the document Dominion was relying on and whether it was included in the summary judgment record. OAN did not make a substantive response, in part because it was not able to confirm the intended document Dominion was relying upon. Dominion now wants to add an exhibit reference, which would be unfair and prejudicial to OAN because it did not have the opportunity to respond in its opposition filing or objections.

9. *Second*, Dominion also seeks to correct Paragraph 296(b) of its SMF, where it has changed a reference to an exhibit it seeks to add to the record (Exhibit 28). OAN objects to this "correction" because this information was not in the summary judgment record at the time OAN filed its response and thus had no opportunity to respond or object, making it unfair and prejudicial to OAN to permit it now.

10. OAN does not object to the remaining typographical corrections, which are truly non-substantive or are otherwise related to facts not contested by OAN.

11. While Dominion notes the generally low standard for granting a motion for leave, it offers no analysis applied to the facts here, nor does it explain its failure to file a complete, accurate record by the Court's deadline (other than to say they were "inadvertent errors") (Dkt. 255 at 3). Nor does Dominion address why it allowed 49 days to pass between the Court's filing deadline and the time it sought leave to amend the record. Allowing OAN to file its response, and

then continuing to wait two weeks later to request "corrections," is undue delay that warrants denial of the motion for leave.

12. Dominion alleges that OAN cannot possibly have been prejudiced because "all corrected exhibits were accessible" before and after the summary judgment filings. But Dominion cites no law in support of this unpersuasive argument. Unless information is made part of the record, it is not to be considered for summary judgment. L.R. 7; Fed. R. Civ. P. 56. Thus, whether OAN had access to a document in discovery is irrelevant if it is not included in the summary judgment record, which deprives OAN of the opportunity to timely and fully respond. It is Dominion's burden to file a complete and accurate record. Fed. R. Civ. P. 56.

13. If the Court is inclined to allow Dominion's requested changes to the record, OAN requests that it be permitted 14 days from the date of the Court's order to file any supplemental briefing (limited to 2 pages, excluding case caption, signature blocks, etc.), objections, and/or evidence to address only the changes permitted to avoid prejudice.

By: /s/ R. Trent McCotter

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John. K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
Christina M. Vitale
(admitted *pro hac vice*)
Gabriela Barake
(admitted *pro hac vice*)
Victoria C. Emery
(admitted *pro hac vice*)
Shannon M. Wright

(admitted *pro hac vice*)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com
cvitale@jw.com
gbarake@jw.com
temery@jw.com
swright@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

Joshua A. Romero
(admitted *pro hac vice*)
Sean F. Gallagher
(admitted *pro hac vice*)
100 Congress Avenue, Suite 1100
Austin, TX 78701
Tel: (512) 236-2000
Fax: (512) 391-2131
jromero@jw.com
sgallagher@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. Bar No. 1011329
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

 /s/ R. Trent McCotter
R. Trent McCotter